UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ALARIC STONE**, **ERIC JACKSON**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard, <br><br> Defendants. | Case No.   4:22-cv-825-P |

### PLAINTIFFS' MOTIONS TO CERTIFY CLASS, TO APPOINT CLASS COUNSEL, AND FOR CLASS-WIDE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Federal Rules of Civil Procedure 23 and 65, Plaintiffs Alaric Stone, Eric Jackson, and Michael Marcenelle (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby move **(1)** to certify a class (the "Class"), under Rule 23(b)(2), consisting of all members of the United States Coast Guard who (a) are subject to a mandate of the Department of Defense, Department of Homeland Security, or Coast Guard to receive a COVID-19 vaccine, (b) submitted a request for religious accommodation regarding such mandate based on a sincerely held religious belief, and (c) have received or will receive a purported final denial of such request from the Department of Defense, Department of Homeland Security, or Coast Guard; **(2)** for appointment of Plaintiffs' counsel as Class counsel, under Rule

1

23(g); and **(3)** for entry of a Class-wide temporary restraining order (TRO) and preliminary injunction, under Rule 65, restraining and enjoining Defendants and their agents, employees, and successors in office, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with certain COVID-19 vaccine mandates—including Department of Defense's August 24, 2021 Order and the Coast Guard's August 2021 Order, Coast Guard ALCOAST 305/21, Coast Guard ALCOAST 315/21, and Coast Guard ALCOAST 270/22 (collectively, the "Mandates")—against Plaintiffs or any member of the Class,[1] and enjoining Defendants and their agents, employees, and successors in office, and all other persons in active concert or participation with them, from taking any adverse action against Plaintiffs or any member of the Class on the basis of this lawsuit or of any Plaintiff's or Class member's request for religious accommodation related to the Mandates.[2]

The Class's circumstances in this case are substantially similar to those in *Navy SEALs 1-26 v. Austin*, No. 4:21-cv-0126-O, 2022 WL 1025144 (N.D. Tex. March 28, 2022), in which this Court issued a class-wide preliminary injunction against the military and in favor of religious service members objecting to the military's COVID-19 vaccine mandate, except this case involves the Coast Guard instead of the Navy. The Court should grant class-wide relief here for similar reasons:

**1.** The Court should certify the Class because the Class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Class, Plaintiffs'

---

[1] The Class includes Plaintiffs.

[2] Plaintiffs, on behalf of themselves and all others similarly situated, also seek relief as to Defendants' violations of the Administrative Procedure Act. *See* Class Action Complaint, Count III and Count IV. The present motions do not seek relief as to these claims. Plaintiffs reserve the right to pursue such relief in the future if and as appropriate.

2

claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately protect the interest of the Class. Fed. R. Civ. P. 23(a)(1)-(4). Defendants have acted or refused to act on grounds that apply generally to the Class, so that a temporary restraining order and preliminary and final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole. Fed. R. Civ. P. 23(b)(2).

**2.** The Court should appoint Plaintiffs' counsel as Class counsel because they are qualified to and will diligently prosecute this action and will fairly and adequately represent the interests of the Class.

**3.** The Court should enter a Class-wide injunction because the Class is likely to succeed on the merits of its Religious Freedom Restoration Act (RFRA) and First Amendment claims, because, by policy, the Coast Guard—like the Navy—has granted zero requests for religious accommodation regarding the military's COVID-19 vaccine mandates (other than for those already slated for separation or retirement), while granting exemption requests for secular reasons; the 1,200+ Class members face irreparable harm in the absence of an injunction; the balance of hardships weighs in the Class's favor; and a Class-wide injunction would not be adverse to the public interest.

Plaintiffs rely on and incorporate the Memorandum in Support of the present motions and documents in support including declarations and exhibits thereto and Plaintiffs' proposed order, all filed simultaneously herewith.

Plaintiffs would consent to a partial stay of the Class-wide restraining order and injunction in part, insofar and only insofar as they preclude the Coast Guard from considering Plaintiffs' and Class members' vaccination status in making deployment, assignment, and other operational decisions. *See Austin v. Navy Seals 1-26*, 142 S. Ct. 1301 (2022).

WHEREFORE, Plaintiffs request that the Court enter an order (1) certifying a Class consisting of all members of the United States Coast Guard who (a) are subject to a mandate of the Department of Defense, Department of Homeland Security, or Coast Guard to receive a COVID-19 vaccine, (b) submitted a request for religious accommodation regarding such mandate based on a sincerely held religious belief, and (c) have received or will receive a purported final denial of such request from the Department of Defense, Department of Homeland Security, or Coast Guard; (2) appointing Plaintiffs' counsel as Class counsel; (4) restraining and enjoining Defendants and their agents, employees, and successors in office, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the Mandates against Plaintiffs or any member of the Class, and restraining and enjoining Defendants and their agents, employees, and successors in office, and all other persons in active concert or participation with them, from taking any adverse action against Plaintiffs or any member of the Class on the basis of this lawsuit or of any Plaintiff's or Class member's request for religious accommodation related to the Mandates; and (5) granting Plaintiffs and the Class such other and further relief as the Court deems just and proper.

Dated: September 16, 2022

Respectfully submitted,

/s/ Charles W. Fillmore

| | |
|---|---|
| Stephen Crampton* <br> THOMAS MORE SOCIETY – Senior Counsel <br> PO Box 4506 <br> Tupelo, MS 38803 <br> (662)255-9439 <br> scrampton@thomasmoresociety.org | Charles W. Fillmore <br> State Bar # 00785861 <br> H. Dustin Fillmore III <br> State Bar # 06996010 <br> THE FILLMORE LAW FIRM, L.L.P. <br> 201 Main Street, Suite 700 <br> Fort Worth, TX 76102 <br> (817)332-2351 <br> chad@fillmorefirm.com <br> dusty@fillmorefirm.com |

Stephen Crampton*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael McHale*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

\* *pro hac vice* applications forthcoming

*Counsel for Plaintiffs*

5

## CERTIFICATE OF CONFERENCE

These motions are opposed. A telephone conference was held on September 16, 2022, Plaintiffs' counsel Adam Hochschild and Assistant U.S. Attorney Brian Stoltz conferred, and Mr. Stoltz stated that Defendants would oppose the motions.

/s/ Charles W. Fillmore
Charles W. Fillmore
*Counsel for Plaintiffs*