UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ALARIC STONE, ERIC JACKSON**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard,<br><br>Defendants. | Case No. |

### DECLARATION OF PAUL M. JONNA
### IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

I, Paul M. Jonna, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am over the age of eighteen and am competent to make this declaration.

2. I am submitting this declaration in support of Plaintiffs' Motion for Class Certification.

3. I am one of Plaintiffs' attorneys in this case.

4. I am a lawyer licensed to practice in the State of California, the United States District Courts for the Southern, Central, Eastern, and Northern Districts of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

5. Since 2016, I have been a named partner in the California law firm of LiMandri & Jonna LLP, and I have worked with Charles LiMandri since 2013. We represent corporate and individual clients in the areas of complex business, securities, and real estate litigation, and we have a very successful First Amendment and Religious Freedom Restoration Act (RFRA) practice. Our firm successfully defended Establishment Clause challenges to the Mt. Soledad War Memorial from 2004 to 2016, in serial actions in both state and federal court. *See, e.g., Paulson v. Abdelnour*, 145 Cal. App. 4th 400 (2006); *San Diegans for Mt. Soledad Nat. War Memorial v. Paulson*, 548 U.S. 1301 (2006) (Kennedy, J., in chambers). In that same time frame, we were involved in RFRA challenges to the Affordable Care Act's mandate that religious nonprofits provide health insurance to their employees covering contraception and abortifacients. *Priests for Life v. Sebelius*, No. 12–CV–753 (FB) (E.D.N.Y. Apr. 12, 2013).

6. More recently, in 2018, we obtained the first judicial ruling nationwide that a wedding professional's First Amendment rights excused her from participating in wedding ceremonies violative of her conscience. *D.F.E.H. v. Miller*, No. BCV-17-102855, 2018 WL 747835 (Cal. Super. Feb. 5, 2018). In 2020, we obtained the first two judicial rulings holding that California's lockdown of Churches violated Free Exercise principles. *County of Los Angeles v. Grace Community Church of the Valley*, No. 20STCV30695, 2020 WL 5553662 (Cal. Super. Aug. 14, 2020) (denying TRO to California to prohibit indoor worship services); *Burfitt v. Newsom*, No. BCV-20-102267, 2021 WL 2152961 (Cal. Super. Dec. 10, 2020) (enjoining California from prohibiting indoor worship services). Both of these rulings were called into question by orders of the California Court of Appeal until those appellate orders become moot in 2021 when we obtained a similar ruling from the U.S. Supreme Court. *South Bay United*

*Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021). I argued the *South Bay* case at the District Court level three times.

7. Prior to 2013, I was an associate at the national law firm of Gordon & Rees, where I represented a broad range of clients, including major Fortune 500 companies, small and large businesses, and leading national and international insurers in complex commercial litigation and class actions in state and federal courts throughout California.

8. In my career I have represented clients in dozens of class actions, including plaintiffs in many of them.

9. Prior to joining Gordon & Rees, I was an associate at Bernstein Litowitz Berger & Grossmann, where I represented plaintiff institutional investors in complex litigation and securities class actions, including, for example, *Public Employees Ret. Sys. of Mississippi v. Merrill Lynch & Co.*, No. 08 Civ. 10841 (JSR) (S.D.N.Y. Jun. 16, 2011) ($315 million recovery); *In re Wells Fargo Mortgage Pass-Through Certificate Litigation*, No. 09-CV-1376-LHK (PSG) (N.D. Cal. Nov. 14, 2011) ($125 million); and *In re AXA Rosenberg Investor Litigation*, No. CV 11-00536 JSW (N.D. Cal. Mar. 26, 2012) ($65 million).

10. Since 2019, our firm has served as Special Counsel for the Thomas More Society to represent pro bono clients in high-profile, complex constitutional cases throughout the country. The Thomas More Society is a not-for-profit, national public interest law firm dedicated to restoring respect in law for life, family, and religious liberty. The Thomas More Society provides pro bono legal representation to plaintiffs and defendants involved in complex civil rights and constitutional litigation in state and federal courts nationwide.

11. The Thomas More Society has taken a leading role in litigation challenging vaccine mandates across the country. For example, Thomas More Society attorneys, including

Michael McHale, who is one of Plaintiff's attorneys of record in this case, won an injunction against the State of New York's mandate for health care workers before being overturned by a panel of the Second Circuit, *Dr. A. v. Hochul*, No. 1:21-CV-1009, 2021 WL 4734404 (N.D.N.Y. Oct. 12, 2021), *reversal noted by Dr. A v. Hochul*, 142 S. Ct. 552 (2021) (Gorsuch, J., dissenting from denial of application). And Thomas More Society attorneys, including myself, succeeded in delaying the vaccine mandate imposed by the San Diego Unified School District in *Doe v. San Diego Unified Sch. Dist.*, __ S. Ct. __, 2022 WL 498812 (Feb. 18, 2022) (denying application without prejudice due to cessation of mandate).

12. The Thomas More Society is an entire law firm of specialists in the laws applicable in this case, including RFRA and the First Amendment. In February 2022, for example, our team won a preliminary injunction barring the Air Force from forcing an officer to retire for declining to receive a COVID-19 vaccination. *Air Force Officer v. Austin*, No. 5:22-cv-00009-TES, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022). After entry of the preliminary injunction in that case, we expended considerable effort adding and fully briefing similar claims on behalf of a proposed Air Force-wide class. (That case is currently stayed pending resolution of a related Air Force class-action case in which the District Court granted class-wide relief.) We are fully prepared to prosecute this similar matter on behalf of the proposed class.

13. I understand the nature and magnitude of the expenses involved in litigating class action lawsuits and, as attorneys associated with the Thomas More Society, counsel have sufficient resources to vigorously prosecute this action.

Dated this 15th day of September 2022.

_____
Paul M. Jonna