| | | | |
|---|---|---|---|
| U.S. Department of<br>Homeland Security<br><br>**United States<br>Coast Guard** |  | Commandant<br>United States Coast Guard | 2703 Martin Luther King Jr. Ave. S.E.<br>Washington, DC 20593-7907<br>Staff Symbol: CG-133 |

6230

**MEMORANDUM**

JAN 1 9 2022

From: A. W. Williams, CAPT   /s/ CAPT
COMDT (CG-133)

Reply to
Attn of:

To: A. B. Stone, ENS
CGC JAMES (WMSL 754)

Subj: REQUEST FOR RELIGIOUS ACCOMMODATION FROM THE COAST GUARD'S COVID-19 VACCINATION MANDATE

Ref: (a) Your memo 6320 of 22 SEP 21
(b) ALCOAST 305/21 R 262212Z AUG 21
(c) ALCOAST 315/21 R 072247Z SEP 21
(d) Military Religious Accommodations, COMDTINST M1000.15 (series)
(e) Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases, COMDTINST M6230.4 (series)
(f) 42 U.S.C. §§ 2000bb et seq., Religious Freedom Restoration Act of 1993 (RFRA)
(g) U.S. Coast Guard Civil Rights Manual, COMDTINST M5350.4 (series)

1. Reference (a) is your request that the Coast Guard accommodate a religious practice so that you will not be required to receive the COVID-19 vaccine, as required by references (b) and (c). I am the adjudication authority for religious accommodation requests pursuant to reference (d). I have carefully reviewed your request in accordance with references (d)-(f). **Your request is denied.**

2. I made this decision after considering your right to free exercise of your religion or religious beliefs and the government's compelling interest in mission accomplishment, to include military readiness; unit cohesion; good order and discipline; and the health and safety of you, the members assigned to your unit and within the Coast Guard, and the public with whom the Coast Guard regularly interacts. I then considered whether requiring you to receive the COVID-19 vaccine is the least restrictive means available to achieve this compelling interest. It was your burden to establish the religious nature and sincerity of your beliefs and that receiving the vaccine would substantially burden your religious belief or practice. For the purpose of this administrative decision, I do not question the sincerity of your religious belief or whether vaccine requirements substantially burden your religious practice. The Coast Guard reserves the opportunity to make these determinations, but I do not need to address them here to resolve your request.

3. I have concluded that there are no lesser restrictive means available other than vaccination to achieve the compelling government interest here. In assessing your request, I considered that the Coast Guard is a military service that must be ready at all times to perform its military and other missions. The military nature of the Coast Guard and the readiness obligations of military service would likely suffice to require vaccination. In addition, the Coast Guard is unique amongst the military services because of the nature of its missions that include support of the

Subj: REQUEST FOR RELIGIOUS ACCOMMODATION FROM THE     6230
COAST GUARD'S COVID-19 VACCINATION MANDATE

Department of Defense (DoD), homeland security, and non-homeland security missions, specified in law. The Coast Guard's unique nature is relevant when considering whether there are less restrictive means available to achieve the compelling government interest here. In addition to meeting the military readiness demands confronting the DoD military services, the Coast Guard also conducts its missions on a 24 hours/7 days a week basis and must also be prepared to respond to domestic emergencies. Given the small size of the Coast Guard's work force and geographic dispersion of its units, many of which are small, any impact on the readiness of one Coast Guard unit has cascading effects on the entire Coast Guard. The service is not structured to have multiple layers of coverage that would allow another unit to fill the void left by the impacted unit. Moreover, we need as many members as possible, regardless of rating or assignment, to be prepared to deploy without significant notice to meet emergent needs. Further, Coast Guard members have much greater and more frequent interactions with members of the public than our DoD counterparts. The Coast Guard's eleven statutory missions require Coast Guard personnel to work at times amongst and with the public, and the Coast Guard has an obligation to ensure the safety of both its own personnel as well as those in the communities we serve or with whom we otherwise interact.

4. I also considered that you are assigned to an operational billet. In your current assignment to CGC JAMES, your duties require inport and underway watchstanding, unit training, and other frequent interactions with crewmembers in smaller, enclosed spaces that do not afford the opportunity to consistently social distance in accordance with the Center for Disease Control's recommended guidelines. In addition, you and your shipmates are required to continuously cohabitate the cutter for extended periods of time with limited berthing, dining, and work space options available for distancing. The diverse and unpredictable nature of your unit's underway operations include interactions with commercial and recreational mariners, migrants and detainees, foreign and domestic port visits, and limited access to advanced medical care while at-sea or while operating in remote locations, which increases the health risks for you and your shipmates.

    a. Social distancing measures such as isolation, quarantine, and telework are inadequate to mitigate the spread of COVID-19 throughout your unit and the public because of the operational nature of your billet. As a member assigned to an operational unit, you are unable to accomplish your daily missions while in isolation, in quarantine, or at home. Your assignment requires your daily physical presence, which renders teleworking without unacceptable loss of mission effectiveness, impossible. The close working quarters of your unit prevents the Coast Guard from isolating or quarantining you away from your shipmates. Moreover, the close working quarters renders social distancing impracticable as you are unable to remain six feet away from your shipmates throughout the day.

    b. Other safety and risk mitigation measures such as masking are also inadequate due to the nature of your billet. Wearing masks, washing hands, and practicing other hygienic techniques do not provide the same level of protection against COVID-19 as full vaccination. Relying solely upon these less effective means of protection poses a greater risk to the mission because you are significantly more vulnerable to contracting COVID-19 while interacting with the public. The inefficacy of preventative hygiene and masking means your failure to be vaccinated poses a substantial risk to your shipmates and the members of the public we are charged with protecting or with whom we interact.

    c. Testing is insufficient to mitigate the risk of COVID-19 due to inaccuracy of rapid antigen tests and the window of time necessary to receive the results of a positive COVID-19 test. By the time you receive your results, there is a high likelihood you would have already exposed other members of the Coast Guard and the public.

2

Subj: REQUEST FOR RELIGIOUS ACCOMMODATION FROM THE     6230
COAST GUARD'S COVID-19 VACCINATION MANDATE

5. Ultimately, unvaccinated Coast Guard members place not only themselves at risk, but also hold at risk every other member in the unit and the public. Your inability to practice social distancing at your unit and the ineffectiveness of other preventative safety measures pose a substantial risk of you contracting or spreading COVID-19. This in turn decreases the military readiness of the unit and the Coast Guard as a whole. You must be medically ready and able to perform your duties for your unit to function effectively.

6. I therefore find that there are no means less restrictive than full vaccination to achieve the Coast Guard's compelling governmental interest because of the conditions under which the Coast Guard executes its missions and your role within that execution. **Your request for a religious accommodation to the Coast Guard's COVID-19 vaccine mandate is denied.**

7. You have 10 business days after receipt of this decision to receive your first dose of a two-dose vaccine or the single dose of a single-dose vaccine.

8. If you wish to appeal this decision, you must do so within 10 business days after receipt of this decision. The appeal authority for this matter is the Assistant Commandant for Human Resources (CG-1) at HQSPolicyandStandards@uscg.mil. The appeal must include the specific basis on which you believe the initial denial was in error.

9. You have the right to file an Equal Opportunity complaint by contacting a Civil Rights Service Provider within 45 calendar days of any denial. For complaint processing, see Chapter 5 of Reference (g).

10. If you do not begin the COVID-19 regimen or submit an appeal within 10 business days after the receipt of this decision, you will be in violation of the lawful order in reference (c), as well as any other order that you received from competent authority to become vaccinated against COVID-19, and will be subject to all punitive and administrative consequences for failing to comply.

#

Copy:  CGC JAMES (WMSL 754)
       COMDT (CG-00A)
       COMDT (CG-00H)
       COMDT (CG-112)