UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ERIC JACKSON ET AL.,**

   Plaintiffs,

v.                                               No. 4:22-cv-825-P

**ALEJANDRO N. MAYORKAS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HOMELAND SECURITY, ET AL.,**

   Defendants.

# ORDER

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice. . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up). When considering whether to transfer venue, a district court considers several private and public interest factors, "none of which can be said to be of dispositive weight." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The decision to transfer a case is within the sound discretion of the district court. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

"Generally, a court should transfer a case where most of the witnesses and evidence in the case are closer to the transferee venue, with few or no convenience factors favoring the venue chosen by the plaintiff." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). In some cases, however, the "consideration of interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d

1559, 1565 (Fed. Cir. 1997) (cleaned up); *see also* 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FED. PRAC. & PROC. § 3854, 439–40 (2d ed.1986) ("the interests of justice may be decisive in ruling on a transfer motion even though the convenience of parties and witnesses point in a different direction."). Considerations of judicial economy and efficiency "support a policy of having substantially similar matters litigated before the same tribunal." *Sundance Leasing Co. v. Bingham*, 503 F. Supp. 139, 140 (N.D. Tex. 1980).

In this case, Plaintiffs filed a Motion for Preliminary Injunction to enjoin the enforcement of the Coast Guard's COVID-19 vaccination policies. *See* ECF No. 1. The Court has since learned of at least two other undecided cases filed before this case, in which members of the Coast Guard have filed suit, seeking the same injunction against the same Defendants as in this case. *See Bazzrea v. Mayorkas*, No. 3:22-cv-265 (S.D. Tex. filed on July 25, 2022); *Pilot v. Austin*, No. 8:22-cv-1278-SDM-TGW (M.D. Fla. filed on Oct. 15, 2021).

Because these cases are substantially similar to this case, the Court **ORDERS** both Plaintiffs and Defendants to file responses on whether the Court should transfer the case under 28 U.S.C. § 1404(a) **on or before October 10, 2022**.

**SO ORDERED** on this **3rd day** of **October 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE