UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC JACKSON, *et. al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEJANDRO N. MAYORKAS,<br>Secretary of Homeland Security, *et al.*,<br><br>*Defendants.* | Case No. 4:22-cv-0825-P |

# DEFENDANTS' BRIEF REGARDING TRANSFER OF VENUE

# INTRODUCTION

The Court has directed the parties to address whether this case should be transferred under 28 U.S.C. § 1404(a). The Court has identified two districts handling earlier filed cases with claims similar to Plaintiffs' religious-freedom claims against the Coast Guard's COVID-19 vaccination requirement: the Middle District of Florida and the Southern District of Texas. But Coast Guard class actions have not yet been certified in those districts, meaning that this case (for now) is not precluded from proceeding separately. And because this case could not have been brought in either of those districts, transfer there would not be appropriate under § 1404(a). And even if the Middle District of Florida and the Southern District of Texas were eligible venues, the convenience factors under § 1404(a) would not warrant transfer. Instead, Defendants respectfully submit that the case should be transferred to the District of Columbia or the Eastern District of Virginia. Those jurisdictions also have experience handling religious-freedom challenges to the military's COVID-19 vaccination requirement, and venue there is well-established. Public and private interests also support transfer to one of those jurisdictions, especially given that the challenged actions took place in the District of Columbia and the Eastern District of Virginia, and two of the three Plaintiffs are stationed in the Eastern District of Virginia. This district, by contrast, has no known connection with this case other than the fact that one of the Plaintiffs lived here 18 years ago before joining the military. A transfer to a more convenient and interested venue is appropriate.

# BACKGROUND

Plaintiffs are three members of the Coast Guard who have sued, on behalf of themselves and a purported class, officials with the Department of Defense and Department of Homeland Security. They allege that that the Coast Guard's COVID-19 vaccination requirement violates the Religious Freedom Restoration Act, the First Amendment, and the Administrative Procedure Act. *See* Compl. ¶¶ 279–465. Each Plaintiff has refused to comply with his commander's orders to

become vaccinated against COVID-19, alleging that vaccination conflicts with his or her religious beliefs. *Id.* ¶¶ 127–29. Plaintiffs do not allege that the Coast Guard has concluded involuntary separation proceedings for any of them based on their refusal to vaccinate.

With their complaint, Plaintiffs filed a motion for class certification and for a class-wide temporary restraining order or a preliminary injunction, seeking to enjoin Defendants (i) from enforcing the military's COVID-19 vaccinations requirements, and (ii) "from taking any adverse action against any Plaintiffs of any member of the Class" for filing this lawsuit or seeking a religious accommodation from the military's vaccination requirement. ECF No. 4 at 2. The motion argues only the RFRA and First Amendment claims, not the APA claims. The Court denied the request for a temporary restraining order, ECF No. 11, and the parties are currently briefing the requests to certify a class and for a class-wide preliminary injunction. Defendants filed an opposition on October 7, 2022, and Plaintiffs are scheduled to reply by October 14, 2022.

On October 3, 2022, the Court entered an order noting that other, earlier filed cases challenging the Coast Guard's vaccination requirement (also on behalf of a purported class) were pending in the Middle District of Florida and the Southern District of Texas. Order at 2 (citing *Pilot v. Austin*, No. 8:22-cv-1278 (M.D. Fla. filed Oct. 15, 2021); *Bazzrea v. Mayorkas*, No. 3:22-cv-265 (S.D. Tex. filed July 25, 2022)), ECF No. 26. The Court directed the parties to "file responses on whether the Court should transfer the case under 28 U.S.C. § 1404(a)." *Id.* Defendants respectfully submit this response.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought or to any district or division to which all parties have consented." Thus, the "preliminary question" under § 1404(a) is whether a civil action "might have been brought" in

the destination district. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts then consider a set of "private and public interest factors" to determine whether transfer "is for the convenience of the parties and witnesses and in the interest of justice." *Id.* at 315. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion[,] (2) the local interest in having localized interests decided at home[,] (3) the familiarity of the forum with the law that will govern the case[,] and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (citation omitted).

## ARGUMENT

I. **THE COURT SHOULD NOT TRANSFER THIS CASE TO THE MIDDLE DISTRICT OF FLORIDA OR THE SOUTHERN DISTRICT OF TEXAS.**

The Court should not transfer this case to the Middle District of Florida or the Southern District of Texas. While earlier, overlapping purported class actions are pending in each of those districts, no Coast Guard class has yet been certified in those other cases and, therefore, the claims here are not—for the time being—barred from proceeding separately. *Cf. Gillespie v. Crawford*, 858 F.2d 1101 (5th Cir. 1988) (holding that individual suits for equitable relief may not be separately maintained from overlapping class action). And because this action could not have been brought in either jurisdiction, transfer would not be appropriate under § 1404(a). The public and private interest factors also weigh against such a transfer.

### A. The case could not have been brought in the Middle District of Florida or the Southern District of Texas.

Defendants are unaware of any circumstances that would have permitted Plaintiffs to bring this case in the Middle District of Florida or the Southern District of Texas. As Plaintiffs acknowledge, Compl. ¶ 21, venue in this case is governed by 28 U.S.C. § 1391(e)(1), which states that an action against an officer or employee of the United States may be brought in any district (1) where a defendant "resides," (2) "a substantial part of the events or omission giving rise to the claim occurred," or (3) a plaintiff "resides." Neither the Middle District of Florida nor the Southern District of Texas appear to satisfy any of these criteria.

No Defendant resides in the Middle District of Florida or the Southern District of Texas. For purposes of § 1391(e)(1), a federal official "resides" in the district where he or she performs his or her official duties. *Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds*, *Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981). Defendants Alejandro Mayorkas, Linda Fagan, and Brian Penoyer are officials of the United States Department of Homeland Security who perform their official duties at Department headquarters in the District of Columbia. The other defendant, Lloyd Austin, performs his official duties at the Pentagon in the Eastern District of Virginia.[1] While the Coast Guard has a presence in both the Middle District of Florida and the Southern District of Texas, none of the Defendants perform their official duties there and therefore do not "reside" within either of those districts for venue purposes. *Id.*; *see also Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 266–67 (7th Cir. 1978) (plaintiffs may not sue a federal agency wherever it maintains a regional office).

---

[1] Courts have held that the Secretary of Defense also performs his official duties in the District of Columbia and that a lawsuit against the Secretary may be brought there. *See, e.g.*, *McGrone v. Austin*, No. 21-cv-0472, 2022 WL 888194, at 4 (D.D.C. Mar. 25, 2022); *Bartman v. Cheney*, 827 F. Supp. 1, 2 (D.D.C. 1993).

Nor did a substantial part of the events or omissions giving rise to the claim occur in the Middle District of Florida or the Southern District of Texas. The Coast Guard's requirements that service members be vaccinated against COVID-19 was issued by officials in the District of Columbia and at the Pentagon. Pls.' App'x at 139 (Sec'y of Def. memo.), 141–42 (ALCOAST 305/21), 143–44 (ALCOAST 315/21). And Plaintiffs' respective requests for religious accommodation and appeals were denied by Coast Guard officials in the District of Columbia. Pls.' App'x 52 (Stone request denial), 126 (Stone appeal denial), 175 (Jackson request denial), 272 (Marcenelle request denial), 279 (Marcenelle appeal denial). These challenged actions did not occur in the Middle District of Florida or the Southern District of Texas.

Finally, so far as Defendants are aware, no Plaintiff resides in the Middle District of Florida or the Southern District of Texas. Plaintiff BM1 Eric Jackson is stationed in South Padre Island, Texas, *see* Decl. of Eric Jackson ¶ 3, Pls.' App'x 162, ECF No. 6-1, which is within the Southern District of Texas, Brownsville Division. But he testifies that he has "never considered" that or any other duty station to be his "permanent home" since he left Arlington, Texas (in this district) to join the Coast guard in 2004. *Id.* ¶¶ 6–7, Pls.' App'x 163. A person is deemed to reside where he is "domiciled," 28 U.S.C. § 1391(c)(1), and one's domicile changes only when he takes up residence elsewhere with "the intention to remain there." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Thus, according to BM1 Jackson's testimony, his domicile never changed from this district to the Southern District of Texas (or anywhere else).

**B.     The private and public interest factors weigh against transfer to the Middle District of Florida or the Southern District of Texas.**

The § 1404(a) factors do not support transfer to the Middle District of Florida or the Southern District of Texas.

Defendants first address the private interest factors. Apart from the presence of BM1 Jackson and evidence about his duties in the Southern District of Texas, Jackson Decl. ¶ 3, Pls.' App'x 162, Defendants are unaware of any anticipated sources of proof located in that district, and there seem to be no sources of proof located in the Middle District of Florida, where no Plaintiff is stationed and where none of the events underlying this case took place. The same is true of witnesses. Only BM1 Jackson and his commander are in the Southern District of Texas, so transfer will not significantly reduce the cost of witness attendance. And Defendants are unaware of any third-party witnesses that would need to be subjected to compulsory process. Nor can Defendant conceive of any other reason that transfer to the Middle District of Florida or the Southern District of Texas would make trial any easier, more expeditions, or less expensive.

The public interest factors also weigh against transfer to the Middle District of Florida or the Southern District of Texas. Given that this case does not involve events occurring in in the Middle District of Florida or the Southern District of Texas, neither jurisdiction has a significant localized interest in the outcome. And because this case involves the application of federal and not state law, all potential districts would be sufficiently familiar with the law that will govern the case. *See Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1004 (E.D. Tex. 2009) ("this factor is neutral when the predominant issues in the case involve federal law"). For the same reason, there are no conflict-of-law or foreign-law issues that would counsel transfer.

*   *   *

In sum, absent a certified Coast Guard class, this case is ineligible for transfer to the Middle District of Florida or the Southern District of Texas under § 1404(a) and, even if it were, the convenience factors would not support transfer under that provision.

## II. THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF COLUMBIA OR THE EASTERN DISTRICT OF VIRGINIA.

If the Court is inclined to transfer this case to a more suitable forum, it should opt for either the District of Columbia or the Eastern District of Virginia. The case could have been brought in either of those jurisdictions, and either would be significantly more convenient than the present venue.

In addition to being more convenient, those jurisdictions have experience handling cases raising religious-freedom challenges to the military's COVID-19 vaccination requirements, as implemented by other services. *See Rudometkin v. Austin*, 21-cv-2220 (D.D.C. filed Aug. 17, 2021); *Church v. Biden*, 21-cv-2815 (D.D.C. filed Oct. 24, 2021) (Marines); *Navy SEALs 1–4 v. Austin*, 22-cv-688 (D.D.C. filed Mar. 11, 2022) (Navy); *Creaghan v. Austin*, No. 22-cv-981 (D.D.C. filed Apr. 8, 2022) (Space Force); *Knick v. Austin*, 22-cv-1267 (D.D.C. filed May 4, 2022) (Air Force); *Alvarado v. Austin*, 22-cv-876 (E.D. Va. filed Aug. 4, 2022) (Army, Navy, Air Force). Thus, transferring this case to either jurisdiction would serve the Court's interest in achieving judicial economy by transferring it to a district handling similar cases. Order at 1 (citing *Regent of Univ. of Cal v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997), ECF No. 26.

### A. The case could have been brought in the District of Columbia or the Eastern District of Virginia.

As explained above, all Defendants "reside" in the District of Columbia for venue purposes because they all perform their official duties there; and the Secretary of Defense also resides in the Eastern District of Virginia where the Pentagon is located. Consequently, this case could have been brought in the District of Columbia or the Eastern District of Virginia by virtue of Defendants' residences. 28 U.S.C. § 1391(e)(1)(A). In addition, as mentioned, the vaccine policies were issued by Department of Defense and Department of Homeland Security officials in the Eastern District of Virginia and the District of Columbia, and Plaintiffs' requests for religious

7

accommodation were denied by Department of Homeland Security officials within the District of Columbia. Consequently, venue would also be proper in those districts because a substantial part of the events underlying the religious-freedom claims occurred there. *Id.* § 1391(e)(1)(B). This also is true of Plaintiffs' APA claims raising nonreligious challenges to the denials of their requests for religious accommodation and subsequent appeals. *See Gyau v. Sessions*, No. 18-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 12, 2018) ("[T]o determine where the claim arose in cases brought under the APA, courts generally focus on where the decisionmaking process occurred.") (quotation omitted).

   **B.** **The private and public interest factors favor transfer to the District of Columbia or the Eastern District of Virginia.**

The public and private interest factors also weigh in favor of transfer to the District of Columbia or the Eastern District of Virginia. Defendants again address the private interest factors first. Because Plaintiffs requests for religious accommodation and appeals were considered and denied in the District of Columbia, that jurisdiction is more proximately located to sources of proof. This is especially true of witnesses. Most critically, two of the three Plaintiffs are stationed in the Eastern District of Virginia. Plaintiff LTJG Alaric Stone is stationed with an intelligence branch in Portsmouth, Virginia. Decl. of Michael Thomas ¶ 3, Defs.' App'x 95, ECF No. 31. And Plaintiff LTJG Michael Marcenelle is stationed at a training center in Yorktown, Virginia. Decl. of Michael Marcenelle ¶ 3, Pls.' App'x 231, ECF No. 6-2. Both locations are within the Eastern District of Virginia. Also, according to Google Maps, both Portsmouth and Yorktown are less than 200 miles from the District of Columbia, putting those locations within driving distance of the district and reducing the cost of witness attendance at proceedings there. Plaintiffs are key witnesses in this case because to succeed on their RFRA claims, Plaintiffs must prove that their religious requests are "sincerely based on a religious belief." *Ramirez v. Collier*, 142 S. Ct. 1264,

1277 (2022) (quotation omitted).[2] This analysis is highly individualized, and courts must assess "the application of the burden *to the person*." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 705 (2014) (quoting 42 U.S.C. § 2000bb-1(b)).

The public interest factors also favor transfer to the District of Columbia or the Eastern District of Virginia. Those districts are far less congested than this one. According to the most recent statistics from the Administrative Office of the U.S. Courts,[3] as of June 30, 2022, the median time to dispose of a civil case was 5.7 months in the District of Columbia and 6.9 months in the Eastern District of Virginia; that is compared to 65 months[4] in this district. The District of Columbia and the Eastern District of Virginia also have a more localized interest in deciding this case because, as noted, the actions giving rise to the claims occurred there and two of the three Plaintiffs are stationed in the Eastern District of Virginia. By contrast, no relevant actions occurred in this district, and no Plaintiff has physically lived here for 18 years when BM1 Jackson made his home in this district, and he was not even a member of the military at the time. *See* Jackson Decl. ¶¶ 6–7, Pls.' App'x 163. As with the Middle District of Florida and the Southern District of Texas, familiarity with the law is a neutral factor, and there are no conflict-of-laws or foreign-law issues that would weigh for or against transfer.

\* \* \*

---

[2] *Ramirez* deals with the Religious Land Use and Institutionalized Persons Act, which employs "the same standard as set forth in RFRA." *Holt v. Hobbs*, 574 U.S. 352, 358 (2015).

[3] https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf

[4] This high number appears to be an anomaly. But even in the last two years, the median time for disposition of civil cases was 13.2 months (2021) and 13.8 months (2020)—still longer than either the District of Columbia or the Eastern District of Virginia.

9

In sum, this case could have been brought in the District of Columbia or the Eastern District of Virginia, and either would be a more suitable forum that the present district. This case should therefore be transferred to one of those two jurisdictions.

## CONCLUSION

The Court should not transfer this case to the Middle District of Florida or the Southern District of Texas but should instead transfer it to either the District of Columbia or the Eastern District of Virginia.

Dated: October 10, 2022 

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY H. COPPOLINO
Deputy Branch Director

  /s/ Johnny Walker
CODY T. KNAPP (NY Bar #5715438)
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: johnny.h.walker@usdoj.gov

*Counsel for Defendants*