# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **ALARIC STONE**, **ERIC JACKSON**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:22-cv-825-P |
| v. | ) ) | |
| **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' BRIEF OPPOSING TRANSFER

## TABLE OF CONTENTS

I.   Introduction..................................................................................................................... 1

II.   Background...................................................................................................................... 2

III.  Legal Standard. ............................................................................................................. 4

IV.  Argument: The Court should not and cannot transfer the case under § 1404(a). ............... 5

    A.   This action could not have been brought in Southern District of Texas or Middle
        District of Florida................................................................................................. 5

    B.   The parties have not consented to the Southern District of Texas or Middle District of
        Florida. .............................................................................................................. 10

    C.   The "interest of justice" heavily weighs against transfer............................................. 10

    D.   The Coast Guard agrees the case should not be transferred to the Southern District of
        Texas or the Middle District of Florida, and the Court shouldn't transfer it to any other
        district............................................................................................................... 11

V.   Conclusion. .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*A.J. Taft Coal Co., Inc. v. Barnhart*,
    291 F. Supp.2d 1290 (N.D. Ala. 2003) ........................................................... 6

*Bazzrea v. Mayorkas*,
    No. 3:22-cv-265 (S.D. Tex. Filed on July 25, 2022) ...................................... 3

*Casarez v. Val Verde Cnty.*,
    957 F. Supp. 847 (W.D. Tex 1997) ................................................................. 9

*Crane v. Napolitano*,
    920 F. Supp. 2d 724 (N.D. Tex. 2013) ........................................................... 6

*Gray Cas. & Sur. Co. v. Lebas*,
    No. CIV.A. 12-2709, 2013 WL 74351 (E.D. La. Jan. 7, 2013) .............................. 6-7

*Henrichs v. Nova Biomedical Corp.*,
    No. 6:14-CV-2, 2014 WL 2611825 (S.D. Tex. June 11, 2014) ................................ 6

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ......................................................................................... 5

*In re Bozic*,
    888 F.3d 1048 (9th Cir. 2018) ........................................................................ 5

*In re SK hynix Inc.*,
    847 F. App'x 847 (Fed. Cir. 2021) ................................................................. 5

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) .................................................................... 4, 10

*Louisiana Ice Cream Distribs. v. Carvel Corp.*,
    81 F.2d 1031 (5th Cir. 1987) ........................................................................ 10

*Navy Seals v. Biden*,
    No. 4:21-CV-01236-O (N.D. Tex. Feb. 7, 2022) ..................................... 5, 7, 10

*Navy Seals v. Biden*,
    No. 4:21-CV-01236-O (N.D. Tex. May 7, 2022) ........................................ 5, 7

*Navy Seal 1 v. Biden*,
    No. 8:21-cv-02429-SDM-TGW (M.D. Fla.) ............................................................. 5

*Neukranz v. Conestoga Settlement Services, LLC*,
    No. 3:19-CV-1681-L, 2021 WL 9182524 (N.D. Tex. Dec. 6, 2021) ....................................... 10

*Pilot v. Austin*,
    No. 8:22-cv-1278-SDM-TGW (M.D. Fla. filed on Oct. 15, 2021) ........................................ 3

*United Servs. Auto. Ass'n v. Evangelista*,
    698 F. Supp. 85 (E.D. Pa. 1988) ......................................................................... 9

*United States v. Holmes*
    672 F. Supp.2d 739 (E.D. Va. 2009) ..................................................................... 8

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .................................................................................... 4, 5

*White v. Burger*,
    No. 3:20-CV-0197-B, 2020 WL 1471820 (N.D. Tex. Mar. 26, 2020) ...................................... 5

**Statutes**

28 U.S.C. § 1391(b)(1) .......................................................................................... 6

28 U.S.C. § 1391(b)(2) .......................................................................................... 6

28 U.S.C. § 1391(e)(1)(A) ....................................................................................... 6

28 U.S.C. § 1391(e)(1)(B) ....................................................................................... 6

28 U.S.C. § 1391(e)(1)(C) ..................................................................................... 6, 7

28 U.S.C. § 1391(e)(3) .......................................................................................... 6

28 U.S.C. § 1404(a) ...................................................................................... *passim*

**Other Authorities**

Charles Creitz, "Hurricane Ian Coast Guard hero about to be fired over vaccine refusal speaks out," Fox News, Oct. 5, 2022, https://www.foxnews.com/media/hurricane-ian-coast-guard-hero-about-fired-vaccine-refusal-speaks-out ............................................................................... 2

The White House, "Readout of President Joe Biden's Call with Lieutenant Commander Christopher Hooper and Aviation Survival Technician Second Class Zach Loesch of the U.S. Coast Guard," September 30, 2022, https://www.whitehouse.gov/briefing-room/statements-releases/2022/09/30/readout-of-president-joe-bidens-call-with-lieutenant-commander-christopher-hooper-and-aviation-survival-technician-second-class-zach-loesch-of-the-u-s-coast-guard/ .............................................................................................................................. 2

Newberg on Class Actions § 6:40 (6th ed.) ............................................................................ 6

Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3617 ........................................................... 8

## I.      Introduction.

This Court cannot and should not transfer this action to the Southern District of Texas or the Middle District of Florida under 28 U.S.C. § 1404(a). A court may transfer an action under Section 1404(a) only if one of two threshold requirements is satisfied: the action "might have been brought" in the proposed transferee district or "all parties have consented" to transfer. 28 U.S.C. § 1404(a). This action could not have been brought in the Southern District of Texas or in the Middle District of Florida because venue for this case would not be proper in either court: no Plaintiff or Defendant is domiciled in either district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims did not occur in either district. Since the parties also have not consented to transfer to either of those districts, neither threshold requirement of Section 1404(a) is satisfied, and the action cannot be transferred to either of those districts.

While this deficiency alone precludes transfer, transfer would be improper also because the resultant delay in relief would disserve "the interest of justice" for these Plaintiffs and the putative class, which is also significant under Section 1404(a). Plaintiffs would be prejudiced by a transfer to either the Southern District of Texas or the Middle District of Florida because of the lack of proper venue in either court. Equally fundamentally, Plaintiffs and the putative class would be prejudiced by the delay in relief that transfer would likely effect. When Plaintiffs filed this case and motions for class-wide relief on September 16, it was the only case with pending motions to protect these Plaintiffs and the only case with actively pending motions to protect a putative class of all Coast Guard religious objectors.[1] This week, less than a month after filing, those motions will be fully briefed and ready for disposition, making this the only case anywhere

---

[1] At least as of the time of filing of this brief, to Plaintiffs' knowledge this case remains the **only** case with a pending motion for a class-wide injunction to protect a putative class of Coast Guard religious objectors. The *Bazzrea* plaintiffs today filed a motion for class certification but have not filed a motion for a class-wide injunction.

near a decision that affects these named Plaintiffs or the entire class. Meanwhile, in the weeks since filing, at Plaintiffs' request in this case, the Coast Guard has provided temporary relief to more than 125 Coast Guard members who would otherwise have been separated from the Coast Guard or transferred to the Inactive Status List (ISL). The issues at stake are urgent[2]— specifically, the Coast Guard's systematic, unlawful infringement on service members' religious liberties. This infringement has already been significantly, temporarily allayed for many service members by this lawsuit in this Court, unlike other lawsuits in other districts. This Court should not transfer the case and should rule on the pending motions for class-wide relief.

## II.    Background.

On September 16, 2022, Plaintiffs filed their Complaint (ECF No. 1). On the same day, Plaintiffs filed their Motions for Class Certification, Appointment of Class Counsel, and Temporary Restraining Order and Preliminary Injunction (ECF No. 4), Memorandum in Support (ECF No. 5), and seven supporting declarations and exhibits thereto (ECF Nos. 6 to 6-3, Appx 1-299). On September 19, 2022, the Court denied "**without prejudice**" the motion for a temporary restraining order and asked the parties to propose a briefing schedule on the Motions for Class Certification, Appointment of Class Counsel, and Preliminary Injunction ("motions for class-wide relief"). ECF No. 11. On September 22, the parties filed their joint proposed briefing schedule: the Coast Guard would file its opposition on October 7 and Plaintiffs would file their

---

[2] Coast Guard Aviation Survival Technician Zachary Loesch, a putative class member, saved lives as part of the Coast Guard's response to Hurricane Ian. https://www.whitehouse.gov/briefing-room/statements-releases/2022/09/30/readout-of-president-joe-bidens-call-with-lieutenant-commander-christopher-hooper-and-aviation-survival-technician-second-class-zach-loesch-of-the-u-s-coast-guard/. President Biden personally called AST Loesch and thanked him for his "heroic work." *Id.* Meanwhile, President Biden's Administration, the Defendants in this case, issued an intent to discharge AST Loesch. https://www.foxnews.com/media/hurricane-ian-coast-guard-hero-about-fired-vaccine-refusal-speaks-out. As AST Loesch stated recently, he expects to be discharged within 30 to 60 days based on his religious objection to the vaccine. *Id.* "It's tied up in the court system," he said, "and it's just not happening fast enough for us to be safe from this before we get discharged." *Id.*

reply on October 14. ECF No. 17. On September 29, 2022, the Court entered an order adopting

this briefing schedule. ECF No. 24.

On September 30, 2022, Plaintiffs filed a Status Report summarizing agreements they

had obtained thus far from the Coast Guard to afford temporary relief to the three named

Plaintiffs and to more than 125 members of the putative Class, pending resolution of the motions

for class-wide relief or until December 1, 2022. ECF No. 25. Specifically, the Coast Guard

agreed to hold off on imminent discharge proceedings against Plaintiff Marcenelle, any other

discharge proceedings against the three named Plaintiffs, and imminent discharge proceedings

against one specific putative class member, all pending resolution of the motions for class-wide

relief. *Id.*  Further, the Coast Guard agreed to defer the ISL transfer date to December 1, 2022,

for four specific putative class member reservists and then agreed to the same relief as to all 122

similarly situated putative class member reservists. *Id.* In total, although the Coast Guard has

refused to grant relief to the entire putative class pending the Court's resolution of Plaintiffs'

initial motions, it has currently granted temporary relief to Plaintiffs and approximately 10% of

the 1,200+ putative class members—as a result of this action and not those in other districts.

Indeed, before Plaintiffs filed this case, several Coast Guard service-member plaintiffs

had filed separate class-action complaints in the Southern District of Texas (*Bazzrea v.

Mayorkas*, No. 3:22-cv-265 (S.D. Tex., filed on July 25, 2022)) and Middle District of Florida

(*Pilot v. Austin*, No. 8:22-cv-1278-SDM-TGW (M.D. Fla., filed on Oct. 15, 2021)), but there

were no motions for class-wide relief pending in those cases when Plaintiffs initiated this action.

On October 3, 2022, the Court issued an Order identifying the *Bazzrea* and *Pilot* cases

and asking the parties, "[b]ecause these cases are substantially similar to this case," to brief the

issue of "whether the Court should transfer the case under 28 U.S.C. § 1404(a)." ECF No. 26.

3

On October 7, the Coast Guard filed its opposition to the motions for class-wide relief in this case. Plaintiffs will timely file their reply on or before October 14, 2022, completing briefing weeks before any later-filed motions for class-wide relief in *Bazzrea* and *Pilot* could possibly be fully briefed. Even a few weeks' difference is significant for religious service members, more than 125 of whom have received temporary stays of separation or ISL transfer pending resolution of the motions for class-wide relief or until December 1, 2022 through this case.

This brief, arguing the Court should not transfer the case, is Plaintiffs' response to the Court's October 3 Order regarding whether the Court should transfer. As discussed below, it should not and cannot.

### III.    Legal Standard.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division **where it might have been brought** or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). As this Court noted in its October 3 Order, the purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." October 3 Order at 1 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up)). As the Supreme Court held, "This transfer power is, however, **expressly limited** by the final clause of § 1404(a) restricting transfer to those federal districts in which the action '**might have been brought**.'" *Van Dusen*, 376 U.S. at 616 (emphasis added). *See also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue…. *See* 28 U.S.C. § 1391."). In 2011, Congress amended § 1404(a) to allow transfer also to any district "to which all parties have consented." Whether the case "might have been brought" in the proposed transferee district or

4

"all parties have consented" to it is a "threshold requirement" for transfer. *In re SK hynix Inc.*,

847 F. App'x 847, 853 (Fed. Cir. 2021) (denying petition for writ of mandamus from W.D.

Tex.).[3] *See also*, *e.g.*, *Navy Seals v. Biden*, No. 4:21-CV-01236-O (N.D. Tex. May 7, 2022), ECF

No. 150 at 4 (Navy vaccine mandate case; "A threshold transfer inquiry is whether the suit

'might have been brought' in the proposed transferee district"; citing *In re Volkswagen*).[4]

## IV.   Argument: The Court should not and cannot transfer the case under § 1404(a).

This action could not have been brought in the Southern District of Texas or Middle

District of Florida, and not all parties have consented to transfer, so the Court should not and

cannot transfer the case. Moreover, the interest of justice heavily weighs against transfer.

### A.   This action could not have been brought in Southern District of Texas or Middle District of Florida.

The Southern District of Texas and Middle District of Florida are not districts "where

[this action] might have been brought." The phrase "where it might have been brought" under

Section 1404(a) refers solely to districts where a plaintiff could have originally filed suit, *i.e.*,

districts where the court would have had subject matter jurisdiction, the defendants would have

been subject to personal jurisdiction, **and venue would be proper**. *Hoffman v. Blaski*, 363 U.S.

335, 343-44 (1960); *White v. Burger*, No. 3:20-CV-0197-B, 2020 WL 1471820, at *2 (N.D. Tex.

Mar. 26, 2020). "[C]lass actions utilize the same general and specific venue provisions that apply

---

[3] Any first-to-file considerations are subject to the threshold conditions under Section 1404(a). *Id.* at 853-54 (citing, *inter alia*, *Van Dusen*, 376 U.S. 612, 616 and *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018)).

[4] This Court did not transfer the Navy vaccine mandate case to another district, finding the Navy had waived the right to challenge venue. *Id.* The Court did not otherwise consider transferring venue on its own initiative. Notably, there was at least one earlier filed class-action complaint *and* an earlier filed pending motion for class-wide relief in another vaccine mandate case against the Navy (*Navy Seal 1 v. Biden*, No. 8:21-cv-02429-SDM-TGW (M.D. Fla.)) at the time this Court considered the motion for class-wide relief against the Navy and entered its class-wide preliminary injunction against the Navy.

in all cases." NEWBERG ON CLASS ACTIONS § 6:40 (6th ed.). *See also*, *e.g.*, *Henrichs v. Nova Biomedical Corp.*, No. 6:14-CV-2, 2014 WL 2611825, at *2 (S.D. Tex. June 11, 2014) ("The law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives.") (cleaned up).[5] "[V]enue is proper as to all plaintiffs if suit is brought in a district where any **one** or more of the plaintiffs resides…. Because Plaintiff Engle resides in the Northern District of Texas, venue is proper in this district as to **all** plaintiffs." *Crane v. Napolitano*, 920 F. Supp. 2d 724, 746 (N.D. Tex. 2013) (emphasis added). *See also*, *e.g.*, *A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F. Supp.2d 1290, 1301 (N.D. Ala. 2003) ("For over thirty years federal courts have conclusively and consistently held that the statutory language in 28 U.S.C. § 1391(e)(3) regarding the residency of 'the plaintiff' should be interpreted to mean *any* plaintiff rather than *all* plaintiffs"; collecting numerous cases) (emphasis in original).

Venue in a district is proper under 28 U.S.C. § 1391 where a plaintiff is a resident ((§ 1391(e)(1)(C)), where a defendant is a resident (§§ 1391(b)(1), (e)(1)(A))), or where a substantial part of the events or omissions giving rise to plaintiffs' claims occurred ((§§ 1391(b)(2), (e)(1)(B))).

Venue would not be proper in the Southern District of Texas or Middle District of Florida. None of the Plaintiffs is a resident in either district. Sept. 2022 Jackson Declaration (ECF No. 5-34), ¶¶ 6-16, Appx 163-65; Plaintiffs' supplemental declarations submitted herewith ("Suppl. Decls."). None of the Defendants is a resident in either district. *See*, *e.g.*, *Gray Cas. &*

---

[5] *See also id.* ("Transferring a case based solely on the presence of potential future class members who could establish venue in the transferee forum would be problematic if class certification were later denied; the only remaining plaintiffs in the transferee court would be the named plaintiffs for whom venue was never proper. And if venue could exist based on the status of prospective class members, a plaintiff could establish venue in just about any federal district by designating the case a nationwide class action.")

*Sur. Co. v. Lebas*, No. CIV.A. 12-2709, 2013 WL 74351, at *2 (E.D. La. Jan. 7, 2013) ("the general rule is that a government official sued in her official capacity resides for venue purposes where she performs her official duties."); *Navy Seals v. Biden*, No. 4:21-CV-01236-O (N.D. Tex. Feb. 7, 2022), ECF No. 107 at 21-23 (military's brief in the Navy vaccine mandate case arguing federal official defendants sued in their official capacity are residents of Washington, D.C. or Virginia for purposes of venue). A substantial part of the events or omissions giving rise to the claim did not occur in either district. Sept. 2022 Jackson Declaration, ¶¶ 6-16, Appx 163-65; and Plaintiffs' Suppl. Decls. There is no evidence the vaccine mandates were issued in either district. *See Navy Seals v. Biden*, No. 4:21-CV-01236-O (N.D. Tex. Feb. 7, 2022), ECF No. 107 at 21-23 (military's brief in the Navy case arguing the relevant events occurred where the vaccine mandates were issued including Washington, D.C. for purposes of venue).

Venue is proper in this district under § 1391(e)(1)(C), based on the place of residence of a plaintiff.[6] Specifically, Plaintiff Eric Jackson is a resident of the Northern District of Texas, Fort Worth Division. *See* Sept. 2022 Jackson Declaration, ¶¶ 6-16, Appx 163-65. Before he joined the Coast Guard, his home was in the Northern District of District of Texas (Arlington, Texas). *Id.* at ¶ 6. His Coast Guard "home of record" is, and always has been, in the Northern District of Texas. *Id.* at ¶ 10. When he has voted in the past, he has voted as a resident of the Northern District of Texas. *Id.* at ¶ 11. He has never voted as a resident of anywhere else. *Id.* He intends to vote as a resident of the Northern District of Texas in the future. *Id.* Throughout his career in the Coast Guard, he has always considered himself a Texas resident for purposes of any

---

[6] To the extent the Coast Guard now or at some later time attempts to challenge venue in this Court, the Coast Guard has waived such challenge, because it did not challenge venue in its opposition to the motions for class-wide relief including the motion for class-wide preliminary injunction (ECF No. 30). *See Navy Seals v. Biden*, No. 4:21-CV-01236-O (N.D. Tex. May 7, 2022), ECF No. 150 at 7 ("This Court finds that Defendants waived the right to challenge venue by failing to object during the preliminary injunction stage.").

state income tax requirements; because Texas does not have an income tax he has not paid state income tax, and he has never filed a state income tax return for any other state or paid state income tax to any other state. *Id.* at ¶ 12. He plans to reside in the Northern District of Texas when he retires or is separated from the Coast Guard. *Id.* at ¶ 13. He has close family in the Northern District of Texas (and close family has lived there all his life), and his mother has designated him as her sole intended heir to the home and acreage she owns in the Northern District of Texas (Weatherford, Texas), where he plans to reside with his family upon eventual retirement or separation. *Id.* When he has been on leave from Coast Guard service, he has often stayed with his family at the family property in the Northern District of Texas. *Id.* at ¶ 14. He has some personal property at that location. *Id.* He considers his residence to be in the Northern District of Texas. *Id.* at ¶ 15. He has lived in other places during his Coast Guard career but he did so as part of his duty assignment. *Id.* at ¶¶ 7-8, 16. He has never considered his residence to be anywhere but in the Northern District of Texas. *Id.* at ¶ 16. Accordingly, Plaintiff Jackson is a resident of the Northern District of Texas (Forth Worth Division) for purposes of venue. *See*, *e.g.*, Wright & Miller, 13E FED. PRAC. & PROC. JURIS. § 3617 "Citizenship of Particular Persons—Military Personnel" (3d ed.) ("Service personnel are presumed not to acquire a new domicile when they are stationed in a place pursuant to orders; they retain the domicile they had at the time of entry into the service.").[7]

---

[7] *See also*, *e.g.*, *United States v. Holmes*, 672 F. Supp.2d 739, 751 (E.D. Va. 2009) ("Given 1) the Government's knowledge that the original reason for Defendant's one-time residency in Hampton, Virginia was his assignment to Langley Air Force Base, 2) the Government's knowledge that Defendant was discharged nineteen days before the governing Indictment was returned, and 3) the Government's knowledge that Defendant's home of record was in Chicago, Illinois, the Government's subsequent belief that his last known residence was in the Eastern District of Virginia does not ring of good faith, and as such, does not satisfy this Court. The Court finds that the Government has not met its burden to show that venue is proper in the Eastern District of Virginia. Accordingly, the Court finds as a fact that the last known address to

Plaintiff Jackson for the past few months has been stationed at South Padre Island in the Southern District of Texas, but he is not and has never been a resident there. *See id.*; Sept. 2022 Jackson Declaration, ¶¶ 6-16, Appx 163-65. He is a resident of the Northern District of Texas, Fort Worth Division. Sept. 2022 Jackson Declaration, ¶¶ 6-16, Appx 163-65. Because he submitted his request for religious accommodation, received his initial denial, submitted his appeal, and received his final denial (the denial of his appeal) *before* he was assigned to South Padre Island (*Id.* at ¶¶ 7-8, 28-31, Appx 163-64, 167-68), no substantial part of the events or omissions giving rise to his claim occurred in the Southern District of Texas. Moreover, as discussed above, the military itself maintains that the events or omissions giving rise to claims such as Plaintiffs' occur where the vaccine mandates were issued—not where any religious objector service member is assigned, let alone where he was assigned *after* he received his final denial.

### B.   The parties have not consented to the Southern District of Texas or Middle District of Florida.

It is indisputable the parties have not consented to the Southern District of Texas or Middle District of Florida. *See* Plaintiffs' Suppl. Decls.; ECF No. 32.

---

the United States Government was in Chicago, Illinois, as that was the address on file with the Air Force at the time of Defendant's discharge"); *United Servs. Auto. Ass'n v. Evangelista*, 698 F. Supp. 85, 88 (E.D. Pa. 1988), *aff'd*, 872 F.2d 414 (3d Cir. 1989) ("A previous domicile is presumed to be a person's domicile until it is proven to have changed…. Mark Evangelista was domiciled in Hazelton, Pennsylvania, when he enlisted in the Air Force. Although the Air Force transferred him from Texas to Missouri, and from Missouri to Alaska, he never claimed his domicile to be any place but Hazelton. He maintained a Pennsylvania driver's license, Pennsylvania voter's registration, and listed the Hazelton, Pennsylvania address as his permanent home on all military papers. In addition to maintaining a legal Pennsylvania residence, his father, Anthony Evangelista, avers that the son retained his own room at the Hazelton, Pennsylvania home, keeping civilian clothes and other personal items there. The son also lived in the Hazelton home when on leave from military service…. Military service in another state does not alone emancipate a person from his family's home…. Therefore, Mark Evangelista retained Pennsylvania as his domicile."); *Casarez v. Val Verde Cnty.*, 957 F. Supp. 847, 857 (W.D. Tex. 1997) (listing factors relevant to whether military member is "resident" under Texas voting law).

### C. The "interest of justice" heavily weighs against transfer.

The Court cannot transfer the case under § 1404(a) because the threshold requirement ("might have been brought" there or "all parties have consented") is not met, as discussed above. As such, the Court need not reach a consideration of the "interest of justice." If it did, however, the interest of justice heavily favors not transferring this case.

Plaintiffs could face significant prejudice if the case were to be transferred to the Southern District of Texas or in the Middle District of Florida, only to be dismissed or even simply further delayed because of the lack of proper venue there. In *Neukranz v. Conestoga Settlement Services, LLC*, No. 3:19-CV-1681-L, 2021 WL 9182524 (N.D. Tex. Dec. 6, 2021), for example, the Southern District of Nevada transferred venue to the Northern District of Texas without realizing that one defendant was not subject to the personal jurisdiction of the transferee court. The transfer therefore led to the dismissal of all claims against that defendant. *Id.* at *6.[8] Plaintiffs reasonably suspect the Coast Guard would seek such a dismissal of this action if it were to be transferred to the Southern District of Texas or the Middle District of Florida; the military has sought to dismiss service members' claims for (alleged) improper venue in other COVID-19 vaccine cases, including the Navy case. *See, e.g.*, *Navy Seals v. Biden*, No. 4:21-CV-01236-O (N.D. Tex. Feb. 7, 2022), ECF No. 107 at 21-30.

Moreover, when Plaintiffs filed this case and motions for class-wide relief on September 16, this case was the **only** case with pending motions to protect the Plaintiffs and a putative class of all Coast Guard religious objectors. Those motions will be fully briefed this week, and this

---

[8] A transfer order under 1404(a) is interlocutory and not immediately appealable. *Louisiana Ice Cream Distribs. v. Carvel Corp.*, 81 F.2d 1031, 1033 (5th Cir. 1987). Mandamus review is permitted if transfer is "patently erroneous." *In re Volkswagen*, 545 F.3d at 319. But pursuing a writ would necessarily take time—time that putative class members under imminent threat of separation or ISL transfer cannot afford to lose.

10

case will then be the only one with fully briefed pending motions for class-wide relief. On the strength of these pending and soon-to-be fully briefed motions in this Court, Plaintiffs have obtained agreements from the Coast Guard affording temporary but crucial relief for the three Plaintiffs and more than 125 service members, as discussed above. There is no guarantee the Plaintiffs could continue to help obtain similar relief by agreement with the Coast Guard in another district, where litigation would be subject to a currently unknown timetable—and almost certainly Plaintiffs could not help obtain similar relief if the action were transferred and then dismissed or stayed.[9] The circumstances, and the interest of justice, compel not transferring this case.

> **D.    The Coast Guard agrees the case should not be transferred to the Southern District of Texas or the Middle District of Florida, and the Court shouldn't transfer it to any other district.**

The Coast Guard agrees that this case should not be transferred to the Southern District of Texas (where *Bazzrea* is pending) or the Middle District of Florida (where *Pilot* is pending). ECF No. 32 at 3-6. Plaintiffs understand the Court's October 3 Order to request briefing in the context of the Court considering whether it should transfer to one of those two districts: "Because [*Bazzrea* and *Pilot*] are substantially similar to this case, the Court **ORDERS** both Plaintiffs and Defendants to file responses on whether the Court should transfer the case under 28 US.C. § 1404(a)…." ECF No. 26 at 2. Given the propriety of venue in this Court, the lack of venue in the Southern District of Texas and Middle District of Florida, and the temporary relief obtained from having this case in this Court so far as discussed above, there is no cause for the Court to consider transfer to some other venue where there isn't even another Coast Guard case

---

[9] A transferee court could also conceivably, for example, deny without prejudice all pending motions upon transfer, which would arguably terminate some of the Coast Guard's agreements to hold off on discharge proceedings "pending resolution of the motions for class-wide relief."

pending. *See* ECF No. 32 at 8. The Coast Guard has filed no such motion to transfer to another venue—and apparently does not affirmatively request such a transfer now either ("*If* the Court is inclined to transfer this case…"). *Id.* at 7 (emphasis added).

**V.     Conclusion.**

The Court should not transfer this case to another district. The threshold requirement for transfer to the Southern District of Texas or the Middle District of Florida under § 1404(a) cannot be met, and the interest of justice does not support transfer.

12

Dated: October 10, 2022


Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

* *pro hac vice* application forthcoming

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*

13