UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard,<br><br>Defendants. | Case No. 4:22-cv-00825-P |

## APPENDIX OF SUPPLEMENTAL MATERIALS ON REPLY IN SUPPORT OF PLAINTIFFS' MOTIONS FOR CLASS-WIDE RELIEF

### Index of Contents of Supplemental Appendix

**Document(s)**                                                                                   **Begins at Appendix page***

1. Stone Second Supplemental Declaration ............................................................................. 300

2. Jackson Second Supplemental Declaration ......................................................................... 303

3. Marcenelle Second Supplemental Declaration .................................................................... 305

\* The page numbering in this Supplemental Appendix begins where Plaintiffs' original Appendix (ECF No. 6 to 6-3) left off.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ALARIC STONE**, **ERIC JACKSON**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 4:22-cv-00825-P<br>)<br>) |
| v. | )<br>) |
| **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## SECOND SUPPLEMENTAL DECLARATION OF LIEUTENANT JUNIOR GRADE ALARIC STONE

Pursuant to 28 U.S.C. § 1746, I, Alaric Stone, under penalty of perjury declare as follows:

1. I am over the age of eighteen and I am competent to make this declaration.

2. This declaration responds to some specific statements made in Commander Thomas's declaration (Coast Guard's Ex. 6).

3. While I do work in a classified space and do leverage classified systems and information to support operations, the majority of my unit's work is on the Coast Guard's unclassified domain.

4. Most of our work applies to Law Enforcement Intelligence (LEI) missions, and as such it primarily involves the use of unclassified data.

5. Accordingly, members of my unit regularly telework and are specifically equipped to do so with Virtual Desktop Infrastructure that allows them to access controlled but unclassified information ("CUI") material in a secure environment from home.

6. Just this month, both my direct supervisor and my branch chief leveraged telework options in lieu of in-person work.

7. The Coast Guard Commandant, Defendant Admiral Fagan, recently released guidance encouraging increased use of teleworking capabilities in order to promote a technology forward Coast Guard.

8. Meanwhile, on October 7, I was notified by my command that I have been put on a list of District 5 personnel who will likely deploy this upcoming December to Coast Guard District 7 in Miami, Florida, to support the ongoing surge in support of Alien Migrant Interdiction Operations, regardless of my vaccination status.

9. As to CAPT Vance's (my commanding officer onboard USCGC JAMES) statement that our religious beliefs "did not matter" to him (which I understand the Coast Guard does not dispute), two other unvaccinated service members were present during this counseling session and heard the same thing. Moreover, I recall distinctly that my commanding officer further said: "Let me be clear: I will negatively endorse any request for an accommodation that is not a request for a medical accommodation."

10. Given the content of CAPT Vance's (my commanding officer's) statements and his express promise to engage in disparate treatment of religious accommodation requests, I do not believe I misinterpreted what he said. I believe it demonstrated a distinct hostility to service members with religious objections to COVID-19 vaccination, consistent with the Coast Guard's

blanket denial of all requests for religious accommodation, except for those already slated for separation or retirement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2022.

_____
Alaric Stone

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ALARIC STONE**, **ERIC JACKSON**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN**, **III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard, <br><br> Defendants. | Case No. 4:22-cv-00825-P |

## SECOND SUPPLEMENTAL DECLARATION OF BOATSWAIN'S MATE 1ST CLASS ERIC JACKSON

Pursuant to 28 U.S.C. § 1746, I, Eric Jackson, under penalty of perjury declare as follows:

1. I am over the age of eighteen and I am competent to make this declaration.

2. This declaration responds to some specific statements made in Capt. Manning's declaration (Coast Guard's Ex. 7).

3. While underway at sea once, two COVID-19-vaccinated shipmates contracted COVID-19. It was a seamless process to transfer them to port for any necessary medical care.

4. My superior officers developed, submitted, and received approval of a COVID-19 mitigation plan that was the same mitigation plan I suggested and detailed in my original declaration. The plan allowed our fast response cutter (FRC) to stay at full daily work force while

1

all other units at our sector went into a limited daily work force status (*i.e.*, work from home or one-quarter of a daily work force).

5. With three other FRCs at homeport, more than a sufficient number of qualified personnel could have filled in for me if I were unable to get underway (though I never have been unable to get underway).

6. At full force a FRC operates with 26 people, but a FRC can operate with a minimum of 16 people.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 13, 2022.

_____
Eric Jackson

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALARIC STONE, ERIC JACKSON, and MICHAEL MARCENELLE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of Homeland Security, LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense, LINDA L. FAGAN, in her official capacity as Commandant of the Coast Guard, and BRIAN K. PENOYER, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard,<br><br>Defendants. | Case No. 4:22-cv-00825-P |

## SECOND SUPPLEMENTAL DECLARATION OF LIEUTENANT JUNIOR GRADE MICHAEL MARCENELLE

Pursuant to 28 U.S.C. § 1746, I, Michael Marcenelle, under penalty of perjury declare as follows:

1. I am over the age of eighteen and I am competent to make this declaration.

2. This declaration responds to some specific statements made in CAPT Cole's declaration (Coast Guard's Ex. 8).

3. The Sector Command Center (SCC) where I worked was staffed by approximately 25 members. At no point in time was the entire SCC put into isolation. The SCC is only ever staffed by four people at a time.

4. On a few occasions, the SCC implemented self-imposed isolation measures for members of the SCC who had come in contact with a COVID-19-positive person. Due to the

1

redundancy of billets and the number of people assigned to the SCC, our operational readiness was never in jeopardy.

5.  The Sector Charleston Response Department to which I was assigned was organized so that duties could be easily transferred to other personnel. All of the Junior Officers (JOs) such as myself and others were qualified in multiple roles as the mission required. The redundancy of our qualifications enabled us easily to fill in for others as needed.

6.  On September 23, 2022, I received from the Coast Guard a Memorandum giving me notice of the initiation of discharge proceedings against me.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2022.

_____
Michael Marcenelle