UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:22-cv-00825-P |

**RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY (*ALVARADO*)**

Plaintiffs hereby respond to Defendants' Notice of Supplemental Authority, a recent decision in *Alvarado v. Austin*, E.D. Va. ECF Nos. 49, 49-1.

First, *Alvarado* recognizes "admittedly" that other (unspecified) district courts have held plaintiff service members had justiciable, meritorious claims and issued injunctive relief in substantially similar military COVID-19 vaccine mandate cases. *Alvarado* at 6, 12, 13. Those other courts include *this* Court (*Navy SEALs 1-26 v. Austin*), the Southern District of Ohio (*Doster v. Kendall*; *Poffenbarger v. Kendall*), the Middle District of Georgia (*Air Force Officer v. Austin*), and the Middle District of Florida (*e.g.*, *Col. Fin. Mgmt. v. Austin*). *See*, *e.g.*, ECF Nos. 5, 38. *Alvarado* also ignores the Sixth Circuit's recent decision in *Doster v. Kendall* affirming the Southern District of Ohio. *See* ECF No. 48-1. *Alvarado* directly contradicts all of those decisions. *Alvarado* even ignores in-circuit appellate precedent, stemming from a case in the very same district, holding that discharges of service members for noncompliance with health-related readiness requirements are justiciable in the face of imminent career injury and "an untailored determination that [the service members] are not deployable." *Roe v. Shanahan*,

1

359 F. Supp.3d 382, 406 (E.D. Va. 2019), *aff'd sub nom. Roe v. Dep't of Def.*, 947 F.3d 207 (4th Cir. 2020).

Second, it is undisputed that each Plaintiff in this case received a final denial of his religious accommodation request (RAR), while in *Alvarado* "it is undisputed that some Plaintiffs are still awaiting an initial decision on their RARs while others await their appeals." *Alvarado* at 11.

Third, the Coast Guard is under the authority of the Department of Homeland Security (DHS) not the Department of Defense (DoD).[1] *See* Complaint, ECF No. 1, ¶ 30. Unlike in this case, there are no Coast Guard or DHS defendants in *Alvarado*. *Alvarado* at 2.

The need for relief in this case remains urgent.

---

[1] The pending National Defense Authorization Act (NDAA) bill contains language directing rescission of the DoD's COVID-19 vaccine mandate for fiscal year 2023 but does not direct rescission of the **Coast Guard's** COVID-19 vaccine mandate. *See* https://rules.house.gov/sites/democrats.rules.house.gov/files/BILLS-117HR7776EAS-RCP117-70.pdf at 407-08 ("Not later than 30 days after the date of the enactment of this Act, the **Secretary of Defense** shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2022.") (emphasis added). While the Coast Guard has generally, voluntarily aligned itself with the DoD with regard to COVID-19 vaccine policy including the systemic, discriminatory mishandling of RARs, by its terms the NDAA bill does not apply to the Coast Guard, *id.*, and in this lawsuit the Coast Guard has insisted that it is independent of the DoD. *See* ECF No. 30 at 15, 39. Moreover, as of today the NDAA has not been enacted, but even if enacted, under the NDAA's terms, the DoD mandate may remain in place for up to 30 days after the NDAA's enactment during which time, absent an injunction, the military could continue to take adverse action against service members for noncompliance with the mandate. Further, the military continues to insist the mandate was and is a lawful order, and even if the mandate is rescinded, absent an injunction the military could **thereafter** continue to take adverse action against service members for **prior noncompliance** with the mandate, including but not limited to denying reenlistment and promotions to end service members' careers. Plaintiffs reasonably believe the military would very likely attempt to do so, given its track record of aggressively trying to purge them and their fellow religious service members.

Dated: December 12, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*

3