UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and | ) | |
| **MICHAEL MARCENELLE**, on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | Case No. 4:22-cv-00825-P |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **ALEJANDRO N. MAYORKAS**, in his official | ) | |
| capacity as Secretary of Homeland Security, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' FOURTH STATUS REPORT
REGARDING AGREEMENTS WITH THE COAST GUARD**

Plaintiffs have conferred with Defendants (the "Coast Guard") about threatened imminent adverse actions against service members including but not limited to imminent discharge dates and imminent dates of transfer to the Inactive Status List ("ISL"; "no-pay, no-points status"). On September 30, 2022, Plaintiffs submitted a status update (ECF No. 25), summarizing the Coast Guard's resulting agreements to postpone adverse actions for certain service members until December 1, 2022 or pending resolution of Plaintiffs' motions for class-wide relief in this case (ECF No. 4). On November 4, 2022, Plaintiffs submitted a second status update (ECF No. 44), summarizing some of the Coast Guard's additional agreements resulting from Plaintiffs' conferral with Defendants, since September 30. On November 28, 2022, Plaintiffs submitted a third status report (ECF No. 47), summarizing some of the Coast Guard's additional agreements resulting from Plaintiffs' conferral with Defendants, since November 4.

This is a fourth status update, summarizing the Coast Guard's additional agreements resulting from Plaintiffs' conferral with Defendants, since November 28, 2022 to the present, pending resolution of the pending motions for class-wide relief. As detailed below, the Coast

1

Guard has agreed to postpone the discharge and/or ISL-transfer dates for some (but far from all) putative class members to January 11, 2023 or January 15, 2023, and the need for relief from this Court remains urgent.

- The Coast Guard previously refused to extend the December 11, 2022 end-of-enlistment / discharge date of one putative class member. On December 7, 2022, the Coast Guard agreed to extend her end-of-enlistment / discharge date from December 11 to January 11, 2023.

- The Coast Guard previously agreed to extend the end-of-enlistment / discharge date of one other putative class member from November 1, 2022 to December 1, 2022. Before December 1, 2022, he requested an extension of his end-of-enlistment / discharge date beyond December 1. He did not receive a response to that request before December 1. On December 2, he received a notice of separation. On December 7, the Coast Guard agreed to extend his end-of-enlistment / discharge date from December 1, 2022 to January 15, 2023.

- The Coast Guard previously agreed to defer discharge and/or ISL transfer to December 15, 2022 for 125+ putative class members (*see* ECF No. 25 at 2, No. 44 at 2, and No. 47 at 2). On December 7, 2022, the Coast Guard agreed to modify that agreement; it agreed to not discharge or transfer them to the ISL prior to January 15, 2023.

- The Coast Guard still refuses to hold off on all imminent adverse actions against all 1,200+ putative class members; on December 8, 2022, counsel for the Coast Guard stated, "As before, it will not act with respect to everyone in the class." *See also* ECF No. 25 at 1 n.1; ECF No. 44 at 2 n.2; ECF No. 47 at 2. The Coast Guard also

2

informed at least one putative class member that the Coast Guard's personnel

management system will be offline for updates from December 19, 2022 to January 3,

2022, which may prevent the Coast Guard from processing additional extensions or

extensions for other putative class members during that time. The need for class-wide

relief (ECF No. 4) remains urgent.  *See id. See also* ECF No. 50 at 2 n.1 (addressing

urgent need for class-wide relief even if the NDAA is enacted).

Dated: December 12, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*