UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Case No. 4:22-cv-00825-P |

## NOTICE OF ADDITIONAL AUTHORITY

Plaintiffs hereby give notice of a decision issued yesterday by Judge James Wesley Hendrix of the Northern District of Texas, in *Schelske v. Austin*, No. 6:22-cv-0049-H (N.D. Tex. Dec. 21, 2022) (attached hereto), that is directly relevant to this case and the pending motions for injunctive and class-wide relief (ECF No. 4).

In *Schelske,* Judge Hendrix issued a preliminary injunction under the Religious Freedom Restoration Act, preventing the Army from "taking or continuing any disciplinary, punitive, or separation measures" against the named plaintiffs on the basis of their COVID-19 vaccination status. *Id.* at 63. Judge Hendrix has not yet decided to issue a class-wide injunction because there, unlike here, the briefing on the motions for class-wide relief "is not yet ripe." *Id.* at 23 n.8. By contrast, in this case, the motions for class-wide relief have been fully briefed since October 14, 2022.

The enjoined Army vaccination mandate is identical to the challenged Coast Guard mandate at issue in this case. Judge Hendrix's decision is on point and, like the Sixth Circuit's recent decision in *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022) (*see* ECF No. 48-1), supports

1

Plaintiffs' position in this case on numerous issues including justiciability, exhaustion, and ripeness (*Schelske* at 24-41), strict scrutiny (*id.* at 41-43), the military's lack of compelling interest (*id.* at 44-54), the military's failure to satisfy the least restrictive means test (*id.* at 54-59), the military's groundless claim to deference under RFRA (*id.* at 49-50), and irreparable harm and public interest (*id.* at 59-62).

Judge Hendrix also recognized that while the pending National Defense Authorization Act ("NDAA") bill if signed into law by the President could partially moot the litigation insofar as it requires the Secretary of Defense to rescind the COVID-19 vaccine mandate, "the Army has refused to commit to halting separation proceedings against the plaintiffs by way of any agreement that this Court can enforce," *and* "there is no real indication that separations will cease." (*Id.* at 3.) The same is true here, as the Coast Guard has repeatedly refused to commit to staying separation proceedings for all putative members of Plaintiffs' proposed class. Moreover, as Plaintiffs have explained (ECF No. 50 at 2 n.1), the relevant NDAA provision does not even apply to the Coast Guard; the Department of Defense mandate may remain in place for up to 30 days after the NDAA's enactment; and, as Judge Hendrix put it, "there is no real indication that separations will cease."

Currently, five military services are variously enjoined from enforcing their respective COVID-19 vaccination mandates against religious objectors, with two such injunctions issuing from the Northern District of Texas. *See, e.g., Navy SEALs 1-26 v. Austin,* 594 F. Supp.3d 767 (N.D. Tex. 2022) (class-wide injunction against the Navy); *Doster v. Kendall*, No. 1:22-CV-00084-MWM, 2022 WL 2974733 (S.D. Ohio July 27, 2022), *aff'd* 54 F.4th 398 (6th Cir. 2022) (class-wide injunction against the Air Force and Space Force); *Col. Fin. Mgmt. Officer v. Austin,*

No. 8:22-CV-1275-SDM-TGW, 2022 WL 3643512 (M.D. Fla. Aug. 18, 2022) (class-wide injunction against the Marine Corps); *Schelske* (named plaintiffs' injunction against the Army).

The Coast Guard now stands alone as the only military service with entirely free reign to punish and separate religious service members based on vaccination status. And the Coast Guard continues to do so. Moreover, to counsel's knowledge, this case presents the best if not the only opportunity nationwide for Coast Guard service members to obtain class-wide injunctive relief at this time. *See Bazzrea v. Mayorkas,* No. 3:22-cv-00265 (S.D. Tex. Dec. 12, 2022) (staying case until January 13, 2023; no motion for class-wide injunctive relief has been filed); *Pilot v. Austin,* No. 8:22-cv-01278 (M.D. Fla. Dec. 14, 2022) (canceling court-ordered mediation following plaintiffs' request to delay the mediation to at least February 2023).

Plaintiffs and the 1,200+ putative class members urgently need the same relief that their fellow service members in other branches have already received.

Dated: December 22, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*