UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Case No. 4:22-cv-00825-P |

## PLAINTIFFS' NOTICE OF ADDITIONAL AUTHORITY

Plaintiffs hereby give notice of a recent decision issued by the U.S. Court of Appeals for the District of Columbia Circuit in *Singh v. Berger*, No. 22-5234 (D.C. Cir. Dec. 23, 2022) (attached hereto), that is directly relevant to this case and the pending motions for injunctive relief (ECF No. 4).

In *Singh,* the Circuit Court reversed the District Court's denial of a preliminary injunction sought by members of the Sikh religion against the Marine Corps. Specifically, the plaintiffs sought to enlist in the Marine Corps and sought religious accommodations to have beards, long hair, and certain ceremonial items. The Circuit Court found the plaintiffs demonstrated a likelihood of success on the merits under the Religious Freedom Restoration Act (RFRA) and that the balance of equities and public interest weigh in their favor. *Singh* at 39. The Circuit Court remanded the case to the District Court with direction to enter a preliminary injunction in favor of two of the plaintiffs who demonstrated ongoing irreparable harm and for further consideration of the third plaintiff's request because he may have postponed his plans to enlist. *Id.* at 39-40.

The Circuit Court's decision is analogous to the numerous recent RFRA decisions enjoining military vaccine mandates. *See, e.g., Schelske v. Austin,* No. 6:22-cv-0049-H (N.D. Tex. Dec. 21, 2022) (ECF No. 52-1); *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022) (ECF No. 48-1); *Navy SEALs 1-26 v. Austin*, 594 F. Supp.3d 767 (N.D. Tex. 2022); *Col. Fin. Mgmt. Officer v. Austin*, No. 8:22-CV-1275-SDM-TGW, 2022 WL 3643512 (M.D. Fla. Aug. 18, 2022); *Air Force Officer v. Austin*, 588 F. Supp. 3d 1338 (M.D. Ga. 2022); *Poffenbarger v. Kendall*, 588 F. Supp. 3d 770 (S.D. Ohio 2022); *Navy Seal 1 v. Austin*, 586 F. Supp. 3d 1180 (M.D. Fla. 2022).

The *Singh* opinion supports Plaintiffs' position in this case on numerous issues including the limits to military deference under RFRA (*Singh* at 3-7, 17, 27); justiciability, exhaustion, and ripeness (*id.* at 9); the military's lack of compelling interest, including the inability of broadly formulated interests such as "mission accomplishment, unit cohesion, and good order and discipline" to satisfy the rigorous requirements of RFRA and the military's granting of medical and other secular waivers disproving the existence of a purported compelling interest (*id.* at 14-26, 32); the military's failure to satisfy the least restrictive means test, particularly in light of "readily at hand alternatives, especially those that have been proven to work in analogous circumstances" (*id.* at 26-34); public interest, including the "profound national interest in diversity within the military" evidenced by codification into law of "the imperative that military commanders make military service compatible with diverse religious traditions" (*id.* at 34-37); and ongoing irreparable harm to service members who want to serve the country right now (*id.* at 37-39).

Importantly, on this last point, the Circuit Court instructed the District Court to enter an injunction requiring the Marine Corps to enlist certain plaintiffs because "[e]ach day that the

Marine Corps refuses to let them take the oath of enlistment unless they surrender their faith inflicts an irreversible and irreparable harm." *Id.* at 38. The Circuit Court's required relief is particularly relevant to the present case, where the Coast Guard is refusing to reenlist or promote service members due to their religiously-motivated activities leading directly to their discharge.

      More than 1,200 Coast Guard service members still face the day-to-day uncertainty of whether they must forego their careers, income, housing, and medical, dental, and life insurance "unless they surrender their faith." Class-wide injunctive relief is urgently needed to halt the ongoing irreparable harm.

Dated: December 27, 2022

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*