UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:22-cv-00825-P |

### PLAINTIFFS' REPORT TO COURT
### FOLLOWING RESCISSION OF THE COVID-19 VACCINE MANDATE

Plaintiffs hereby submit the following report to the Court following the Coast Guard's January 11, 2022 issuance of its vaccine-mandate-rescission order (Exhibit A) and the Department of Defense's January 10, 2022 issuance of its vaccine-mandate-rescission order (Exhibit B).

The Coast Guard's voluntary[1] vaccine-mandate-rescission order (Exhibit A) does not provide anywhere near all necessary and appropriate relief to Plaintiffs and the putative class. The order merely stated that the vaccine mandate is "cancelled," that the Coast Guard is "stopping" all existing "separation" proceedings, and that "[f]urther guidance on other administrative actions… is forthcoming." The Coast Guard before today[2] has not issued any such

---

[1] The Coast Guard's mandate rescission (Exhibit A) was uniquely voluntary. Unlike the Department of Defense's vaccine-mandate rescission (Exhibit B), which was legally *required* under the National Defense Authorization Act (NDAA) and applicable to the other service branches, the Coast Guard's decision to rescind its vaccine mandate was *voluntary*. The NDAA did not require the Coast Guard to rescind its vaccine mandate. *See* ECF No. 55.

[2] Minutes before Plaintiffs were planning to file this report, Plaintiffs learned that the Coast Guard issued some limited guidance today and that it is applicable to enlisted service members only. Plaintiff Jackson is the only enlisted Plaintiff. Based on an initial review it does not provide

1

further guidance or indicated when it will be issued. Plaintiffs and the putative class still urgently need critical, tangible relief.

For example, the rescission order does not address adverse actions such as expungement of wrongfully-issued negative records including CG-3307s; denial of training, education, leadership position, advancement, awards, recognition, pay, or benefits based on vaccination status; or remediation of past wrongful denials of promotions, educational opportunities, or awards based on vaccination status. Specifically, with respect to the three Plaintiffs, the Coast Guard has not:

- Expunged any and all records or findings—as set forth in a form CG-3307 or otherwise—regarding COVID-19 vaccination, including but not limited to CC-3307s recording whether Plaintiffs[3] would seek a religious accommodation, ordering Plaintiffs to obtain a vaccination, or asserting that, by not receiving a COVID-19 vaccine, Plaintiffs willfully disobeyed a superior commissioned officer or failed to obey a lawful order under Article 90 or 92(2) of the Uniform Code of Military Justice (UCMJ).

- Agreed to not deny Plaintiffs any training, education, leadership position, advancement, awards, recognition, pay, or benefits, based on any such CG-3307, any such claimed violation of Article 90 or 92(2), COVID-19 vaccination status, "wordwide deployability" status based on COVID-19 vaccination status, or previous submission of a religious accommodation request (RAR).

---

all the relief he seeks. Plaintiffs will submit an update if, after comprehensive review, they determine this limited guidance obviates the need for any relief sought.
[3] *See* ECF Nos. 6-1 at 50 (CG-3307 issued to Stone), 6-2 at 17 (CG-3307 issued to Jackson), 6-3 at 29 (CG-3307 issued to Marcenelle).

- Offered Plaintiffs prioritized training and education that were previously denied to them due to their vaccination status or RAR, including:
    - Maritime Counter Trafficking and Emergency Medical Technician School for Plaintiff Jackson.
    - Intelligence Officer Course for Plaintiff Stone.
    - Operations Section Chief School for Plaintiff Marcenelle.
- Offered Plaintiff Jackson expedited promotion testing that was first denied to him in 2022 due to his vaccination status or RAR.
- Granted Plaintiff Stone future prioritized consideration in any competition for command, as partial remediation for past lost opportunities to compete for command due to his vaccination status or RAR.
- Granted to Plaintiff Marcenelle notice of promotion to Lieutenant, with a promotion date of April 29, 2023, that was previously denied to him due to his vaccination status or RAR.
- Upgraded Plaintiff Stone's Coast Guard Achievement Medal to a Coast Guard Commendation Medal, which Plaintiff Stone had been nominated for but was ultimately downgraded to a Coast Guard Achievement Medal due to his vaccination status or RAR.
- Granted to Plaintiff Jackson a Department of Homeland Security Outstanding Unit Award in accordance with ALCOAST 040/22, which had been denied due to his vaccination status.

Absent firm assurance that the Coast Guard will take prompt action to remedy these past adverse actions, Plaintiffs suggest that a stay of the proceedings would be inappropriate. In their

Complaint, Plaintiffs request two primary types of relief: (1) an injunction against "enforcement" of the vaccine mandate and (2) relief from any "adverse action" against Plaintiffs and putative class members related to this lawsuit or their religious objection to the mandate and any further incidental relief. *See* ECF No. 1 at 66-67.[4] Plaintiffs' motion for class-wide relief, filed in September 2022, seeks both types of relief. ECF No. 4. In light of the mandate rescission, the first type of relief (preliminary injunction against "enforcement" of the mandate itself) is not currently warranted,[5] but the second type of relief (preliminary injunction against "adverse actions") remains warranted and necessary.

The Coast Guard's rescission order does not speak to remedying any adverse action other than stating that all existing "separation" proceedings will be stopped. For example, the rescission order does not provide for or even address adverse actions such as the expungement of wrongfully-issued negative records including CG-3307s; ceasing the denial of training, education, leadership position, advancement, awards, recognition, pay, or benefits based on CG-3307s or vaccination status; or remediation of past wrongful denials of promotions, educational opportunities, or awards based on vaccination status. (See bullet points above.) The Coast Guard has issued no adequate assurances that such adverse actions will be stopped or remedied. Putative class members urgently need relief from adverse actions[6] just as much as Plaintiffs do.

---

[4] All such relief is encompassed in the Complaint, ECF No. 1, and therefore Plaintiffs do not need to amend their Complaint at this time. But to the extent Plaintiffs' requested relief were deemed not to be encompassed in the Complaint, Plaintiffs can amend it once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B).

[5] Plaintiffs can submit an updated proposed order (ECF No. 4-1) should the Court so desire.

[6] Like the Coast Guard's rescission order, the Department of Defense's rescission order does not sufficiently help service members but is somewhat more helpful than the Coast Guard's. The Department of Defense's rescission order specifies that "Military Departments will update the records of such individuals to *remove any adverse actions* solely associated with denials of such requests, including letters of reprimand" (emphasis added), though the Department of Defense does not specify what it considers to be an "adverse action" or how it will be "remove[d]". For

The Court should grant Plaintiffs' motions for class-wide relief as to any and all "adverse actions." To the extent the Coast Guard now or in the future moves to stay the case, or to dismiss the case as "moot," Plaintiffs will respond to (and likely oppose) such motion in due course.

The Coast Guard asked Plaintiffs to include the following in this filing: "In Defendants view, Plaintiffs' statement is a sudden and significant change from their position at the settlement conference and as expressed in communications between the parties earlier this week. Defendants intend to file a response to this statement, which they received today, on or before Monday, January 30, 2023." Plaintiffs disagree with the Coast Guard's characterization of Plaintiffs' position. The parties agreed to file, by today, a joint motion to stay the case or otherwise file a report with the Court with the parties' positions on how to proceed. Plaintiffs' position has been consistent and reasonable. They will reply to any filing by the Coast Guard in due course.

---

example, does "adverse action" include issuance of CG-3307s or denial of any training, education, leadership position, advancement, awards, recognition, pay, or benefits, as detailed above, or forced payback of bonuses or incentives? And if the military does believe those are "adverse actions," how will it "remove" them? The Department of Defense has provided no answers to these questions. In any event, the Coast Guard's rescission order contains no reference to "adverse action" whatsoever, except as noted in footnote 2 the Coast Guard has not issued any guidance on what is considers to be an "adverse action" or how it will be "removed," nor has the Coast Guard provided any indication of when additional guidance might be issued, and, again, the Department of Defense's rescission order does not apply to the Coast Guard.

Dated: January 25, 2023

Respectfully submitted,

/s/ Adam S. Hochschild

| | |
|---|---|
| Stephen Crampton, *pro hac vice*<br>THOMAS MORE SOCIETY – Senior Counsel<br>PO Box 4506<br>Tupelo, MS 38803<br>(662)255-9439<br>scrampton@thomasmoresociety.org | Charles W. Fillmore<br>State Bar # 00785861<br>H. Dustin Fillmore III<br>State Bar # 06996010<br>THE FILLMORE LAW FIRM, L.L.P.<br>201 Main Street, Suite 700<br>Fort Worth, TX 76102<br>(817)332-2351<br>chad@fillmorefirm.com<br>dusty@fillmorefirm.com |
| Michael McHale, *pro hac vice*<br>THOMAS MORE SOCIETY – Counsel<br>10506 Burt Circle, Ste. 110<br>Omaha, NE 68114<br>(402)501-8586<br>mmchale@thomasmoresociety.org | Nathan Loyd, *pro hac vice*<br>THOMAS MORE SOCIETY – Special Counsel<br>5101 Old Highway 5, Box 442<br>Lebanon, GA 30146<br>(559)744-3664<br>nathaniel.loyd@thomasmoresociety.org |
| Adam S. Hochschild, *pro hac vice*<br>Hochschild Law Firm<br>THOMAS MORE SOCIETY – Special Counsel<br>PO Box 401<br>Plainfield, VT 05667<br>(314)503-0326<br>adam@hochschildlaw.com | |
| Mary Catherine Hodes, *pro hac vice*<br>THOMAS MORE SOCIETY – Special Counsel<br>112 S. Hanley Rd., Second Floor<br>Clayton, MO 63105<br>(314)825-5725<br>mchodes@thomasmoresociety.org | |
| Paul M. Jonna, *pro hac vice*<br>LiMandri & Jonna LLP<br>THOMAS MORE SOCIETY – Special Counsel<br>P.O. Box 9120<br>Rancho Santa Fe, CA 92067<br>(858)759-994<br>pjonna@limandri.com | |

*Counsel for Plaintiffs*