UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC JACKSON, *et. al.*,<br><br>        *Plaintiffs,*<br><br>v.<br><br>ALEJANDRO N. MAYORKAS,<br>Secretary of Homeland Security, *et al.*,<br><br>        *Defendants.* | Case No. 4:22-cv-0825-P |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' REPORT REGARDING THE RESCISSION OF THE COVID-19 VACCINATION REQUIREMENT

Defendants respectfully submit this response to Plaintiffs' report regarding the rescission of the Coast Guard's COVID-19 vaccination requirement, ECF No. 64.

As Defendants previously reported, the National Defense Authorization Act for Fiscal Year 2023, signed into law on December 23, 2022, directs the Secretary of Defense to rescind his August 2021 memorandum requiring that service members be vaccinated against COVID-19. ECF No. 53. The Secretary of Defense complied with that directive on January 10, 2023. ECF No. 64-2. In addition to revoking the vaccination requirements set forth in the August 2021 memorandum, the rescission memorandum directs military departments to "update the records of . . . individuals to remove any adverse actions solely associated with denials of" requests for exemption from the vaccination requitement. *Id.* at 1.

The next day, to maintain alignment with the Department of Defense, the Coast Guard cancelled ALCOAST 305/21 and 315/21, which similarly required COVID-19 vaccination for members of the Coast Guard. ECF No. 64-1. The Coast Guard also immediately stopped all involuntary administrative separations resulting from violations of orders to become vaccinated and indicated that "[f]urther guidance on other administrative actions . . . is forthcoming." *Id.*

On January 25, 2023, immediately before Plaintiffs filed their report, the Coast Guard cancelled two other policies associated with the rescinded vaccination requirement. Exhibit 1. First, the Coast Guard cancelled ALCGPSC 016/22, which precluded enlisted members and officers who were not vaccinated against COVID-19 from receiving permanent change of station orders. Second, the Coast Guard cancelled ALCGPSC 104/21, which imposed vaccination requirements for training and education courses and for command positions. As explained in further guidance issued on January 25 and 26, the Coast Guard has now cancelled all assignment and training restrictions related to COVID-19 vaccination for both enlisted members and officers.[1] Exhibit 2, ALCGOFF 005/23 ¶ 3 (relating to officers); Exhibit 3, ALCGENL 013/23 ¶ 3 (relating to enlisted members). Further, the Coast Guard's guidance makes clear that "refusal of the COVID-19 vaccination alone does not require the withholding of advancement" for enlisted members, that those whose advancement was previously withheld due to their vaccination status are "encouraged to compete in the 2023" advancement panels, and that commanding officers must amend previous recommendations against advancement that were based solely on a member's refusal to become vaccinated against COVID-19. Ex. 3 ¶ 4.A–C. The Coast Guard expects to issue further guidance related to the rescission, including guidance to align with the Secretary of Defense's directive to remove adverse actions associated with denied exemption requests. *Cf. id.* ¶ 1 (contemplating "[a]dditional guidance").

Given the rescission of the COVID-19 vaccination requirement, the cancellation of associated restrictions, and the Coast Guard's plan to align itself with the Secretary of Defense's directive to remove any adverse actions for members whose request for an exemption was denied,

---

[1]  Plaintiffs' statement that the guidance is "applicable to enlisted members only," ECF No. 64 at 1 n.2, is not correct.

Defendants submit that the purported irreparable harm underlying Plaintiffs' motion for a preliminary injunction has dissipated, the proposed class is not certifiable, and this case is moot.[2] Nevertheless, Defendants remain willing to honor the tentative agreement that the parties reached during the settlement conference, as described by Plaintiffs' counsel on the record. *See* ECF No. 63 (transcript of sealed proceedings). That is, Defendants propose that the Court proceedings until the Department of Defense and the Coast Guard have resolved outstanding policy issues and published further guidance implementing the rescission of the COVID-19 vaccination requirement. During the stay, the Coast Guard will not take any additional adverse action against any of the named Plaintiffs based on his COVID-19 vaccination status and will consider in good

---

[2] In urging their position that the case is not moot, Plaintiffs complain that, among other things, the Coast Guard's cancellation order and guidance to date do not guarantee "expunge[ment]" of records concerning Plaintiffs' vaccination status and "remediation" for trainings, promotions, and awards that certain named Plaintiffs allegedly missed due to their unvaccinated status. ECF No. 64 at 2. But even assuming those alleged harms are encompassed within the complaint (and there appear to be no allegations supporting such specific relief), there are intra-service procedures for obtaining such "expunge[ment]" and "remediation," and Plaintiffs cannot evade their mootness problem by failing to first exhaust "available intraservice corrective measures." *Hodges v. Callaway*, 499 F.2d 417, 419–20 (5th Cir. 1974) (quoting *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971)); *Schelske v. Austin*, No. 6:22-cv-049-H, 2022 WL 17835506, at *12 (N.D. Tex. Dec. 21, 2022) ("taking the Fifth Circuit's lead" and applying *Mindes* in military vaccination case); *see alsao Von Hoffburg v. Alexander*, 615 F.2d 633, 637–38 (5th Cir. 1980) ("In the military context, the exhaustion requirement promotes the efficient operation of the military's judicial and administrative systems, allowing the military an opportunity to fully exercise its own expertise and discretion prior to any civilian court review."). In addition, the demand by some Plaintiffs to be placed retroactively into officer positions is nonjusticiable. *See Orloff v. Willoughby*, 345 U.S. 83, 90 (1953) ("It is obvious that the commissioning of officers in the Army is a matter of discretion within the province of the President as Commander in Chief."); *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989) ("Appellant's request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions."). Also nonjusticiable are claims that Plaintiffs should have been assigned to certain trainings and courses. *See Gilligan v. Morgan*, 413 U.S. 1, 10 (1973) ("The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments."); *see also Austin v. U. S. Navy Seals 1-26*, 142 S. Ct. 1301 (2022) (staying preliminary injunction "insofar as it precludes the Navy form considering respondents' vaccination statues in making deployment, assignment, and other operational decisions").

3

faith possible resolutions to Plaintiffs' claims that they have been subject to past adverse actions because of their noncompliance with the prior vaccination requirement. The proposed stay will not prejudice Plaintiffs, who initially expressed support for such a stay and who face no threat of harm from the rescinded vaccination requirement. Moreover, additional guidance from the Department of Defense and the Coast Guard may address the harms claimed by Plaintiffs—just as the guidance issued on January 25 and 26 addresses their claimed harms about restrictions on training and advancement[3]—and thereby reduce or eliminate the issues that Plaintiffs would seek to litigate.

If, however, the Court does not enter a stay, Defendants intend to file a motion to dismiss this case as moot[4] and propose that they be permitted three weeks from the Court's scheduling order to do so. Should the Court direct, Defendants will also provide supplemental briefing on the impacts of the rescission and subsequent Coast Guard guidance on the pending motions for class certification and for a class-wide preliminary injunction. In part, and in addition to the reasons set forth in Defendants' opposition brief, Plaintiffs' proposed class fails because they cannot show that any members of that class—especially those who never received an order to vaccinate and therefore suffered no prior adverse action—have the requisite injury to obtain relief. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("Article III does not give federal courts

---

[3] The trainings that Plaintiffs wish to be "offered" and "prioritized" for, ECF No. 64 at 3, are periodically held, and Plaintiffs' vaccination status is now no barrier to them enrolling on their own. The Maritime Counter Trafficking training that Plaintiff Jackson identifies will take place twice this year in June and July. And the EMT training will occur five more times this year between February and September. The month-long Intelligence Officer Course that Plaintiff Stone mentions will occur again in August through September. And the training for Operations Section Chief that Plaintiff Marcenelle wants to attend will recur in March and again in August. As of today, there are seats remaining in each of these courses.

[4] Defendants note that, in litigation challenging the Navy's COVID-19 vaccination requirement, the Fifth Circuit Court of Appeals ordered supplemental briefing on the issue of mootness in light of Congress's directed rescission of the COVID-19 vaccination requirement. *See* Order, *U.S. Navy SEALs 1–26 v. Biden*, No. 22-10077 (5th Cir. Jan. 4, 2023). The parties filed their supplemental briefs in that case on January 27, 2023.

the power to order relief to any uninjured plaintiff, class action or not." (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J., concurring)). And a preliminary injunction should not issue for the additional reason that the only alleged irreparable harm to the class—"pressure on thousands of service members to violate their religious beliefs" and become vaccinated, ECF No. 5 at 30[5]—has entirely dissipated because the rescission of the vaccination requirement has removed any such pressure.

For the foregoing reasons, Defendants respectfully propose that the Court stay this case until the Coast Guard determines that it has completed the promulgation of all generally applicable policies implementing the cancellation of ALCOAST 305/21 and 315/21 that are relevant to this case. Once it has done so, Defendants propose to confer with Plaintiffs and file a joint notice with the Court advising what, if any, issues remain to be litigated and, if necessary, proposing a schedule for further proceedings.

\*   \*   \*

---

[5] Page references are to the ECF-generated page numbers printed in blue at the top-right corner.

Dated: January 30, 3023            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY H. COPPOLINO
Deputy Branch Director

 /s/ Johnny Walker
CODY T. KNAPP (NY Bar #5715438)
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: johnny.h.walker@usdoj.gov

*Counsel for Defendants*