UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Case No. 4:22-cv-00825-P |

### PLAINTIFFS' NOTICE OF NEW GUIDANCE AND SUPPLEMENTAL REPORT TO COURT FOLLOWING RESCISSION OF THE COVID-19 VACCINE MANDATE

Plaintiffs hereby give notice of new voluntary guidance issued by the Coast Guard on January 25 and 26, 2023 (attached hereto as Exhibits 1-3), related to its January 11, 2023 vaccine-mandate rescission order (ECF No. 64-1), and submit the following supplemental report to the Court related to the new guidance.

The guidance does not remedy ongoing harms to the Plaintiffs. Absent the Coast Guard's assurance—willingly or under Court order—that the Coast Guard will take steps to remedy concrete, ongoing harms resulting from the now-rescinded vaccine mandate, this case should proceed and the Court should grant preliminary injunctive relief.

**A. The new guidance rescinds certain restrictions but the Coast Guard continues to refuse to recognize many ongoing harms and available remedies.**

It is a bedrock rule that an action for equitable relief remains live and in need of judicial resolution so long as any voluntary intervening relief by the defendant has not "completely and irrevocably eradicated the effects of the alleged [underlying] violation." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

1

The Coast Guard's voluntary rescission of the vaccine mandate and voluntary rescission of additional sub-restrictions on unvaccinated service members with respect to permanent-change-of-station orders, training and education courses, and command positions—prospectively only—are positive developments. ECF No. 64-1; Exhibit 1 (ALCGPSC 012/23[1]); Exhibit 2 (ALCGOFF 005/23); and Exhibit 3 (ALCGENL 013/23). But the Coast Guard's guidance, and inaction otherwise, evidence a refusal to remedy, or even credibly to offer assurances that it will consider remedying, all *ongoing adverse actions*.

The Coast Guard continues to punish religious objectors for *prior* noncompliance and to pressure them to betray their religious beliefs to avoid *future* adverse actions. All of these adverse actions are based on the now-rescinded mandate itself—and particularly on the Coast Guard's previous categorical denial of all religious accommodation requests therefrom, in blatant violation of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, *et seq.*, and the Free Exercise Clause of the First Amendment. The Coast Guard continues to deny critical, urgent, time-sensitive relief from ongoing adverse effects and refuses to provide adequate assurances that it will consider these requests for relief.

For example, in 2022, the Coast Guard refused to give Plaintiff Marcenelle notice of a promotion to Lieutenant, with an effective date of April 29, 2023, solely due to his vaccination status or religious accommodation request (RAR). ECF No. 64 at 3; ECF No. 6-2 at 70-71, ¶¶ 27-33. The matter is justiciable under RFRA.[2] In any event, the promotion at issue is one that currently would and should occur in the *future*, on April 29, 2023, and therefore would not be

---

[1] See also Exhibit 4 (ALCGPSC 016/22 and ALCGPSC 104/21), referred to in Exhibit 1 as "canceled" measures.
[2] Missed training and educational opportunities are likewise justiciable. *See also* footnotes 4 and 6 *infra*.

2

retroactive. This wrongfully denied promotion is a result of the Coast Guard's violation of RFRA and the First Amendment, is easily remedied, and should be remedied, now, before April 29.[3]

As another example, the Coast Guard has thus far refused to expunge negative disciplinary records based on noncompliance with the vaccine mandate—even though all of the other service branches (which unlike the Coast Guard are under the Department of Defense) must do so. ECF No. 64-2 at 1. Since December 2022, the Coast Guard has claimed that it "intends" to align itself with the other branches (ECF No. 53 at 2), but it has not yet and has offered no indication of when it will. Plaintiffs need not exhaust administrative remedies here.[4] The other service branches must expunge religious objectors' negative records, by express order of Defendant Secretary Austin, and with no required action by affected service members. ECF No. 64-2 at 1.

As yet another example, the Coast Guard's new guidance states that "refusal of the COVID-19 vaccination *alone* does not *require* the withholding of advancement for enlisted members" in certain circumstances. Exhibit 3 at 2 (emphasis added). This implicitly *allows* the Coast Guard to consider vaccination status as a *factor*, even a substantial factor, meaning that getting vaccinated would plainly give one a presumptive advantage in obtaining advancement.[5]

---

[3] Moreover, Plaintiff Marcenelle may ultimately be *discharged from the Coast Guard if he is not promoted* (ECF No. 6-2 at 71, ¶ 33)—in direct violation of the will of Congress, and an adverse effect that would not occur should he secure his originally scheduled promotion set to take effect this April. At Plaintiff Marcenelle's level of service, selection to Lieutenant was essentially guaranteed unless he had committed a serious offense such as DUI or sexual assault (which he had not and has not). By continuing to deny Plaintiff Marcenelle this April 2023 promotion, the Coast Guard is unlawfully treating his religious objection as a serious offense.

[4] *See*, *e.g.*, ECF No. 38 at 8 (discussing why the categorical denial of RARs, and the ongoing harms that continue because of those denials, violate RFRA and the First Amendment and can be remedied in the first instance in federal court); *Doster v. Kendall*, 54 F.4th 398, 437-38 (6th Cir. 2022) (same). Class certification was and is appropriate. *Id.*

[5] Moreover, the Coast Guard's policies of denying substantial bonuses to unvaccinated service members in various positions remain in place. *See*, *e.g.*, ALCOAST 402/22, 403/22, 404/22,

Indeed, the Coast Guard expressly claims it has the right to continue withholding promotions to unvaccinated personnel who had already been selected for promotion.[6] *Id.* at 2. This means religiously opposed unvaccinated service members *continue to face substantial pressure to obtain a COVID-19 vaccine against their religious beliefs*—an ongoing irreparable harm triggering an urgent need for injunctive relief under RFRA and the First Amendment. *See also* Oral Argument Recording, *Navy Seals 1-26 v. Austin*, No. 22-10077, at 27:55-29:35 (5th Cir. Feb. 6, 2023) (Judge Kyle Duncan asking plaintiffs' counsel whether the mandate's rescission makes the exemption process worse, and observing that "it went from a 50-step process to a zero-step process").[7]

Thus the Coast Guard's own actions (and inactions) show it is not willing to consider in good faith these particular or any other requests for full, concrete relief from the adverse consequences of its prior (and ongoing) illegal actions, absent firm commitment from the Coast Guard or a Court order. In its broad discretion, the Court can enjoin and remedy these adverse actions. *See*, *e.g.*, *Swann v. Charlotte-Mecklenburg Bd. Of Ed.*, 402 U.S. 1 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."); *Smith v. Young Men's Christian Ass'n of Montgomery, Inc.*, 462 F.2d 634, 649 (5th Cir. 1972) ("A court of

---

405/22, 406/22, 407/22, 409/22, 410/22, and 411/22. Exhibit 5. Neither the mandate-rescission order nor the guidance rescinds these policies.

[6] Plaintiffs assume the Coast Guard may sometime align itself with the Department of Defense's rescission order (ECF No. 64-2) in claiming the right to consider vaccination status in making deployment, assignment, or operational decisions in defiance of the National Defense Authorization Act, which requires rescission of the mandate without qualification. Congress has the constitutional authority to regulate the military. *See* U.S. Const. Art. I, § 8 (Congress is empowered to "make Rules for the Government and Regulation of the land and naval Forces"). *See also*, *e.g.*, *Doster*, 54 F.4th at 413 (RFRA applies to the military).

[7] https://www.ca5.uscourts.gov/OralArgRecordings/22/22-10077_2-6-2023.mp3.

equity has unquestioned wide powers to provide effective means for enforcement" of civil rights laws "and to eradicate the effects of past discrimination.").

**B.     This case is not moot.**

To the extent the Coast Guard contends that the case is moot in light of the voluntary rescission of the mandate and the voluntary issuance of some guidance rescinding various sub-restrictions that flowed from the mandate, it is mistaken. As previously alluded to, "[i]n order for voluntary cessation of allegedly illegal conduct to render a case moot, there must be no reasonable expectation that the alleged violation will recur, and intervening events must have completely eradicated the effects of the conduct." *City of Waco v. E.P.A.*, 620 F.2d 84, 87 (5th Cir. 1980); *see also Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (same), abrogated on other grounds by *Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 972 F.3d 696, 704 (5th Cir. 2020), rev'd and remanded sub nom. *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 212 L. Ed. 2d 418 (2022).

But the Coast Guard to date refuses to commit to actually remedying the harmful effects of its prior illegal actions. Fundamentally, much of the irreparable harm underlying Plaintiffs' pending motions for class-wide relief (ECF No. 4) has **not** dissipated. *See*, *e.g.*, Section A above.[8] The rescission order and the guidance by no means make Plaintiffs whole in equity, nor do they provide adequate protection to Plaintiffs or to the putative class members prospectively. Moreover, neither the order nor the guidance commits the Coast Guard to consider actually

---

[8] To be clear, preliminary injunction relief against the adverse actions identified in Section A above or in Plaintiffs' January 25 Report (ECF No. 64) would not "completely eradicate" the effects of the Coast Guard's misconduct but such relief would be a reasonable and necessary step in addressing at least those adverse actions. As noted previously (ECF No. 64 at 5), Plaintiffs will respond in due course to any motion to dismiss the case as "moot" or to stay the case.

remedying the harms identified to the Plaintiffs, nor the similar harms to the putative class, either by way of agreement with Plaintiffs or by further guidance. *Id.* Therefore, the case is not moot.

Dated: February 7, 2023

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*