UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| ERIC JACKSON, *et. al.*,<br><br>　　　　　　　*Plaintiffs,*<br><br>　　　v.<br><br>ALEJANDRO N. MAYORKAS,<br>Secretary of Homeland Security, *et al.*,<br><br>　　　　　　　*Defendants.* | Case No. 4:22-cv-0825-P |

## DEFENDANTS' NOTICE OF IMPLEMENTATION OF THE RESCISSION OF THE COVID-19 VACCINATION REQUIREMENT

Defendants respectfully submit this notice regarding the Coast Guard's implementation of the rescission of the COVID-19 vaccination requirement. As noted herein, in light of these developments, Defendants intend to file a motion to dismiss this case as moot on or before March 10, 2023.

As Defendants previously reported, the National Defense Authorization Act for Fiscal Year 2023, signed into law on December 23, 2022, directs the Secretary of Defense to rescind his August 2021 memorandum requiring that service members be vaccinated against COVID-19. ECF No. 53. The Secretary of Defense complied with that directive on January 10, 2023. ECF No. 64-2. In addition to revoking the vaccination requirements set forth in the August 2021 memorandum, the rescission memorandum directs military departments to "update the records of . . . individuals to remove any adverse actions solely associated with denials of" requests for exemption from the vaccination requitement. *Id.* at 1.[1] The next day, to maintain alignment with the Department of Defense, the Coast Guard cancelled ALCOAST 305/21 and 315/21, which similarly required

---

[1]　　Page references are to the ECF-generated page numbers printed in blue at the top-right corner.

COVID-19 vaccination for members of the Coast Guard. ECF No. 64-1. The Coast Guard also immediately stopped all involuntary administrative separations resulting from violations of orders to become vaccinated and indicated that "[f]urther guidance on other administrative actions . . . is forthcoming." *Id.*

On January 25, 2023, the Coast Guard issued further guidance cancelling two additional policies associated with the rescinded vaccination requirement. Exhibit 1. First, the Coast Guard cancelled ALCGPSC 016/22, which precluded enlisted members and officers who were not vaccinated against COVID-19 from receiving permanent change of station orders. Second, the Coast Guard cancelled ALCGPSC 104/21, which imposed vaccination requirements for training and education courses and for command positions. As explained in further guidance issued on January 25 and 26, the Coast Guard has now cancelled all assignment and training restrictions related to COVID-19 vaccination for both enlisted members and officers. Exhibit 2, ALCGOFF 005/23 ¶ 3 (relating to officers); Exhibit 3, ALCGENL 013/23 ¶ 3 (relating to enlisted members). Further, the Coast Guard's guidance makes clear that "refusal of the COVID-19 vaccination alone does not require the withholding of advancement" for enlisted members, that those whose advancement was previously withheld due to their vaccination status are "encouraged to compete in the 2023" advancement panels, and that commanding officers must amend previous recommendations against advancement that were based solely on a member's refusal to become vaccinated against COVID-19. Ex. 3 ¶ 4.A–C.[2] Because of these actions, Plaintiffs' vaccination

---

[2] The developments described in this paragraph were previously reported by Defendants to the Court, ECF No. 65, but Defendants' filing was stricken and unfiled because it proposed a stay of proceedings pending further guidance from the Coast guard, ECF No. 66. To ensure that these developments are reflected in the official case record, Defendants again report them here. As indicated herein, Defendants now intend to move for dismissal rather than seek a stay of further proceedings.

status is now no barrier to their advancement or to them enrolling on their own in the trainings that they wish to be "offered" and "prioritized" for. ECF No. 64 at 3. Those trainings are periodically held and, as reported to Plaintiffs and the Court, ECF No. 65, there were open seats in upcoming sessions as of January 30, 2023.

More recently, on February 4, 2023, the Acting Assistant Commandant for Human Resources of the Coast Guard directed a prioritized removal of administrative remarks referencing the COVID-19 vaccine requirement from active duty and reserve service members' personnel records. Exhibit 4. Thus, Plaintiffs will no longer have what they label as "negative disciplinary records based on noncompliance with the vaccine mandate." ECF No. 67 at 3.

Given the rescission of the COVID-19 vaccine requirement, the cancellation of associated restrictions, and the directed removal of administrative remarks referencing the vaccine requirement from personnel records, Defendants submit that the purported irreparable harm underlying Plaintiffs' motion for a preliminary injunction has dissipated, the proposed class is not certifiable, and this case is moot. Defendants therefore intend to file a motion to dismiss this action as moot on or before March 10, 2023. (Defendants' deadline to respond to the complaint is currently stayed while the motions for class certification and a preliminary injunction are pending. ECF No. 46.)

Should the Court direct, Defendants will also provide supplemental briefing on the impacts of the rescission and subsequent Coast Guard guidance on the pending motions for class certification and for a class-wide preliminary injunction. In part, and in addition to the reasons set forth in Defendants' opposition brief, Plaintiffs' proposed class fails because they cannot show that any members of that class have the requisite injury to obtain relief. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("Article III does not give federal courts the power to order

relief to any uninjured plaintiff, class action or not." (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J., concurring)). And a preliminary injunction should not issue for the additional reason that the only alleged irreparable harm to the class—"pressure on thousands of service members to violate their religious beliefs" and become vaccinated, ECF No. 5 at 30—has entirely dissipated because the rescission of the vaccination requirement has removed any such pressure.

Dated: February 17, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY H. COPPOLINO
Deputy Branch Director

 /s/ Johnny Walker
CODY T. KNAPP (NY Bar #5715438)
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: johnny.h.walker@usdoj.gov

*Counsel for Defendants*