UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC JACKSON, *et. al.*,

         *Plaintiffs,*

      v.

ALEJANDRO N. MAYORKAS,
Secretary of Homeland Security, *et al.*,

         *Defendants.*

Case No. 4:22-cv-0825-P

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

I.      The Rescinded COVID-19 Vaccination Requirement.......................................... 2

II.     This Lawsuit........................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

I.      Plaintiffs' challenge to the Coast Guard's now-rescinded COVID-19 vaccination
        requirement is moot. ............................................................................................. 5

        A.      Congressional action and the Coast Guard's rescission order have
                provided Plaintiffs with all the relief they sought.................................... 5

        B.      Plaintiffs face no continuing pressure to violate their religious beliefs................. 8

II.     Plaintiffs cannot evade mootness by raising new forms of unpleaded and
        unexhausted relief. ............................................................................................... 12

III.    The exception to mootness for voluntary cessation does not apply here........................ 13

CONCLUSION................................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Abbott Labs. v. Gardner*,
   387 U.S. 136 (1967) .................................................................................................... 10

*Aetna Life Ins. Co. of Hartford v. Haworth*,
   300 U.S. 227 (1937) .................................................................................................... 10

*Alvarado v. Austin*,
   No. 22-cv-876, 2023 WL 2089246 (E.D. Va. Feb. 17, 2023) .................................... 8

*Am. Bar Ass'n v. FTC*,
   636 F.3d 641 (D.C. Cir. 2011) ............................................................................... 6, 13

*Amawi v. Paxton*,
   956 F.3d 816 (5th Cir. 2020) .................................................................................... 14

*Austin v. U.S. Navy SEALs 1-26*,
   142 S. Ct. 1301 (2022) ............................................................................................... 10

*Bye v. MGM Resorts Int'l, Inc.*,
   49 F.4th 918 (5th Cir. 2022) ...................................................................................... 12

*Clements v. Austin*,
   No. 22-cv-2069, 2023 WL 2386118 (D.S.C. March 7, 2023) ............................... 8, 12

*DeOtte v. Nevada*,
   20 F.4th 1055 (5th Cir. 2021) ...................................................................................... 7

*Fantasy Ranch Inc. v. City of Arlington*,
   459 F.3d 546 (5th Cir. 2006) ........................................................................................ 6

*Fontenot v. McGraw*,
   777 F.3d 741 (5th Cir. 2015) .................................................................................... 5, 6

*Freedom From Religion Found., Inc. v. Abbott*,
   58 F.4th 824 (5th Cir. 2023) ................................................................................... 6, 14

*Gilligan v. Morgan*,
   413 U.S. 1 (1973) ....................................................................................................... 10

*Guedes v. ATF*,
   920 F.3d 1 (D.C. Cir. 2019) ....................................................................................... 13

*Hodges v. Callaway*,
    499 F.2d 417 (5th Cir. 1974) ................................................................................ 12

*J. T. v. District of Columbia*,
    983 F.3d 516 (D.C. Cir. 2020) ............................................................................... 13

*Johnson v. Mississippi*,
    586 F.2d 387 (5th Cir. 1978) .................................................................................. 6

*Klayman v. Obama*,
    759 F. App'x 1 (D.C. Cir. 2019) ........................................................................... 13

*Log Cabin Republicans v. United States*,
    658 F.3d 1162 (9th Cir. 2011) ................................................................................. 6

*Mindes v. Seaman*,
    453 F.2d 197 (5th Cir. 1971) ................................................................................ 12

*Murray v. Fid. Nat'l Fin., Inc.*,
    594 F.3d 419 (5th Cir. 2010) ................................................................................ 11

*Ohio Forestry Ass'n v. Sierra Club*,
    523 U.S. 726 (1998) ............................................................................................. 10

*Orloff v. Willoughby*,
    345 U.S. 83 (1953) ............................................................................................... 10

*Pulphus v. Ayers*,
    909 F.3d 1148 (D.C. Cir. 2018) ........................................................................... 10

*Sossamon v. Lone Star State of Tex.*,
    560 F.3d 316 (5th Cir. 2009) ................................................................................ 14

*Spell v. Edwards*,
    962 F.3d 175 (5th Cir. 2020) .............................................................................. 6, 7

*Stauffer v. Gearhart*,
    741 F.3d 574 (5th Cir. 2014) ................................................................................ 14

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ...................................................................................... 5, 11

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016) ............................................................................................. 11

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) ............................................................................................... 11

*Yarls v. Bunton,*
  905 F.3d 905 (5th Cir. 2018) .............................................................................. 6, 13

**STATUTES**

14 U.S.C. § 102 ............................................................................................................ 7

James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (NDAA),
  Pub. L. No. 117-263, 136 Stat. 2395 (2022) .......................................................... 2

**LEGISLATIVE MATERIALS**

168 Cong. Rec. H9425, H9441 (daily ed. Dec. 8, 2022) ...................................... 3, 12

**OTHER AUTHORITIES**

Sec'y of Def. Mem. (Aug. 24, 2021),
  https://perma.cc/N759-S758 ................................................................................. 2

## INTRODUCTION

Last September, Plaintiffs sued to obtain a court order preventing the Coast Guard from requiring them to be vaccinated against COVID-19 over their religious objections.  Over the ensuing months, the parties vigorously litigated the legality of the Coast Guard's vaccination policy.  But in December, the President signed into law the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023.  That Act required the Secretary of Defense to rescind the vaccination memorandum that prompted the Coast Guard to establish its COVID-19 vaccine requirement in the first place.  The Secretary has now done so, and the Coast Guard has followed suit, cancelling its COVID-19 vaccination requirement and working to remove records of adverse actions taken against service members on the basis of that policy.  Thus, as a result of congressional action, Plaintiffs have now obtained the relief they sought from the Court in this case:  They are no longer required to be vaccinated against COVID-19, and any adverse actions associated with it have been ordered undone.  In short, this case is now moot.

Plaintiffs resist this conclusion, to no avail.  Plaintiffs cannot contend that they are required to violate their religious beliefs—the central harm that they allege motivated this suit—by a now-defunct policy.  Nor can they recharacterize this action for declaratory and injunctive remedies as one for compensatory relief to redress past harms.  Similarly, Plaintiffs cannot base jurisdiction on impacts to putative class members, especially because no class has been certified.  And while the Coast Guard retains the ability to, at some future date, establish a new COVID-19 vaccination requirement that might apply to at least one of these Plaintiffs in some circumstance, that possibility is too speculative at this point it to sustain the Court's jurisdiction over this case.  Finally, the exception to mootness based on voluntary cessation is inapplicable here, where Defendants have presented a full defense of their prior policy yet have been required through action of Congress to rescind that policy.

For these reasons, as set forth further below, the Court should dismiss this case as moot.

## BACKGROUND

### I.     The Rescinded COVID-19 Vaccination Requirement

In early 2020, the deadly viral disease known as COVID-19 fundamentally altered life in the United States, military no less than civilian.  Following the development of safe and effective COVID-19 vaccines, and in order to protect service members' health and preserve the operational readiness of the armed forces, the Secretary of Defense directed the military departments in August 2021 to begin ensuring that service members under their authority were fully vaccinated against COVID-19.  *See* Sec'y of Def. Mem. (Aug. 24, 2021), https://perma.cc/N759-S758.  Days later, the Commandant of the Coast Guard ordered all active-duty and Ready Reserve members of that military service to become fully vaccinated against COVID-19.  *See* ALCOAST 305/21 (Aug. 26, 2021), ECF No. 6-1, at 141–42.  Additional implementing guidance followed.  *See, e.g.*, ALCOAST 315/21 (Sept. 7, 2021), ECF No. 6-1, at 143–44.  Consistent with its pre-existing policies, the Coast Guard permitted service members to seek medical, religious, or administrative exemptions from the COVID-19 vaccination requirement, based on individual circumstances.  *See* Decl. of Rear Admiral Eric C. Jones ¶¶ 9–25, ECF No. 31, Ex. 3 at 65–70.

At the end of last year, however, the President signed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (NDAA), Pub. L. No. 117-263, 136 Stat. 2395 (2022).  Section 525 of the NDAA directed the Secretary of Defense to rescind the August 2021 memorandum that established the COVID-19 vaccination requirement for members of the armed forces.  *See* 136 Stat. at 2571–72.  An explanatory statement in the Congressional Record further noted that the Department of Defense "has mechanisms to correct a servicemember's military record for discharge due to failure to receive the COVID-19 vaccine" and that "the military departments have the ability to consider applications for reinstatement of servicemembers who

were previously separated for refusing the vaccine." *See* 168 Cong. Rec. H9425, H9441 (daily ed. Dec. 8, 2022).

To comply with the NDAA, the Secretary of Defense rescinded the August 2021 COVID-19 vaccination memorandum on January 10, 2023. *See* Sec'y of Def. Rescission Mem. (Jan. 10, 2023), App. at 001–002. In doing so, the Secretary instructed that current service members who sought an exemption from the vaccination requirement may not be "separated solely on the basis of their refusal to receive the COVID-19 vaccination" and required the military services to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.* at 001.

A day later, "[i]n alignment with the [Department of Defense]," the Commandant of the Coast Guard similarly rescinded the COVID-19 vaccination requirement applicable to members of the Coast Guard and "immediately" stopped all involuntary administrative separations that resulted from a member's refusal to become vaccinated against COVID-19. *See* ALCOAST 012/23 (Jan. 11, 2023), App. at 003 (cancelling ALCOAST 305/21 and ALCOAST 315/21). The Commandant indicated that "[f]urther guidance on other administrative actions" would be forthcoming. *Id.*

Since the rescission of the COVID-19 vaccination requirement, the Coast Guard has worked to implement the rescission order in an orderly and uniform manner. It has cancelled policies that imposed COVID-19 vaccination requirements for assignments, training, education, command positions, and permanent change of station orders. *See* ALCGENL 013/23 (Jan. 25, 2023) ¶ 3, App. at 004 (relating to enlisted members); ALCGOFF 005/23 (Jan. 26, 2023) ¶ 3, App. at 006 (relating to officers). The Coast Guard also has made clear that "refusal of the COVID-19 vaccination alone does not require the withholding of advancement" for enlisted members, that

3

those whose advancement was previously withheld due to their vaccination status are "encouraged to compete in the 2023" advancement panels, and that commanding officers must amend previous recommendations against advancement that were based solely on a member's refusal to become vaccinated against COVID-19. *See* ALCGENL 013/23 ¶ 4.A–C, App. at 005. And just recently, the Coast Guard explained that, by March 31, it would remove from active duty and reserve members' records all Administrative Remarks Entries (often referred to as CG-3307s) that relate to the COVID-19 vaccination requirement. *See* ALCGPSC 024/23 (Feb. 27, 2023) ¶ 1, App. at 009. Additional procedures are expected to provide a path for service members to request similar action on other personnel records that reference the COVID-19 vaccination requirement. *Id.* ¶ 4.

## II.    This Lawsuit

Plaintiffs are three members of the Coast Guard. On September 16, 2022, they sued on behalf of themselves and a putative class, alleging that the Coast Guard's now-rescinded COVID-19 vaccination requirement violated RFRA, the First Amendment, and the APA. *See* Compl. ¶¶ 279–465. Notably, Plaintiffs sought only prospective relief: (1) a declaration that the Coast Guard's COVID-19 vaccination requirement is unlawful, and (2) an order prohibiting Defendants from enforcing that requirement or otherwise "taking any adverse action against [Plaintiffs or putative class members] on the basis of this lawsuit or of [any related] request for religious accommodation" from the vaccination requirement. *See id.* at 66 (prayer for relief).

Simultaneously with the filing of their complaint, Plaintiffs moved to certify the putative class and for the issuance of a class-wide temporary restraining order (or, in the alternative, preliminary injunction) on behalf of themselves and the putative class. *See* ECF No. 4. This Court denied Plaintiffs' motion for a temporary restraining order and ordered briefing on the motions for class certification and a preliminary injunction. *See* ECF Nos. 11, 24. In addition, the Court later directed the parties to file briefs on whether this case should be transferred to another venue, *see*

4

ECF No. 26, which the parties did on October 10, 2022, *see* ECF Nos. 32, 33, 37.  Plaintiffs'

motions have been fully briefed since October 14, 2022.

On December 23, 2022, Defendants notified the Court of the enactment of the NDAA and

of the Coast Guard's intent to remain aligned with the Department of Defense regarding COVID-

19 vaccination policy in the wake of that development.  *See* ECF No. 53.  Subsequently, the Court

"conclude[d] that this dispute would benefit from an in-person mediation" and ordered the parties

to meet before United States Magistrate Judge Hal R. Ray, Jr. for a settlement conference.  *See*

ECF No. 56.  That conference was held on January 18, 2023, after which the parties memorialized

on the record their general agreement regarding a joint motion to stay these proceedings.  *See*

*generally* Sealed Transcript, ECF No. 63.  In the following days, however, Plaintiffs determined

that they "still urgently need critical, tangible relief" from the Court, and ultimately, they declined

to join Defendants' proposal for a temporary stay.  ECF No. 64, at 2; *see also* ECF No. 67.

Defendants then notified the Court that they would move to dismiss on mootness grounds.  *See*

ECF No. 68.

Defendants now submit that, in light of the Coast Guard's rescission of the COVID-19

vaccination requirement, this case should be dismissed as moot.

## ARGUMENT

I.     **Plaintiffs' challenge to the Coast Guard's now-rescinded COVID-19 vaccination requirement is moot.**

    A.     **Congressional action and the Coast Guard's rescission order have provided Plaintiffs with all the relief they sought.**

"Plaintiffs must maintain their personal interest in the dispute at all stages of litigation."

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).  That is because, absent such an

interest, there is no "'Case' or 'Controversy' for purposes of Article III."  *Fontenot v. McGraw*,

777 F.3d 741, 747 (5th Cir. 2015) (internal quotation omitted).  Here, even assuming Plaintiffs had

an interest in this case sufficient to satisfy Article III prior to the rescission, that interest is missing now. The Coast Guard's COVID-19 vaccination requirement is defunct, so there is no "live" dispute regarding its legality. *Id.* And now that Plaintiffs are no longer subject to any ongoing enforcement of the vaccination requirement, they lack a "legally cognizable interest in the outcome" of their claims in this case. *Id.* In short, because the COVID-19 vaccination requirement has been lifted and the adverse actions associated with it have been ordered undone, this case is moot.

Of particular relevance here, "a case challenging a [government policy] usually becomes moot if the challenged [policy] has expired or been repealed." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.* "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotation marks omitted). Thus, when a statute or regulation is amended or repealed after plaintiffs bring a lawsuit challenging its legality, mootness is "the default." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023); *see also Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546, 564 (5th Cir. 2006) ("[S]tatutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.'" (citation omitted)); *Johnson v. Mississippi*, 586 F.2d 387, 388 (5th Cir. 1978) (per curiam) ("[T]he enactment of a superseding statute which satisfies all the principles sought in an attack on the prior statute simply moots the case."); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) ("It is well established that a case must be dismissed as moot if new legislation

6

addressing the matter in dispute is enacted while the case is still pending."); *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166–68 (9th Cir. 2011) (finding moot a challenge to the military's don't-ask-don't-tell policy when the policy was repealed by statute after judgment).

A straightforward application of these principles demonstrates that Plaintiffs' challenge to the rescinded vaccination requirement is moot.  The Coast Guard instituted its COVID-19 vaccination requirement to accord with the military-wide vaccination requirement announced by the Secretary of Defense in August 2021.  *See* ALCOAST 305/21, ECF No. 6-1, at 141–42.  That action was consistent with the Coast Guard's statutory duty to "maintain a state of readiness to assist in the defense of the United States, including when functioning as a specialized service in the Navy." 14 U.S.C. § 102.  But Congress later directed the Secretary of Defense to rescind the military-wide vaccination requirement.  *See* 136 Stat. at 2571–72.  And when the Secretary complied with Congress's direction, the Coast Guard followed suit, maintaining its "alignment with" the Department of Defense.  *See* ALCOAST 012/23 ¶ 2, App. at 003.  The end result, as recent guidance from the Deputy Secretary of Defense emphasizes, is that the military services— including the Coast Guard—no longer maintain the challenged requirement for vaccination against COVID-19 and, as discussed further below, any future requirements will be subject to Department of Defense approval.  *See* Dep. Sec'y of Def. Mem. (Feb. 24, 2023), App. at 008.

As these actions show, Congress "has done the work that Plaintiffs wanted [this Court] to do." *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021).  Following the enactment of the NDAA, no Plaintiff (or purported class member) is subject to the challenged requirement to be vaccinated against COVID-19, and any adverse action they claim to have suffered will be rescinded.  And because there is thus no longer any live dispute regarding Plaintiffs' request that the Court declare the repealed COVID-19 vaccination requirement unlawful and enjoin its

7

enforcement, "Article III's case-or-controversy requirement is no longer met." *Id.; see also Spell*, 962 F.3d at 179.[1]

### B.    Plaintiffs face no continuing pressure to violate their religious beliefs.

Plaintiffs have conceded that "[i]n light of the mandate rescission, . . . [a] preliminary injunction against 'enforcement' of the mandate itself[] is not currently warranted." ECF No. 64, at 4.   Nevertheless, they protest that this case is not moot because they are still burdened by lingering effects of the Coast Guard's past enforcement of the now-rescinded vaccination requirement. *See, e.g.*, *id.* (referencing, among other things, negative remarks in personnel records and missed training, award, and promotion opportunities).  But Plaintiffs' argument cannot rescue their moot claims.

In particular, the hazy distinction that Plaintiffs seek to draw between "enforcing" a vaccination requirement and taking "adverse action" against them for related reasons makes no

---

[1] Numerous courts have held that requests for injunctive relief against the military's COVID-19 vaccination requirement are moot.  The Ninth Circuit in *Short v. Berger*, Nos. 22-15755, 22-16607 (9th Cir. Feb. 24, 2023), and *Dunn v. Austin*, No. 22-15286 (9th Cir. Feb. 27, 2023), dismissed service members' appeals from the denial of preliminary injunctions prohibiting enforcement of the military's COVID-19 vaccination requirement.  Two separate panels concluded that the rescission of the vaccination requirement mooted the plaintiffs' preliminary-injunction appeals, vacated the district courts' orders, and remanded for further proceedings.  District courts have likewise noted that challenges to the COVID-19 vaccination requirement are moot.  *See Chancy v. Biden*, No. 22-cv-110, ECF No. 32 (N.D. Fla. Feb. 14, 2023) (dismissing case challenging military COVID-19 vaccine requirement as moot); *Clements v. Austin*, No. 22-cv-2069, 2023 WL 2386118, at *1 (D.S.C. March 7, 2023) ("Plaintiffs asserted in their recent supplemental filing that they now seek 'restorative preliminary injunctive relief' and request their reinstatement to their former positions.  The newly stated requests for relief, asserted for the first time in the last paragraph of a supplemental filing, far exceed[] any prayer for relief set forth in the Amended Complaint or in the second motion for preliminary injunction."); *see also Alvarado v. Austin*, No. 22-cv-876, 2023 WL 2089246, at *3 (E.D. Va. Feb. 17, 2023) (finding requests for "remedies based on alleged past harm" are "not yet exhausted in light of new and forthcoming policies").  Other cases have been voluntarily dismissed after the rescission.  *See Oklahoma v. Biden*, No. 21-cv-1136,  ECF Nos. 77, 78, & 82 (W.D. Okla. Feb. 17 & Mar. 7, 2023); *Church v. Biden*, No. 21-cv-2815, ECF No 43 (D.D.C. Jan. 23, 2023); *Air Force Major v. Austin*, No. 22-cv-756, ECF No. 25 (N.D. Tex. Mar. 7, 2023).

difference for purposes of determining mootness.  *See, e.g.*, *id*.  That is because the central harm that prompted Plaintiffs to bring this case—the "substantial pressure" they faced to violate their religious beliefs from enforcement of the now-defunct COVID-19 vaccination requirement—has dissipated.  *Cf.* Compl. ¶¶ 292–294 (mentioning "adverse impacts" such as the denial of promotions and training opportunities in order to establish that the COVID-19 vaccination requirement "impose[d] substantial pressure on each religious objector to vaccination to modify his or her behavior and to violate his or her beliefs").  The Coast Guard has ordered all administrative remarks concerning the prior COVID-19 vaccination requirement to be stricken from service members' personnel records; affirmed that vaccination status is no barrier to training, recognition, or promotion; "encouraged" service members to compete in the 2023 advancement panels; and required commanding officers to amend previous recommendations against advancement that were based solely on a member's refusal to become vaccinated.  *See* ALCOAST 012/23, App. at 003; ALCGENL 013/23, App. at 004–005; ALCGOFF 005/23, App. at 006; *see also* ALCGPSC 024/23 ¶ 4, App. at 009 (noting forthcoming procedures for service members to request relief from vaccination-related actions).  Plaintiffs can no longer maintain that they continue to face "substantial pressure" from the challenged requirement to violate their religious beliefs.  Compl. ¶ 289; *see also id.* ¶¶ 292–294.

Unable to identify any extant COVID-19 vaccination requirement or remediable adverse actions that could sustain this Court's jurisdiction over this case, Plaintiffs have raised the specter that the Coast Guard may still consider their vaccination status, either expressly or implicitly, as a "factor" in making assignment or promotion decisions.  ECF No. 67, at 4.  According to Plaintiffs, the possibility that vaccination status will be relevant in Coast Guard decisionmaking "means religiously opposed unvaccinated service members continue to face substantial pressure to obtain

a COVID-19 vaccine against their religious beliefs." *Id.* (emphasis omitted).  But such conjecture does not alter the mootness analysis in this case.

For one thing, any claims about the Coast Guard's consideration of vaccination status in making hypothetical future decisions about specific assignments or promotions are unripe.  *See, e.g.*, *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732-33 (1998) (explaining that the "ripeness requirement" serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" and to prevent unnecessary "judicial interference" (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148-49 (1967))); *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 241 (1937) (providing that a justiciable dispute must "admit[] of specific relief through a decree of a conclusive character" and may not ask a court to "advis[e] what the law would be upon a hypothetical state of facts").  And for another, as the Deputy Secretary of Defense's February 24 memorandum shows, the rescinded COVID-19 vaccination policy will not simply be reimposed *sub silentio*.  *See* Dep. Sec'y of Def. Mem., App. at 008.  Indeed, military commanders—including those in the Coast Guard—have been instructed that they may not consider vaccination status in making deployment, assignment, and other operational decisions without seeking and obtaining the express approval of the Assistant Secretary of Defense for Health Affairs.  *Id*.  Further still, military assignment, deployment, and operational decisions are not "susceptible to judicial correction" in light of well-established principles of judicial noninterference with core military decision making.  *Pulphus v. Ayers*, 909 F.3d 1148, 1154 (D.C. Cir. 2018) (quotation omitted); *see also Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1301 (2022) (partial stay order); *id.* at 1302 (Kavanaugh, J., concurring) (explaining that "the 'complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments'" and

10

that "it is 'difficult to conceive of an area of governmental activity in which the courts have less competence'" (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973))); *Orloff v. Willoughby*, 345 U.S. 83, 93 (1953); Order, *Navy SEAL 1 v. Austin*, No. 22-10645 (11th Cir. Mar. 30, 2022). So even assuming that these three Plaintiffs' vaccination status will be considered one day in the manner they suggest, that fact would not sustain the Court's jurisdiction now.

Nor can Plaintiffs sustain their moot lawsuit by reference to the interests of putative class members. *See, e.g.*, ECF No. 67, at 5 (claiming that "much of the irreparable harm underlying Plaintiffs' pending motions for class-wide relief has not dissipated" (citation and emphasis omitted)). "As a general principle, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified." *Murray v. Fid. Nat'l Fin., Inc.*, 594 F.3d 419, 421 (5th Cir. 2010). Such is the case here. And even if that were not so, the wholesale rescission of the challenged vaccination policy would render the claims of every purported class member moot because no member of the purported class is subject to an ongoing vaccination requirement and adverse actions taken against them are being cancelled. Under these circumstances, even a certified class challenge to the vaccination requirement would therefore be moot. *See TransUnion*, 141 S. Ct. at 2208 (Roberts, C.J., concurring) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016))).[2]

---

[2] What's more, in light of the rescission, Plaintiffs cannot point to any shared injury between themselves and the putative class members. As Plaintiffs' recent filings make clear, any claims of past injury concerning the COVID-19 vaccination requirement will be individualized and idiosyncratic in nature. *See also* ECF No. 64, at 3 (complaining, among other things, about the level of commendation award received by Plaintiff Stone). That alone undermines any conclusion that "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

**II.    Plaintiffs cannot evade mootness by raising new forms of unpleaded and unexhausted relief.**

Far from identifying any continuing need for prospective relief from a COVID-19 vaccination requirement, Plaintiffs appear to be recasting their claims as seeking retrospective relief—retroactive promotions, backpay, and the like. *See, e.g.*, ECF No. 64, at 3 (demanding a "notice of promotion to Lieutenant" for Plaintiff Marcenelle); *id.* at 4 (seeking "remediation of past wrongful denials of promotions, educational opportunities, or awards based on vaccination status"). But compensatory remedies of that sort are beyond the scope of Plaintiffs' complaint, which does not concern remediation of completed wrongs but rather seeks to regulate Defendants' future conduct by way of court-ordered prohibitions. *See* Compl. at 66; *Clements*, 2023 WL 2386118, at *1 (rejecting requests for "restorative preliminary injunctive relief" as beyond the plaintiffs' amended complaint); *cf. Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 925 (5th Cir. 2022) (noting that new claims for relief that are raised in the course of briefing are not properly before the court).

Yet other hurdles prevent Plaintiffs from invoking a desire for retrospective relief in order to sustain this suit. In particular, to the extent Plaintiffs are dissatisfied with Defendants' purge of adverse actions taken in connection with the prior COVID-19 vaccination requirement, that grievance is not cognizable here given Plaintiffs' failure to exhaust available administrative remedies. *See Hodges v. Callaway*, 499 F.2d 417, 419–20 (5th Cir. 1974) (requiring that a plaintiff first exhaust all "available intraservice corrective measures" before bringing to federal court claims implicating "internal military affairs" (quoting *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971))). Indeed, the Coast Guard has made clear that it will work with service members to resolve concerns about past adverse actions. *See* ALCGPSC 024/23, App. at 009. And even when ordering the military's COVID-19 vaccination requirements to be rescinded, Congress noted the existence

12

of administrative "mechanisms to correct a servicemember's military record." 168 Cong. Rec. at H9441. Given the availability of those administrative processes, Plaintiffs' desire for retrospective relief from the Coast Guard offers no basis to extend the Court's jurisdiction over this now-moot case.

## III.    The exception to mootness for voluntary cessation does not apply here.

Previously, Plaintiffs also have suggested that this case falls within an exception to mootness where a defendant engages in voluntary cessation of allegedly illegal conduct. *See* ECF No. 67, at 5. But that exception has no application here.

The central inquiry in determining whether the exception for voluntary cessation applies is "whether the defendant's actions are 'litigation posturing' or whether the controversy is actually extinguished." *Yarls*, 905 F.3d at 910. Here, Defendants "most assuredly did not alter [their own course] in order to avoid litigation." *Am. Bar Ass'n*, 636 F.3d at 648. Indeed, before Congress directed the Secretary of Defense to rescind the August 2021 memorandum establishing a COVID-19 vaccination requirement, the various military departments—including the Coast Guard— vigorously defended the requirement's legality in dozens of lawsuits across the country. Intervening legislation (the NDAA) required the Secretary of Defense to rescind the vaccination requirement, and the Coast Guard followed suit in order to maintain its alignment with military immunization policy. *See id.* (finding voluntary cessation exception did not apply where "intervening legislation simply nullified the [agency's challenged] policy statement"). The NDAA "specifically forbids the kind of [action] challenged in this suit" and "[t]he cessation of the [vaccination requirement] therefore was not voluntary." *Klayman v. Obama*, 759 F. App'x 1, 3 (D.C. Cir. 2019); *see also J. T. v. District of Columbia*, 983 F.3d 516, 523 (D.C. Cir. 2020) ("'[T]he voluntary-cessation doctrine has no apparent relevance' where the 'source of cessation . . . lies

13

beyond the unilateral legal authority of any of the named defendants.'" (quoting *Guedes v. ATF*, 920 F.3d 1, 15 (D.C. Cir. 2019) (per curiam)).

Plaintiffs offer no basis to believe that the rescission of the vaccine requirement is pretextual or insincere, or that the same or a substantially similar requirement will be imposed in the future. And because courts generally presume "that formally announced changes to official governmental policy are not mere litigation posturing," *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009), *aff'd*, 563 U.S. 277 (2011), such a dearth of evidence cannot possibly resuscitate this moot case. *See Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014) ("In an ordinary case, 'subsequent events' would have to make it 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' [Plaintiff's] argument, however, ignores the 'lighter burden' that government entities bear in proving that the challenged conduct will not recur once the suit is dismissed as moot." (quoting *Sossamon*, 560 F.3d at 325)). Indeed, "it is remote, and . . . unrealistically speculative, that these defendants will ever again expose the plaintiffs to the claimed injury that prompted this lawsuit. The very process of the enactment of [the new law] by [Congress and the Executive], combined with the presumption of good faith that [courts] afford government actors, overcomes concerns of voluntary cessation." *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020). The "challenged practice" has been "discontinue[d]," and "a live controversy no longer exists." *Freedom From Religion Foundation*, 58 F.4th at 833 (quotation omitted).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' complaint as moot.

Dated: March 10, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY H. COPPOLINO
Deputy Branch Director

/s/ *Cody T. Knapp*
CODY T. KNAPP (NY Bar #5715438)
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 532-5663 / Fax: (202) 616-8460
Email: cody.t.knapp@usdoj.gov

*Counsel for Defendants*

15