# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Case No. 4:22-cv-00825-P |

## NOTICE OF ADDITIONAL AUTHORITY

Plaintiffs hereby give notice of a decision by the U.S. Court of Appeals for the Sixth Circuit on Monday denying the Government's petition for rehearing and rehearing en banc in *Doster, et al. v. Kendall, et al.*, Nos. 22-3497/3702, which sought vacatur of the Sixth Circuit's "opinions upholding the district court's preliminary injunctions" that ultimately granted class-wide relief against the Air Force's categorical denial of religious accommodations to its COVID-19 vaccine mandate, *see Doster v. Kendall*, 54 F.4th 398 (Nov. 29, 2022), on the ground that the case has allegedly become moot. Exhibit A (attached).

In addition to the en banc denial, the original panel refused to find the case moot and remanded to the district court for it to determine the mootness issue in the first instance. Exhibit A at 2.

Further, Judge Kethledge, joined by Judges Thapar, Bush, and Murphy, observed in a concurring "Statement" that the Air Force has "cho[sen] to comply" with the Sixth Circuit's decision and entirely failed "to explain why it is entitled to vacatur when the putative mootness here arose from [its] own actions." *Id.* at 3. Judge Kethledge also stated that "[j]udicial

1

precedents . . . are valuable to the legal community," *id.* (quoting *U.S. Bancorp. Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)) (alteration in original), and that "[i]n this case, **our opinions will stand as a caution against violating the Free Exercise rights of men and women in uniform**—**which,** by all appearances, **is what the Air Force did here**," *id.* (emphasis added); *cf.* ECF No. 73, Decl. of Vice Adm. Lee ¶¶11-15, at Appx. 251-253 (explaining concrete harms to Plaintiffs from Coast Guard's perception they violated a "lawful order" absent a court order to the contrary).

Dated: April 19, 2023

Respectfully submitted,

/s/ Michael G. McHale

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

*Counsel for Plaintiffs*

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0076p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

| | |
|---|---|
| HUNTER DOSTER; JASON ANDERSON; MCKENNA COLANTANIO; PAUL CLEMENT; JOE DILLS; BENJAMIN LEIBY; BRETT MARTIN; CONNOR MCCORMICK; HEIDI MOSHER; PETER NORRIS; PATRICK POTTINGER; ALEX RAMSPERGER; BENJAMIN RINALDI; DOUGLAS RUYLE; CHRISTOPHER SCHULDES; EDWARD STAPANON III; ADAM THERIAULT; DANIEL REINEKE,<br><br>*Plaintiffs-Appellees*,<br><br>*v.*<br><br>FRANK KENDALL, in his official capacity as Secretary of the Air Force; ROBERT I. MILLER, in his official capacity as Surgeon General of the Air Force; MARSHALL B. WEBB, in his official capacity as Commander, Air Education and Training Command; RICHARD W. SCOBEE, in his official capacity as Commander, Air Force Reserve Command; JAMES C. SLIFE, in his official capacity as Commander, Air Force Special Operations Command; UNITED STATES OF AMERICA,<br><br>*Defendants-Appellants*. | Nos. 22-3497/3702 |

On Petition for Rehearing En Banc.

United States District Court for the Southern District of Ohio at Cincinnati.
No. 1:22-cv-00084—Matthew W. McFarland, District Judge.

Decided and Filed:  April 17, 2023

Before:  KETHLEDGE, BUSH, and MURPHY, Circuit Judges.

---

**COUNSEL**

**ON PETITION FOR REHEARING EN BANC:** Casen B. Ross, Charles W. Scarborough, Daniel Winik, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for

Nos. 22-3497/3702 *Doster, et al. v. Kendall, et al.* Page 2

Appellants. **ON RESPONSE:** CHRIS WIEST, ATTY AT LAW, PLLC, Crestview Hills, Kentucky, Aaron Siri, Elizabeth A. Brehm, Wendy Cox, SIRI AND GLIMSTAD LLP, New York, New York, Thomas B. Bruns, BRUNS CONNELL VOLLMAR & ARMSTRONG, Cincinnati, Ohio, for Appellees. **ON BRIEF:** Stephen M. Crampton, THOMAS MORE SOCIETY, Tupelo, Mississippi, in pro. per. as amicus curiae.

The court issued an order denying the petition for rehearing en banc. KETHLEDGE, J. (pg. 3), delivered a separate statement, in which THAPAR, BUSH, and MURPHY, JJ., joined, concurring in the denial of the petition for rehearing en banc. MOORE, J. (pg. 4), delivered a separate statement, in which CLAY and STRANCH, JJ., joined, dissenting from the denial of the petition for rehearing en banc.

———————

**ORDER**

———————

The court received a petition for panel rehearing and for rehearing en banc. The petition did not seek review of the issues that the panel's opinion decided. Rather, it sought vacatur of the opinion and of the district court's preliminary injunctions on the ground that events postdating the opinion have now mooted the appeal and the preliminary injunctions. The original panel has reviewed the petition for panel rehearing and has concluded that the district court should review this mootness question in the first instance. It has also concluded that, even if the preliminary injunctions were now moot, that fact would not provide a basis for the "extraordinary remedy of vacatur" of the panel's opinion. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). The petition then was circulated to the full court. Less than a majority of the judges voted in favor of rehearing en banc.

Therefore, the petition is denied.

---

### STATEMENT

---

KETHLEDGE, Circuit Judge, concurring in the denial of rehearing en banc. That a party chooses to comply with our decision is hardly a reason to vacate it. Here, at Congress's direction, the Air Force has rescinded the vaccine mandate at issue in this suit. The Air Force—by way of a petition for rehearing en banc—now seeks vacatur of our opinions upholding the district court's preliminary injunctions. Vacatur of our opinions is not a "normal effect" of mootness but an "extraordinary" one. *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994). And the Air Force has not even tried to explain why it is entitled to vacatur when the putative mootness here arose from the government's own actions. *See generally id.* at 25.

All those actions, of course, occurred well after we issued our opinions here. Meanwhile, "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." *Id.* at 26. In this case, our opinions will stand as a caution against violating the Free Exercise rights of men and women in uniform—which, by all appearances, is what the Air Force did here.

_____

## STATEMENT

_____

KAREN NELSON MOORE, Circuit Judge, dissenting from the denial of rehearing en banc. The issue in this case is whether the Air Force's administration of its COVID-19 vaccine mandate violated certain of its servicemembers' religious rights. After a panel of this court affirmed the district court's judgment preliminarily enjoining the Air Force from enforcing its vaccine mandate—but before the case was returned to the district court—Congress enacted the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"), which ordered the Secretary of Defense to rescind the military's COVID-19 vaccine mandate. Pub. L. No. 117-263, § 525, 136 Stat. 2395, 2571–72 (2022). Twelve federal appellate judges on three courts of appeals have unanimously concluded that the NDAA and the military's implementation of that legislation mooted similar preliminary-injunction appeals. *See Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023); *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023) (order); *Short v. Berger*, No. 22-15755, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023) (order); *Navy Seal 1 v. Austin*, No. 22-5114, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam). My review of these decisions and the record in this case leads me to the same conclusion. I would therefore grant the petition for rehearing en banc, which would have the normal effect of vacating the panel's opinion, and hold that Congress's action mooted the pending appeals of the district court's preliminary-injunction orders.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk