## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:22-cv-00825-P |
| v. | ) ) | |
| **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., | ) ) ) ) | |
| Defendants. | ) | |

### EMERGENCY MOTION FOR EXPEDITED RULING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT

Plaintiffs, Eric Jackson, Alaric Stone, and Michael Marcenelle, respectfully move for an expedited ruling on their pending Motion for Preliminary Injunction filed September 16, 2022. ECF No. 4. As explained in the brief below, Plaintiff Marcenelle requires urgent relief encompassed by the fully-briefed Motion for Preliminary Injunction. Specifically, without this Court's grant of urgent relief ordering a noncompetitive "in place" promotion for Plaintiff Marcenelle, or a special selection board, by April 29, 2023, he will not promote to Lieutenant on that date—*as he otherwise would have, without change in his duties*, but for his religious inability to obtain a COVID-19 vaccine, and Defendants' concomitant (and illegal) policy of categorically denying all requests for religious accommodation from its COVID-19 vaccine mandate.

Failure to promote by April 29 will cause Plaintiff Marcenelle additional and imminent irreparable harm. The Court should grant Plaintiffs' Motion for Expedited Ruling as well as Plaintiffs' Motion for Preliminary Injunction, with specific relief enjoining the Coast Guard from refusing to promote Plaintiff Marcenelle on April 29, 2023.

WHEREFORE, Plaintiffs respectfully move the Court for an expedited ruling on their motion for preliminary injunction with respect to the issue of Plaintiff Marcenelle's promotion, and for such other and further relief to which they may be entitled.

## CERTIFICATE OF CONFERENCE

This motion is opposed. Plaintiffs' counsel emailed Defendants' counsel on Friday, April 21, 2023, to advise of their intention to file this motion and asking whether Defendants opposed. Having not received any response to that email, counsel then telephoned Defendants' counsel on April 24, 2023, and was informed that Defendants oppose the motion.


  /s/ Stephen Crampton
Stephen Crampton

*Counsel for Plaintiffs*

**BRIEF IN SUPPORT OF MOTION**

Plaintiffs, Eric Jackson, Alaric Stone, and Michael Marcenelle, respectfully move for an expedited ruling on their pending Motion for Preliminary Injunction filed September 16, 2022. ECF No. 4. Defendants filed their Response on October 7, 2022. ECF No. 30.  Plaintiffs filed their Reply on October 14, 2022. ECF No. 39. Accordingly, the Motion for Preliminary Injunction has been fully briefed for over six months.

At the present time, Plaintiff Marcenelle requires urgent, critical relief from the continuing practical consequences of the Coast Guard's unlawful vaccine mandate and its coercive enforcement policies. Specifically, without this Court's grant of urgent relief ordering a noncompetitive "in place" promotion or, alternatively, a special selection board, Plaintiff Marcenelle will not promote to Lieutenant on April 29, 2023—*as he otherwise would have, without change in his duties*, but for his religious inability to obtain a COVID-19 vaccine, and Defendants' concomitant (and illegal) policy of categorically denying all requests for religious accommodation from its COVID-19 vaccine mandate. ECF No. 73 at 11, ¶5; ECF No. 6-2 at 238, ¶33.The Coast Guard's refusal to timely promote Plaintiff Marcenelle is the latest push in a *twenty-month* campaign to coerce him to violate his religious beliefs, and its continued refusal to remedy the ongoing collateral consequences (including this imminent consequence) of its illegal and unconstitutional denial of all religious accommodations to its COVID-19 vaccine mandate. Indeed, the Coast Guard's action disregards its own mandatory regulation, COMDTINST 1000.15, which states that the Coast Guard "may not use [the conscience, moral principles, or religious beliefs of the member] as the basis of . . . denial of promotion." ECF No. 1 at ¶53.

The Coast Guard's action is causing Plaintiff Marcenelle irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *O Centro Espirita Beneficiente Uniao Do*

3

*Vegetal v. Ashcroft*, 389 F.3d 973, 1008 (10th Cir. 2004) (en banc) (Seymour, J., concurring in relevant part for a majority of the court) ("[T]he violation of one's right to the free exercise of religion necessarily constitutes irreparable harm."), *aff'd sub nom. Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418 (2006); *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 947 (9th Cir. 2020) (Collins, J., dissenting from denial of injunction pending appeal). "Because [Plaintiff Marcenelle's] tangible injuries are inextricably intertwined with [his] loss of constitutional rights, [he has] suffered and will continue to suffer irreparable harm absent immediate relief." *Schelske v. Austin* 2022 WL 17835506, at *28 (N.D. Tex. Dec. 21, 2022) (cleaned up).

In addition, the taint of a missed promotion indelibly mars Plaintiff Marcenelle's career prospects, as described in the uncontradicted declarations of both Vice Admiral Lee and Plaintiff Marcenelle. ECF No. 73 at 251; *id.* at 12. It also places substantial and unmistakable pressure on Plaintiff Marcenelle to voluntarily resign from the Coast Guard by docking him roughly $2,000 per month in pay for obeying the requirements of his religion—or to compromise his religious beliefs in hopes that he will no longer be considered a law-breaker within the Coast Guard. *Id.* at 14; 252-253.

Moreover, this action is fully within the power of this Court to prevent. "In certain exceptional cases, this court can award promotion and back pay . . . if there is a clear, legal entitlement to it." *Guy v. United States*, 608 F.2d 867, 874 (Ct. Cl. 1979). The unlawful violation of Plaintiff Marcenelle's First Amendment and RFRA rights provides that "clear, legal entitlement" here. *See Emory v. Sec'y of Navy*, 819 F.2d 291, 294 (D.C. Cir. 1987) ("[C]onstitutional questions that arise out of military decisions regarding the composition of the armed forces are not committed to the other coordinate branches of government. Where it is

alleged, as it is here, that the armed forces have trenched upon constitutionally guaranteed rights

through the promotion and selection process, the courts are not powerless to act."); *see also Singh*

*v. Berger*, 56 F.4th 88, 110 (D.C. Cir. 2022) (ordering district court to "prompt[ly]" enter

preliminary injunction under RFRA "requiring the Marine Corps to allow" plaintiff members of

Sikh religion to enlist notwithstanding their religious opposition to shaving their heads or beards,

where they were otherwise qualified to enlist).

Although Plaintiffs now request emergency relief by April 29, Plaintiffs only do so as a

last resort. In addition to requesting relief encompassing this now-emergency relief in their original

complaint (ECF No. 1 at 66-67) and fully-briefed Motion for Preliminary Injunction (ECF No. 4

at 2) (requesting an injunction preventing "Defendants . . . from taking any adverse action against

Plaintiffs"), Plaintiffs have highlighted the specific issue of the denied promotion for months:

- On January 25, 2023, following Plaintiffs' good-faith participation in court-ordered mediation a week before, Plaintiffs filed a report notifying the Court of the mandate's rescission. Plaintiffs also highlighted the many lingering adverse actions which the rescission failed to address and the Coast Guard refused to resolve during mediation, including Plaintiff Marcenelle's unlawfully withheld promotion. ECF No. 64 at 3.
- On February 7, 2023, Plaintiffs filed a supplemental report notifying the Court of additional Coast Guard rescission guidance, again stressing the Coast Guard's failure to remedy Plaintiff Marcenelle's denied promotion. ECF No. 67 at 2-3.
- On March 31, 2023, Plaintiffs filed a memorandum in opposition to Defendants' motion to dismiss. In the memorandum, Plaintiffs emphasized Plaintiff Marcenelle's urgent need for relief. ECF No. 72 at 2. Plaintiffs also explained that this case is not moot due, at least in part, to the imminent irreparable harm Plaintiff Marcenelle continues to face and this Court's power to provide him with this critical relief. *See, e.g., id.* at 14-16.
- On April 21, 2023, Plaintiffs contacted Defendants' counsel to inquire whether the Coast Guard opposed the need for immediate relief. Defendants' counsel did not respond.
- On April 24, 2023, Plaintiffs' counsel telephoned Defendants' counsel and confirmed that Defendants oppose this motion.

Separately, Plaintiff Marcenelle sought relief for his denied promotion outside of a court order by requesting a Special Selection Board on March 22, 2023. ECF No. 73 at 13. The Coast Guard is not required to approve his request within any timeline, and even if granted, the Coast Guard is not required to promote him within any timeline. *Id.*

Plaintiffs' earnest and consistent efforts to avert this harm have only been met with disregard and inaction by the Coast Guard:

- On February 17, 2023, the Coast Guard noted multiple updated policies alleviating some forms of coercion on unvaccinated service members, but did not—and could not—cite any guidance on restoring denied promotions. ECF No. 68.
- On March 10, 2023, the Coast Guard brazenly contended that "vaccination status is no barrier to . . . promotion" (ECF No. 70 at 9), conveniently forgetting cases such as Plaintiff Marcenelle's where his religiously motivated vaccination status was the *only* barrier to a non-competitive promotion that it continues to deny. *See, e.g.,* ECF No. 72 at 22.
- On April 14, 2023, after being reminded that Plaintiff Marcenelle continues to face a certain and irreparable harm, the Coast Guard glibly noted "[b]ut the Coast Guard will give him another look in the next promotion cycle." ECF No. 74 at 4. Even more revealing, the Coast Guard casts their coercion as nothing more than "Plaintiff Marcenelle [being] dissatisfied that he has not yet been granted a promotion." *Id.*[1]
- As of this filing, the Coast Guard has not even made a decision on Plaintiff Marcenelle's request, let alone selected him for promotion.

The Coast Guard's filings and inaction underscore their intent to continue punishing Plaintiff Marcenelle for following his religious obligations. The Coast Guard's obstinate refusal to amend its ways sends Plaintiff Marcenelle a clear message: your religious beliefs are not welcome. The Coast Guard remains determined to ignore the brazen illegality of its categorical refusal to

[1] In fact, the Coast Guard presented no evidence whatsoever explaining a legitimate reason for denying Plaintiff Marcenelle's promotion. Plaintiff Marcenelle's statements remain uncontradicted: the only derogatory information presented to the board was for his mandate noncompliance records, the promotion board was instructed to automatically deny promotion to anyone with a recorded vaccine objection, and his chances of selection during the next promotion cycle are dramatically lower due to his nonselection. ECF No. 73 at 13-14. Defendants had an opportunity to rebut this evidence, and conspicuously did not take it.

grant any religious accommodations to its COVID-19 vaccine mandate, or to remedy the collateral consequences therefrom—including by way of severely reduced pay for Plaintiff Marcenelle and the indelible taint of a missed noncompetitive promotion.

Accordingly, Plaintiffs move for an expedited ruling on their fully-briefed Motion for Preliminary Injunction. ECF No. 4. The Court should expedite its ruling and thereby prevent the Coast Guard from inflicting yet more irreparable harm upon Plaintiff Marcenelle.

Moreover, after granting this Motion for an Expedited Ruling, Plaintiffs urge the Court to grant Plaintiffs' Motion for Preliminary Injunction and enjoin "Defendants . . . from taking any adverse action against Plaintiffs." *Id.* at 2. This injunctive relief should specifically require the Coast Guard to grant Plaintiff Marcenelle his noncompetitive, "in place" promotion to Lieutenant by April 29, 2023, or, alternatively, to grant him a special selection board with sufficient time for him to be granted the promotion by April 29, 2023. *See* ECF No. 72 at 15.

## CONCLUSION

Plaintiff Marcenelle faces imminent and irreparable harm absent prompt relief from this Court. The Court should therefore grant this motion and award Plaintiff Marcenelle the promotion to Lieutenant, or in the alternative an order directing that a special selection board be convened, and such other and further relief to which Plaintiffs may be entitled.

Dated: April 24, 2023


Respectfully submitted,

/s/Stephen M. Crampton
Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org


*Counsel for Plaintiffs*