UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 4:22-cv-00825-P |
| v. | ) ) |
| **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., | ) ) ) |
| Defendants. | ) ) |

### PLAINTIFFS' RESPONSE TO COAST GUARD'S NOTICE OF RECENT DEVELOPMENTS

The Coast Guard's Notice of Recent Developments (ECF Nos. 82, 82-1)—that a Special Selection Board (SSB) will be convened to review the denial of Plaintiff Marcenelle's promotion to Lieutenant, but with no timeline—further demonstrates the case is not moot.

The Coast Guard acknowledges that a promotion will be granted on the recommendation of an SSB only if the Coast Guard committed "error" in its original denial. ECF No. 82-1 at 2. But the Coast Guard steadfastly continues to deny it committed any error. *See*, *e.g.*, ECF No. 72 at 13, 16, 25; ECF No. 73 at 258; ECF No. 74 at 11. Accordingly, Plaintiff Marcenelle cannot reasonably expect to receive the promotion, unless and until the Coast Guard admits its error or the Court grants him relief.

Even if the Coast Guard is now prepared to admit its error, the Coast Guard has offered no assurance that Plaintiff Marcenelle will receive the SSB in the foreseeable future. The Coast Guard commits to no timeline of any kind. It will not even provide an estimate. It claims that due to unspecified "extenuating circumstances," unspecified "service need" will "dictate the timelines." ECF No. 82-1 at 2. In email correspondence following the Coast Guard's recent

1

filing, Plaintiffs asked the Coast Guard, "So, to be clear, you are unable to provide us even an estimate as to how long it might take" to convene the SSB? <u>Exhibit 1</u> (attached hereto). The Coast Guard responded, "Not at this time, no." *Id.*

By citing nebulous "extenuating circumstances" (ECF No. 82-1 at 2), the Coast Guard attempts to invoke an exception to allow it to extend its normal (already lengthy) 120-day timeline for convening an SSB. ECF No. 73 at 226 (COMDTINST M1000.3A at 6.B.13.c(6)) ("Barring extenuating circumstances, the convening authority will normally convene a SSB within 120 days."). Even if the Coast Guard held to its standard 120-day timeline—which it apparently will not do—Plaintiff Marcenelle's SSB would occur almost simultaneously with his "above zone" promotion board occurring in September 2023. ECF No. 73 at 16. The Coast Guard is once again attempting to provide just enough appearance of relief to stave off judicial review without providing Plaintiffs actual, meaningful relief from their ongoing harms.

The series of events leading to this SSB grant is litigation posturing to try to moot this case and preclude review of the Coast Guard's unlawful actions. Plaintiff Marcenelle filed his SSB request on March 22, despite being told at the time by the Coast Guard's Office of Personnel Management that such a request may be futile. ECF No. 73 at 15. On March 31, Plaintiffs informed the Court of the pending SSB request in their Response to Coast Guard's Motion to Dismiss. ECF No. 72 at 6-7. Twelve days later, on April 12—and just *two days* before filing its Reply brief—the Coast Guard issued ALCGPSC 058/23, telling officers who were denied promotion on the basis of their vaccination status that they may be eligible for an SSB. <u>Exhibit 2</u> (attached hereto). The Coast Guard conspicuously failed to notify this Court of ALCGPSC 058/23 or its suspect timing.

Moreover, the Coast Guard's SSB decision follows in the wake of Plaintiffs' Emergency Motion to Expedite Ruling on Plaintiffs' Motion for Preliminary Injunction (ECF No. 77) and the Court's assistance in breaking more than a month of inaction from the Coast Guard regarding Plaintiff Marcenelle's SSB request (ECF Nos. 78, 79, 80). Although the Coast Guard's decision granting the SSB is a welcome development in taking the first steps toward remedying the effects of its unlawful mandate, its actions are clearly designed to create the impression of mootness without actually mooting anything at this time. Such reactive, insufficient measures are typical of the Coast Guard in this case. *See, e.g.*, ECF No. 72 at 11-13, 27.

The Coast Guard's Notice does not even address any of the other relief Plaintiffs still seek, including but not limited to an injunction against consideration of vaccination status in making personnel and availability decisions, and a declaration, benefiting all affected service members, that the Coast Guard violated and is violating religious liberty rights under RFRA and the First Amendment. *See, e.g.*, ECF No. 72 at 17, 19 (identifying still-needed relief); ECF No. 73 at 253-54 (Declaration of Vice Admiral Lee (Ret.) attesting to need for declaratory relief). The need for relief for Plaintiff Marcenelle and other service members remains urgent.

Dated: May 17, 2023

Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*  
THOMAS MORE SOCIETY – Senior Counsel  
PO Box 4506  
Tupelo, MS 38803  
(662)255-9439  
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*  
THOMAS MORE SOCIETY – Counsel  
10506 Burt Circle, Ste. 110  
Omaha, NE 68114  
(402)501-8586  
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*  
Hochschild Law Firm  
THOMAS MORE SOCIETY – Special Counsel  
PO Box 401  
Plainfield, VT 05667  
(314)503-0326  
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*  
THOMAS MORE SOCIETY – Special Counsel  
112 S. Hanley Rd., Second Floor  
Clayton, MO 63105  
(314)825-5725  
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*  
LiMandri & Jonna LLP  
THOMAS MORE SOCIETY – Special Counsel  
P.O. Box 9120  
Rancho Santa Fe, CA 92067  
(858)759-994  
pjonna@limandri.com

Charles W. Fillmore  
State Bar # 00785861  
H. Dustin Fillmore III  
State Bar # 06996010  
THE FILLMORE LAW FIRM, L.L.P.  
201 Main Street, Suite 700  
Fort Worth, TX 76102  
(817)332-2351  
chad@fillmorefirm.com  
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*  
THOMAS MORE SOCIETY – Special Counsel  
5101 Old Highway 5, Box 442  
Lebanon, GA 30146  
(559)744-3664  
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*