UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC JACKSON, *et. al.*, <br><br>    *Plaintiffs,* <br><br>v. <br><br>ALEJANDRO N. MAYORKAS, <br>Secretary of Homeland Security, *et al.*, <br><br>    *Defendants.* | Case No. 4:22-cv-825-P |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully notify the Court of the recent decision in *Bazzrea v. Mayorkas*, --- F. Supp. 3d ----, 2023 WL 3958912 (S.D. Tex. June 12, 2023). In that case, as here, the plaintiffs challenged the Coast Guard's now-rescinded COVID-19 vaccination requirement, bringing claims (among others) under the Religious Freedom Restoration Act, the Free Exercise Clause, and the Administrative Procedure Act. After enactment of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, 136 Stat. 2395 (2022), the *Bazzrea* court found the case was moot and dismissed for lack of jurisdiction. *Bazzrea* provides additional support for Defendants' motion to dismiss this case as moot, ECF No. 69.

Defendants also notify the Court of the Fifth Circuit's recent decision in *Abbott v. Biden*, --- F.4th ----, 2023 WL 3945847 (5th Cir. June 12, 2023), which concerned a challenge to the COVID-19 vaccination requirement for members of the Texas National Guard. In *Abbott*, the Fifth Circuit concluded the appeal was not moot because the Secretary of Defense had "reserved the ability to punish Guardsmen who didn't seek a religious, administrative, or medical accommodation while the mandate was operative," and so "Texas Guardsmen . . . [who] never sought an accommodation while the mandate was in effect" remained subject to future adverse action. *Id.* at *4.

Defendants respectfully disagree with the Fifth Circuit's interpretation of the applicable military policies, but they submit that the mootness analysis in *Abbott* provides additional support for their motion to dismiss. The Coast Guard does not have a National Guard component, and so the primary policy challenged in *Abbott* is not at issue here. *See id.* at *3 (noting the relevant enforcement policies were developed following a directive by the Secretary of Defense to the Army and Air Force). Further, each of the Plaintiffs in this case submitted religious accommodation requests, *see* Compl. ¶ 5, and so they are not subject to future punishment for past noncompliance with the Coast Guard's now-rescinded COVID-19 vaccination requirement. As the Fifth Circuit expressly noted in *Abbott*, because there is no further risk of punishment for those who submitted religious accommodation requests to the COVID-19 vaccination requirement, claims brought by those individuals are "very likely moot." *Abbott*, 2023 WL 3945847, at *4.

Dated: June 16, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY H. COPPOLINO
Deputy Branch Director

/s/ *Cody T. Knapp*
CODY T. KNAPP (NY Bar #5715438)
JOHNNY H. WALKER (DC Bar #991325)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel.: (202) 532-5663 / Fax: (202) 616-8460
Email: cody.t.knapp@usdoj.gov

*Counsel for Defendants*