UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 4:22-cv-00825-P ) ) |
| v. | ) ) |
| **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., | ) ) ) |
| Defendants. | ) ) |

### PLAINTIFFS' RESPONSE TO COAST GUARD'S NOTICE OF SUPPLEMENTAL AUTHORITY

The new authorities cited by the Coast Guard—*Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912 (S.D. Tex. June 12, 2023), and *Abbott v. Biden*, No. 22-40399, 2023 WL 3945847 (5th Cir. June 12, 2023)—do not support a determination that this case is moot, and in essential respects they demonstrate how this case is *not* moot.

***Bazzrea***.  Plaintiffs do not believe the court reached the correct result in *Bazzrea*, but regardless it is critically distinguishable. Judge Brown dismissed the case upon finding "*no* evidence" of a remaining "controversy" or of "litigation posturing." *Bazzrea*, 2023 WL 3958912 at *7 (emphasis added). There is ample such evidence in the present case.

One example of a remaining, live controversy concerns Plaintiff Marcenelle's missed promotion. The Coast Guard passed him over for promotion solely due to his religious objection to the vaccine. ECF No. 72 at 8, 11-18, 20-22; ECF No. 73 at 12-17; ECF Nos. 82, 82-1, 83, 83-1, 83-2, 85. He seeks retroactive promotion. *Id.* The unlawfulness of and remedy for his missed promotion remain a hotly contested issue. The parties specifically addressed this controversy with Judge Ray in a status conference and in subsequent filings. ECF Nos. 85, 82, 82-1, 83, 83-1,

83-2. The Coast Guard recently agreed to provide a special selection board (SSB) to Plaintiff Marcenelle and offered retroactive promotion and full backpay if he ultimately succeeds through the SSB process. ECF 82. But the Coast Guard has offered no timeline, not even an estimated timeline, for this process, and there is no indication that the Coast Guard, which continues to maintain the vaccine mandate was a "lawful" order, will ever voluntarily change its mind, make the necessary determination that it erred in denying the promotion, and award it to him. ECF Nos. 82, 82-1, 83, 83-1. The issue thus remains a live controversy warranting judicial resolution. In *Bazzrea*, by contrast, one plaintiff was passed over for promotion but specifically did "*not* ask the court to require retroactive promotion." *Bazzrea*, 2023 WL 3958912 at *6 n.9 (emphasis added).

Another example of a remaining controversy concerns one of Plaintiff Stone's administrative remarks (CG-3307s) that references his vaccination status. Plaintiff Stone requested that it be removed from his personnel file, and just last month the Coast Guard refused to remove it. *See* Stone Supplemental Declaration ("Suppl. Decl.") attached hereto, ¶¶ 2-4, and Exhibit 1 thereto. The presence of this CG-3307 continues to negatively impact Plaintiff Stone going forward. *Id.*; ECF No. 72 at 16-17. This injury has not been remedied. *Id.* In *Bazzrea*, by contrast, plaintiffs there "do not dispute" that their CG-3307s had been removed and, "thus, this alleged injury has been remedied" for those individual service members. *Bazzrea*, 2023 WL 3958912 at *5.

As yet another example, the Coast Guard wrongfully cancelled Plaintiff Stone's orders to attend a training course essential to his advancement, because of his religious objection to the vaccine mandate. ECF No. 72 at 16; ECF No. 73 at 8; Suppl. Decl., ¶¶ 5-7. The Coast Guard still

has not permitted him to attend this course. Suppl. Decl., ¶ 5. None of the plaintiffs in *Bazzrea* apparently face such an injury. *Bazzrea*, 2023 WL 3958912 at *4-5.

The record in the present case contains evidence of other remaining controversies, including but not limited to the Coast Guard's ongoing wrongful consideration of vaccination status in making personnel and availability decisions and the need for declaratory relief, benefiting all service members, that the Coast Guard violated and is violating religious liberty rights under RFRA and the First Amendment. ECF No. 67 at 3; ECF No. 67-3 at 2; ECF No. 72 at 7, 11-12, 17, 19; ECF 73 at 9-10; ECF 73 at 251-55 (Declaration of Vice Admiral Lee (Ret.) attesting to need for declaratory relief); ECF No. 83 at 3.

Relatedly, Plaintiffs here have offered extensive evidence of litigation posturing: the Coast Guard admits its behavior can reasonably be expected to recur, and indeed various collateral consequences, including but not limited to Plaintiff Marcenelle's denied promotion, Plaintiff Stone's unremoved CG-3307 and denied training course, and the Coast Guard's ongoing wrongful consideration of vaccination status in making personnel and availability decisions, are ongoing and unremedied; the timing of the Coast Guard's voluntary changes in policy given the present litigation is suspicious; and the Coast Guard continues to defend, unqualifiedly, the challenged vaccine mandate and related guidance. ECF No. 72 at 26-30; ECF No. 83 at 2.

**<u>Abbott</u>**. As the Coast Guard acknowledges, the Fifth Circuit held the claims in *Abbott* were not moot, reversing the district court. The Court held, *inter alia*:

- "[A] case becomes moot when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party." *Abbott*, 2023 WL 3945847, at *4 (internal quotation marks omitted; emphasis added).

3

- "[T]he Government obviously does not consider the COVID vaccine mandate a 'readiness standard' *because the Government repealed the mandate.*" *Id.* at *21 (emphasis in original).

Unlike Plaintiffs in this case, at least some of the service members at issue in *Abbott* did not seek religious accommodations. *Id.* at *4. In dicta, the *Abbott* Court noted that if service members were "no longer subject to the challenged requirement" it would "very likely moot this appeal." *Id.* But as discussed above and at length previously, Plaintiffs are still subject to the collateral consequences of the challenged requirement, including but not limited to Plaintiff Marcenelle's missed promotion, Plaintiff Stone's unremoved CG-3307 and denied training course, and the Coast Guard's ongoing wrongful consideration of vaccination status in making personnel and availability decisions. ECF No. 72 at 8, 11-18, 20-22. Also, unlike in this case, the voluntary-cessation doctrine was not at issue in *Abbott*. *See Abbott*, 2023 WL 3945847, at *3 (discussing involuntary rescission per the National Defense Authorization Act (NDAA)).[1] Because Plaintiffs face ongoing harms *and* the voluntary-cessation doctrine applies, this case is not moot.

---

[1] As discussed previously, the NDAA's directive to rescind the Department of Defense vaccine mandate (Pub. L. No. 117-263, § 525 (2022)) did not apply to the Coast Guard, because the Coast Guard is under the authority of the Secretary of Homeland Security, not the Secretary of Defense. ECF No. 50 at 2 n.1; ECF No. 52 at 2; ECF No. 55; ECF No. 72 at 10. The Coast Guard Authorization Act (Pub. L. No. 117-263, Div. K, § 11001 *et seq.* (2022)) applies to the Coast Guard and did not direct the rescission of (or even mention) the Coast Guard's vaccine mandate. The Coast Guard's rescission of its mandate was entirely voluntary.

Dated: June 20, 2023

Respectfully submitted,

/s/ Adam S. Hochschild
_____

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*