UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Case No. 4:22-cv-00825-P |

### PLAINTIFFS' RESPONSE TO COAST GUARD'S NOTICE OF SUPPLEMENTAL AUTHORITY (*CROCKER*)

Rather than supporting the Coast Guard's theory that this case is moot, *Crocker v. Austin*, No. 5:22-cv-00757, 2023 WL 4143224 (W.D. La. June 22, 2023) further illustrates, by contrast with this case, that this case is not moot.

Plaintiffs disagree that the *Crocker* court reached the correct conclusion. Nonetheless, *Crocker* is inapplicable to the present case because it relied extensively on rationale lifted from *Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912 (S.D. Tex. June 12, 2023). Plaintiffs have detailed how the facts of *Bazzrea*—and thus *Crocker*—clearly differ from those in this case. ECF No. 87 at 1-3.

For example, *Crocker*'s mootness determination noted that in *Bazzrea* "under the Coast Guard's recent memoranda, any adverse documentation in service members' personnel files was removed; this the plaintiffs did not—and could not—dispute." *Crocker*, 2023 WL 4143224, at *5. Plaintiffs in the present case could—and did—dispute that all adverse documentation was removed by providing evidence that an adverse CG-3307 still remains in Plaintiff Stone's personnel file. ECF No. 87-1 at 1. *Crocker* also observed that the Air Force plaintiffs in that case

1

faced only speculative harm of impaired promotion potential as in *Bazzrea*. *Crocker*, 2023 WL 4143224, at *5. But Plaintiffs here have shown actual, concrete, and ongoing harms, including a denied promotion for Plaintiff Marcenelle and a denied training course for Plaintiff Stone. ECF No. 87 at 1-2. *Crocker*'s mootness determination relies on the absence of circumstances which are indisputably present in this case. Further, the Air Force service-member plaintiffs in *Crocker* remain protected by the class-wide preliminary injunction order in *Doster v. Kendall*, No. 1:22-CV-84, 2022 WL 2974733, at *1 (S.D. Ohio July 27, 2022), *aff'd*, 54 F.4th 398 (6th Cir. 2022), *rehearing en banc denied*, 65 F.4th 792 (2023). *See* ECF No. 72 at 30. There is no equivalent order in place in *any* court case benefitting *any* Coast Guard service members. *Id.* at 17-18.

Plaintiffs here have identified many other collateral consequences not addressed or not at issue in *Crocker*, for example: the Coast Guard's continuing consideration of vaccination status in personnel and availability decisions, its refusal to fully clear personnel records from vaccine mandate references, and its false assertion that the mandate was lawful and supported by a "religious accommodation" process respecting Plaintiffs' rights under the United States Constitution and RFRA—an assertion that will continue to stain Plaintiffs' careers unless relief is granted here. *See* ECF No. 72 at 17; ECF 73 at 251-55 (Declaration of Vice Admiral Lee (Ret.) attesting to need for declaratory relief); ECF No. 87.

*Crocker* sheds no light on the resolution of the collateral consequences faced by the Coast Guard Plaintiffs here, both because the *Crocker* plaintiffs asserted different harms and because the Air Force took different steps to resolve those harms. According to the *Crocker* court, the Air Force plaintiffs' collateral consequences of possible threat of discharge and lingering reprimand records had already been resolved. *Crocker*, 2023 WL 4143224, at *7-8. The court also

concluded that one plaintiff's denied assignment was not subject to judicial review.[1] *Id.* at 8. Finally, the court determined that another plaintiff's request for lost pay from a denied deployment opportunity could be brought in the Court of Federal Claims. *Id.*; *see also* Response in Opposition to Motion to Dismiss, *Crocker v. Austin,* No. 5:22-cv-00757 (W.D. La. Apr. 13, 2023), ECF No. 36 at 10. Plaintiffs here assert different harms and requests for relief, requiring a different analysis and a different conclusion. These remaining adverse collateral consequences critically distinguish this case.

Even if there were no remaining adverse consequences, exceptions to mootness apply here. For instance, Plaintiffs have presented a litany of examples of the Coast Guard's deliberate litigation posturing to moot this case, thus undercutting any presumption of good faith afforded to the Coast Guard and proving that the voluntary cessation doctrine applies. ECF No. 72 at 26-30; ECF No. 87 at 3. Because *Crocker* examined the Air Force's vaccine mandate and rescission, it worked from different facts and came to a different conclusion. The Air Force, falling under the Department of Defense, was required by the 2023 National Defense Authorization Act (Pub. L. No. 117-263, § 525 (2022)) to rescind its mandate. The Air Force rescission was thus *involuntary*. Here, though, the Coast Guard—which reports to the Department of Homeland Security—has no equivalent requirement. ECF No. 87 at n.1. The Coast Guard's rescission was voluntary.[2]

---

[1] *Crocker* cited *Austin v. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022), but did not indicate that that citation was from Justice Kavanaugh's solo concurrence, with which at least three Justices expressly disagreed. *See* ECF No. 72 at 22 n.13. Further, Justice Kavanaugh's solo concurrence does not mention promotional decisions, particularly the kind of in-place, essentially noncompetitive promotion denied to Plaintiff Marcenelle. The unlawfulness of this promotion denial and its proper resolution remain hotly contested, justiciable issues. *See* ECF No. 87 at 1-2.

[2] On its official, public website, the Coast Guard still claims its vaccine mandate is in effect and makes no mention of rescission. https://www.uscg.mil/coronavirus/ (last visited June 29, 2023).

Plaintiffs here have also shown that the Coast Guard's vaccine mandate is capable of repetition yet evading review. As one example, the Coast Guard still permits commanders to prohibit deployment based solely on vaccination status. ECF No. 72 at 6, 18. In contrast, the Air Force and other Department of Defense services have forbidden such commander discretion. *Id.* The Coast Guard's mandate is likely to repeat and evade review, and *Crocker* does not require a contrary conclusion.

This case is not moot. Plaintiffs assert continuing harms capable of judicial resolution and remain in urgent need of relief.

---

*See*, *e.g.*, https://www.uscg.mil/Coronavirus/Information/Article/2753898/mandatory-vaccination-for-military-members-faqs/ ("Q: Is the COVID-19 vaccination mandatory for all service members? A: Yes. All Coast Guard active duty and Ready Reserve members who are not fully vaccinated, and do not fall within an approved exception, must now be vaccinated against COVID-19."). At the least, this is further evidence of the Coast Guard's disregard—if not contempt—for the many service members, including Plaintiffs, who objected to the vaccine mandate.

Dated: June 29, 2023

Respectfully submitted,

/s/ Nathan Loyd

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*