## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 4:22-cv-00825-P |
| v. | ) ) | |
| **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' RESPONSE TO COAST GUARD'S NOTICE OF SUPPLEMENTAL AUTHORITY (*ALAVARDO*)

For various reasons, the Fourth Circuit's summary order in *Alvarado v. Austin*, No. 23-1419 (4th Cir. Aug. 3, 2023) (ECF No. 117-1), dismissing military chaplains' appeal as moot without further explanation, does not support the Coast Guard's pending motion to dismiss.

First, the Coast Guard is under the authority of the Department of Homeland Security (DHS) not the Department of Defense (DoD). *See* Complaint, ECF No. 1, ¶ 30; ECF No. 95 at 7, 12 n.2. Unlike in this case, there are no Coast Guard or DHS defendants in *Alvarado*.[1]

Second, Plaintiffs' claims are justiciable here. As the Fifth Circuit held in a Navy vaccine mandate case, "[I]t is likely that, following RFRA's enactment, abstention based on the *Mindes* [*v. Seaman*, 453 F.2d 197 (5th Cir. 1971)] test is no longer permissible"; "even under *Mindes*, Plaintiffs' claims are justiciable." *Navy SEALs 1-26 v. Biden*, 27 F.4th 336, 346, 349 (5th Cir.

---

[1] Plaintiffs have continued to name DoD Secretary Austin as a defendant in this case out of an abundance of caution given the Coast Guard's and DoD's apparent position, contrary to reality, that the Coast Guard is somehow under the authority of the DoD. *See*, *e.g.*, ECF No. 93 at 15 n.4. The Coast Guard *could* begin to "operate as a service in the Navy"—and thus fall under the DoD—at any time "upon the declaration of war if Congress so directs in the declaration or when the President directs." 14 U.S.C. § 103. But there has been no such Congressional declaration or Presidential direction.

2022). *See also Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 (5th Cir. 2023) (expressly declining to vacate *Navy SEALs 1-26 v. Biden*, 27 F.4th 336); ECF No. 95 (Plaintiffs' memorandum discussing impact of *Navy SEALs 1-26* on this case). In *Alvarado*, the District Court held *Mindes* applied to preclude the chaplains' claims, the government made parallel arguments in support of its motion to dismiss the appeal, and the chaplains did not respond to that argument. *See* ECF No. 10 at 8-9, 12-13 in *Alvarado*, No. 23-1419 (4th Cir.) (government's motion to dismiss chaplains' appeal); *and see*, *generally*, ECF No. 14 in *Alvarado*, No. 23-1419 (4th Cir.) (chaplains' opposition to motion to dismiss appeal). Fourth Circuit precedent also supports a finding of justiciability, *see Roe v. Shanahan*, 359 F. Supp.3d 382, 406 (E.D. Va. 2019), *aff'd sub nom. Roe v. Dep't of Def.*, 947 F.3d 207 (4th Cir. 2020). Even if it did not, governing precedent in this Circuit—including *Navy SEALs 1-26*—compels a finding of justiciability in the present case.

Third, the voluntary cessation doctrine and the capable-of-repetition-yet-evading-review doctrine each independently precludes a finding of mootness here, as Plaintiffs have explained in detail previously. *See*, *e.g.*, ECF No. 95 at 11-17. In *Alvarado*, the chaplains did not argue that either doctrine applied. *See*, *generally*, ECF No. 14 and ECF No. 17 at 5 in *Alvarado*, No. 23-1419 (4th Cir.).

Fourth, even if the claims for injunctive relief were somehow moot, the request for declaratory relief cannot be moot. ECF No. 95 at 19-24. The chaplains made no such argument in support of any declaratory relief claim in *Alvarado*.

For these reasons, among others, *Alvarado* does not support the Coast Guard's motion to dismiss. Plaintiffs here face ongoing concrete harms resulting from violations of their religious-liberty rights (ECF No. 95 at 9-11)—what the Coast Guard trivializes as "paperwork injuries"

(ECF No. 93 at 18).[2] The Court should deny the Coast Guard's motion to dismiss and grant relief in favor of Plaintiffs.

---

[2] For example, Plaintiff Marcenelle *still* awaits a decision on his promotion. ECF No. 73 at 14. His promotion is by no means guaranteed, since the Coast Guard, unlike the Navy, has not issued an order prohibiting consideration of "any adverse information related solely to COVID-19 vaccine refusal in cases in which an accommodation was requested." ECF No. 95 at 9-10. Even if he is selected for promotion during the next promotion board, the Coast Guard will not let him know until **December**, if history is a guide.  ECF No. 73 at 240 (ALCGPSC 159/22, announcing the results of the September 12, 2022 lieutenant selection board on December 13, 2022—three full months after the selection board convened). Plaintiffs continue to need urgent relief which the Coast Guard obstinately refuses to grant.

Dated: August 16, 2023


Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*