UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:22-CV-00825-P |

**PLAINTIFFS' RULE 60(b) MOTION
FOR RELIEF FROM FINAL JUDGMENT**

Pursuant to Fed. R. Civ. Proc. Rule 60(b), Plaintiffs hereby move for relief from this Court's order of dismissal (ECF No. 98) and final judgment (ECF No. 99), because application of the judgment prospectively would no longer be equitable under Rule 60(b)(5), and relief is otherwise justified under Rule 60(b)(6), for the following reasons confirming that Plaintiffs' claims are not moot:

1.      On August 11, 2023, six days before this Court's order of dismissal, the Coast Guard issued ALCOAST 291/23 announcing a "re-accession" process to "assist Coast Guard members (active duty and reserve) who separated – voluntarily or involuntarily – due to the previously mandated COVID-19 vaccination," via a newly created "Return2ServiceTeam."

1

(ALCOAST 291/23.)[1] Critically, the policy states that "[t]he Coast Guard *will restore* members to their former rank, and those who had promotions or advancements withheld solely due to their COVID-19 vaccination status *will have those promotions or advancements restored* during the re-accession process, assuming they meet all other requirements." (Id. at ¶A(5) (emphasis added).)

2.      Accordingly, the Coast Guard is now granting *automatic restoration* of missed promotions or advancements for those who *separated* from service as a result of the COVID-19 vaccine mandate (specifically, those who were selected for promotion prior to the Coast Guard instructing selection boards to categorically deny promotion to anyone having a recorded CG-3307 documenting mandate noncompliance, but were forced out of service before promoting). Those service members are also ensured an "approximately 30 day[]" process to fully return to service.

3.      Meanwhile Plaintiff Marcenelle and similarly-situated unvaccinated service members *who remained in the service* have been forced to apply for a special selection board (SSB) to restore their lost promotions. *If* selected, they must then wait an unspecified length of time until their promotions are announced and then effective—all at the high risk of irreparable delay in their military advancement due to the delay in assuming more senior leadership responsibilities.

4.      ALCOAST 291/23 confirms that the Coast Guard's policy of a conditional and indefinite restorative process for Plaintiff Marcenelle (and others who remained in the service

---

[1] https://www.dcms.uscg.mil/ppc/news/Article/3490753/alcoast-29123-sitrep-1-implementation-of-return2service-team-r2st/.

and now seek restoration of promotions or advancements lost as a result of their vaccine status)

fails to adequately eliminate the ongoing consequences of its COVID-19 vaccine mandate.

    5.      The Coast Guard did not give notice of ALCOAST 291/23 to the Court or

Plaintiffs' counsel.

    6.      Additionally, on August 28, 2023, 11 days after this Court's dismissal order, the

Biden Administration announced that it will officially "encourage" Americans to get an updated

COVID-19 vaccine upon its release later this month.[2] On September 11, 2023, the FDA

announced that it had fully approved the updated vaccine for individuals 12 years of age and

older and for emergency use by individuals 6 months through 11 years old.[3] In light of the Biden

Administration's previously expressed opposition to additional protections in the 2024 National

Defense Authorization Act for service members who separated because of the COVID-19

vaccine mandate, including the Administration's expressed desire to retain the ability to "again

require [COVID-19] vaccination" (see ECF No. 95, Br. at 8), these latest comments newly show

the Coast Guard's failure to make absolutely clear that re-implementation of the illegal mandate

and accommodation process is not reasonably likely to recur.

    7.      Plaintiffs rely on and incorporate the attached exhibit and accompanying

Memorandum in Support in furtherance of this Motion.

    WHEREFORE, Plaintiffs request that the Court enter an order granting relief from its

order of dismissal and final judgment.

---

[2] https://www.whitehouse.gov/briefing-room/press-briefings/2023/08/28/press-briefing-by-press-secretary-karine-jean-pierre-and-director-of-the-office-of-public-engagement-stephen-benjamin/; https://www.foxnews.com/politics/biden-administration-will-encourage-americans-to-get-new-covid-19-vaccine-kjp-says.
[3] https://www.fda.gov/news-events/press-announcements/fda-takes-action-updated-mrna-covid-19-vaccines-better-protect-against-currently-circulating.

**CERTIFICATE OF CONFERENCE**

This motion is opposed. A phone conference was held on September 11, 2023, between

Plaintiffs' counsel Michael McHale and the Coast Guard's counsel Cody T. Knapp, and Mr.

Knapp confirmed that the Coast Guard would oppose the motion.

/s/ Michael G. McHale
Michael G. McHale
*Counsel for Plaintiffs*

Dated: September 13, 2023

Respectfully submitted,

/s/  *Nathan Loyd*

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org