UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, **LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense, **LINDA L. FAGAN**, in her official capacity as Commandant of the Coast Guard, and **BRIAN K. PENOYER**, in his official capacity as Assistant Commandant for Human Resources of the Coast Guard, <br><br> Defendants. | Case No. 4:22-CV-00825-P |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR RULE 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT**

The Court should grant Plaintiffs relief from the Opinion and Order dismissing this case (ECF No. 98) and the Final Judgment (ECF No. 99).

Just days before this Court entered its August 17, 2023 order of dismissal and final judgment, the Coast Guard issued a new policy authorizing *automatic restoration* of missed promotions and advancements for those service members who *were separated* because of its illegal COVID-19 vaccine mandate and have returned or are now returning to service. The new policy shows the Coast Guard has failed to eradicate the ongoing consequences of its illegal mandate and sham religious accommodation process for Plaintiffs and those who similarly avoided separation while remaining unvaccinated (as the Coast Guard has consistently refused to *ensure* them such

1

restoration throughout this litigation), while it is readily willing to do so for a separate class of service members.

Additionally, on August 28, 2023, after this Court's order of dismissal and judgment, the Biden Administration announced it would officially "encourage" Americans to receive a new COVID-19 vaccine upon its release later this month, in order to target the new "XXB variant." This announcement confirms that the Coast Guard has failed to make absolutely clear, as it must to avoid mootness, that the Coast Guard's illegal mandate is not reasonably likely to recur.

Accordingly, Plaintiffs seek relief from this Court's order of dismissal and final judgment pursuant to Rule 60(b), because applying that judgment prospectively is no longer equitable and relief is otherwise justified in light of these new circumstances.

## ARGUMENT

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (5) . . . applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." While motions under Rule 60(b)(6), in particular, must demonstrate "extraordinary circumstances" to justify relief, *Hess v. Cockrell*, 281 F.3d 212, 214 (5th Cir. 2002), the Fifth Circuit has stated that "Rule 60(b) is to be construed liberally to do substantial justice," especially "in hard cases where the circumstances generally measure up to one or more of the itemized grounds," *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 600 (5th Cir. 1980) (internal quotes omitted).

Moreover, the Fifth Circuit has previously refused to consider certain new arguments on appeal that were not first raised in a Rule 60(b) motion. *See, e.g.*, *Sindhi v. Raina*, 905 F.3d 327, 333 (5th Cir. 2018) ("Raina did not raise arguments under Rule 60(b)(2) or (3) in front of the district court, precluding him from raising those arguments here."); *Malik v. United States Dep't*

2

*of Homeland Sec.*, No. 22-107772, 2023 WL 5211651, at *7 (5th Cir. Aug. 15, 2023) ("The proper procedure for addressing such 'newly discovered evidence' would be for Malik to 'file[ ] a Rule 60(b)(2) motion to set aside the judgment in the district court' and to 'seek[ ] an indicative ruling pursuant to Rule 62.1.'"). Given that Plaintiffs intend to address the below new circumstances on appeal, out of an abundance of caution Plaintiffs hereby first present them to this Court under Rule 60(b).

### A. The Coast Guard's New Policy Awards Automatic Promotions and Advancements for Previously Separated Members, But Not for Plaintiffs.

On August 11, 2023, the Coast Guard issued ALCOAST 291/23, which announced a "re-accession" process to "assist Coast Guard members (active duty and reserve) who separated – voluntarily or involuntarily – due to the previously mandated COVID-19 vaccination." (ALCOAST 291/23 at ¶A(1).)[1] The Coast Guard did not give notice of this policy to the Court or Plaintiffs' counsel. The policy states that "those who had promotions or advancements withheld solely due to their COVID-19 vaccination status *will have those promotions or advancements restored* during the re-accession process." (Id. at ¶A(5) (emphasis added).) In other words, the Coast Guard is undoing its discriminatory policy of prohibiting Coast Guard service members from promoting or advancing due to their vaccination status. And it has committed a dedicated team to the task, allowing the Coast Guard to tell returning service members that their return process will take only about 30 days. (Id. at ¶ A(4).)

However, ALCOAST 291/23 only relieves service members who a) separated due to the mandate, and b) were selected for promotion prior to the Coast Guard instructing selection boards to categorically deny promotion to anyone having a recorded CG-3307 documenting mandate

---

[1] https://www.dcms.uscg.mil/ppc/news/Article/3490753/alcoast-29123-sitrep-1-implementation-of-return2service-team-r2st/.

3

noncompliance, but were forced out of service before promoting. (ECF No. 73 at 11.) The Coast Guard continues refusing to issue any such similar relief for the Plaintiffs in this case, as recounted in previous filings and summarized in their Supplemental Brief in Support of their Motion for Preliminary Injunction and Opposition to the Coast Guard's Motion to Dismiss. (ECF No. 95.) In particular, the Coast Guard has insisted that Plaintiff Michael Marcenelle apply for the opportunity for a special selection board (SSB) to reconsider him for his unlawfully denied and otherwise regularly scheduled promotion, which application wasn't granted until Plaintiffs notified this Court about the Coast Guard's ongoing failure to grant it. (Id., Br. at 9-10.) And the Coast Guard *still* refuses to issue any guidance prohibiting selection boards from considering vaccination status, unlike their Navy brethren, to ensure that the promotion will be granted. (Id., Br. at 4-5, 10, & n.4.)

Even if Plaintiff Marcenelle is selected, the Coast Guard has refused to provide any assurances that his promotion will be promptly announced and made effective. (ECF No. 97 at n.2) In fact, history shows that the Coast Guard will likely keep his selection a secret until at least December. (Id.). Thus, while the Coast Guard utterly refuses to provide Plaintiff Marcenelle any guarantees of success or timeliness to resolve his denied promotion (his dedication to continued service notwithstanding), the Coast Guard is providing certain and speedy resolution to those who separated.

ALCOAST 291/23 thus confirms that with respect to Plaintiffs and similarly situated service members, the Coast Guard has failed to "completely and irrevocably eradicate[] the effects of" its illegal COVID-19 vaccine mandate and religious accommodation process, as it must to demonstrate mootness. *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979); *accord U.S. Navy Seals 1-26 v. Biden*, 72 F.4th 666, 674 (5th Cir. 2023) (acknowledging Navy "promulgated multiple binding policies . . . eradicat[ing] the effects of the mandate" (emphasis added)). *See also Missouri*

*v. Biden*, No. 23-30445, 2023 WL 5821788, at *7 (5th Cir. Sept. 8, 2023) ("Past harm can constitute an injury-in-fact for purposes of pursuing injunctive relief if it causes 'continuing, present adverse effects.'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). The Coast Guard's promulgation of a binding policy eliminating the effects of the mandate for separated-and-returning service members, while refusing to ensure such relief for Plaintiffs and similarly situated service members who did not separate, confirms that Plaintiffs' claims are not moot. (*See* ECF No. 95, Br. at 6-11, 12-19.) It also shows that the Coast Guard has the ability to grant the relief requested in a prompt manner, but obstinately and unreasonably withholds relief for Plaintiffs.

This manifest inequity and injustice cries out for relief under Rule 60(b).

**B. Biden Administration is Now "Encouraging" COVID-19 Vaccination, After Announcing Desire to "[A]gain [R]equire" COVID-19 Vaccine in the Military.**

On August 28, 2023, 11 days after this Court's order of dismissal and final judgment, the Biden Administration announced that it will officially "encourage" Americans to get an updated vaccine upon its release later this month, in order to target so-called "XBB variants," allegedly the most common current strain of COVID-19.[2] The Administration did not say whether it would re-impose a mandate on its employees to get the updated vaccine and said it will provide additional details later this month.[3] On September 11, 2023, the FDA announced that it had fully approved the updated vaccine for individuals 12 years of age or older and for emergency use by individuals 6 months through 11 years old.[4]

---

[2] https://www.whitehouse.gov/briefing-room/press-briefings/2023/08/28/press-briefing-by-press-secretary-karine-jean-pierre-and-director-of-the-office-of-public-engagement-stephen-benjamin/; https://www.foxnews.com/politics/biden-administration-will-encourage-americans-to-get-new-covid-19-vaccine-kjp-says.
[3] Id.
[4] https://www.fda.gov/news-events/press-announcements/fda-takes-action-updated-mrna-covid-19-vaccines-better-protect-against-currently-circulating.

5

The Administration's new announcements raise particularly heightened concern for these Plaintiffs in light of its previously expressed opposition to additional proposed protections in the 2024 National Defense Authorization Act (NDAA) for service members who had previously separated because of the COVID-19 vaccine mandate, and its express desire to retain authority to "again require COVID-19 vaccination" for military service members. (ECF No. 95, Br. at 8 & n.3.) Notably, the Biden Administration's criticisms were directed at Sections 564 and 525 of the proposed NDAA as of July 10, 2023 (*see* id.), which sections have not yet been included in the final bill.[5]

Accordingly, the Biden Administration's post-judgment announcements further show it has failed to make "absolutely clear that the defendants' challenged conduct could not reasonably be expected to recur." *Navy Seals 1-26*, 72 F.4th at 673. Thus Plaintiffs' claims cannot be moot for this separate and independent reason, thereby justifying Rule 60(b) relief.[6]

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for relief from its order of dismissal and final judgment pursuant to Rule 60(b).

---

[5] https://www.congress.gov/bill/118th-congress/house-bill/2670/text.
[6] Notably, the official Coast Guard website *still* says that the COVID-19 vaccine is *mandatory*. https://www.uscg.mil/Coronavirus/Information/Article/2753898/mandatory-vaccination-for-military-members-faqs/ ("**Q: Is the COVID-19 vaccination mandatory for all service members?** A: Yes. All Coast Guard active duty and Ready Reserve members who are not fully vaccinated, and do not fall within an approved exception, must now be vaccinated against COVID-19.") (last visited September 12, 2023).

Dated: September 13, 2023

Respectfully submitted,

/s/  Nathan Loyd

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Hodes, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mchodes@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*