# EXHIBIT A

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Case No. 23-11038 |

## DECLARATION OF BOATSWAIN'S MATE 1ST CLASS ERIC JACKSON

Pursuant to 28 U.S.C. § 1746, I, Eric Jackson, under penalty of perjury declare as follows:

1. I am over the age of eighteen and am competent to make this declaration.

2. On April 17, 2024, a records technician within my parent unit provided me with my paper personnel data records. I did not know that my personnel data records still existed in paper form. Instead, I believed that all of my records were stored digitally, since I had only accessed my

1

records digitally in the past few years and have seen multiple new documents added to the digital file during this time. I have since learned that my paper personnel data records had been stored with my parent unit commander in Louisiana, away from my duty station in Texas, and were accessible to my parent unit commander.

3. I did not complete my review of the personnel data records until April 23, 2024. On that day, I discovered that each CG-3307 issued to me referencing COVID-19 vaccination was present in the paper personnel data records. These included the CG-3307 I received on May 16, 2022, ordering me to receive my first dose of a vaccine, and the CG-3307 I received on July 1, 2022, for allegedly violating a lawful order by deciding not to receive a COVID vaccine. The documents in the paper copy are identical to the ones present in the electronic record of appeal at ROA.317 and ROA.318, respectively.

4. These two documents were present in my electronic personnel data records until at least February 4, 2023. These two documents are not in my electronic personnel data records now. They have been replaced by a memorandum titled "CORRECTING MILITARY RECORDS."

5.     However, that replacement memorandum was not in the paper copy I inspected.

6.     The paper personnel data records also included a CG-3307 I received on September 9, 2021, documenting my intention to seek an accommodation from the mandate. A digital copy was in my electronic records until April 12, 2023. I understand that it was removed on this date after my attorneys informed the Coast Guard that it was still in my records despite the Coast Guard's order to remove it. The paper copy of this CG-3307 is identical to the one present in the electronic record of appeal at ROA.1526.

7.     I did not know these paper copies of my CG-3307s existed, and I have no way of knowing how many other copies may exist, either in paper or electronic form.

8.     On April 24, 2024, I informed my co-plaintiff Michael Marcenelle that I had discovered these documents still in my paper personnel data records.

3

9. I declare under penalty of perjury that the foregoing is true and correct. Executed on April 26, 2024.

_____
Eric Jackson