UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC JACKSON, ET AL.,

   Plaintiffs,

v.                                                              No. 4:22-cv-0825-P

ALEJANDRO N. MAYORKAS, ET AL.,

   Defendants.

## ORDER

On August 17, 2023, the Court, after finding that no case or controversy exists, dismissed this case. ECF No. 98. Plaintiffs appealed. And on March 20, 2025, a divided panel of the United States Court of Appeals for the Fifth Circuit issued an opinion reversing the Court's determination. ECF No. 117. The Fifth Circuit's mandate was issued on May 12, 2025, and the case was reopened. ECF No. 116.

In their Complaint, Plaintiffs seek the following relief: (1) a declaratory judgment that the mandates violate Plaintiffs' First Amendment rights; (2) a declaratory judgment that the mandates violate Plaintiffs' rights under the RFRA and APA; (3) a preliminary and permanent injunction prohibiting Defendants from enforcing the mandates; (4) a preliminary and permanent injunction prohibiting Defendants from "taking any adverse action against Plaintiffs" on the basis of this lawsuit or their requests for religious accommodation; and (5) a declaratory judgment that the mandates are unlawful. ECF No. 1 at 66–67. The challenged mandates were rescinded and disavowed, the records of service members were expunged of any adverse actions connected to the mandates, and the Coast Guard issued a statement prohibiting any adverse actions from occurring based on a service member's vaccination status. Based on the above, the Court found that there is no further and additional relief that could be granted by the Court and dismissed the case.

On appeal, the Fifth Circuit found that even though the Coast Guard had prohibited any discrimination against unvaccinated service members, there is nothing to prevent individuals from internally and subconsciously considering vaccination status when making personnel decisions. ECF No. 117 at 5 ("promotion board members will often advocate for or caution against a candidate based on the member's personal knowledge. . ."). Based on this, the Fifth Circuit concluded that "it is still possible for a court to grant effectual relief" and reversed and remanded the case. *Id.* at 6. The Court cannot declare something that no longer exists to be unlawful. And the Court cannot order individuals to forget their "personal knowledge." Additionally, the Supreme Court has instructed lower courts that they "should indulge the widest latitude" to sustain the President's "function to command the instruments of national force, at least when turned against the outside world for the security of our society." *Austin v. U. S. Navy Seals 1-26*, 142 S. Ct. 1301, 1302, 212 L. Ed. 2d 348 (2022) (Kavanaugh, J., concurring) (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U. S. 579, 645 (1952) (Jackson, J., concurring)). Thus, the Court is flummoxed as to what relief it can grant to Plaintiffs. Accordingly, the Court finds it appropriate to **ORDER** Plaintiffs to submit, **on or before May 20, 2025**, a brief (not to exceed 10 pages) describing what relief they believe the Court can afford them.

Further, the Court finds it appropriate to order the Parties to mediation. Therefore, it is **ORDERED** that **on or before June 13, 2025**, the Parties shall attend an in-person mediation with Magistrate Judge Hal. R. Ray. It is further **ORDERED** that the Parties shall submit a mediation report within seven days after the completion of the mediation.

**SO ORDERED** on this **13th day of May 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE