UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 4:22-cv-00825-P |
| Plaintiffs, | ) | |
| v. | ) ) | |
| **ALEJANDRO N. MAYORKAS**, in his official capacity as Secretary of Homeland Security, et al., | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' BRIEF DESCRIBING RELIEF THE COURT CAN AFFORD THEM

Pursuant to the Court's May 13, 2025 order (ECF No. 119), Plaintiffs hereby describe the

relief they believe the Court can afford them. As detailed below, the Court can grant relief

comparable to that afforded to Navy service members under a settlement with the Navy, enjoin

consideration of COVID-19 vaccine status in making personnel and selection decisions, require

fair treatment in board decisions, and declare that the vaccine mandate was unlawful as

implemented.

I.      BACKGROUND

      A.      **Plaintiffs bring suit against the Coast Guard, the Court dismisses, and Plaintiffs appeal.**

Plaintiffs brought suit in September 2022. ECF No. 1. Plaintiffs and members of the

putative class are Coast Guard service members who sought religious accommodations to the

Coast Guard's COVID-19 vaccine mandate.[1] *Id.*

---

[1] Plaintiffs sued Defendants in their official capacities. Since the time of filing, Kristi Noem has succeeded Defendant Alejandro Mayorkas as Secretary of the Department of Homeland Security, Pete Hegseth has succeeded Defendant Lloyd Austin as Secretary of Defense, and Kevin Lunday has succeeded Linda Fagan as (Acting) Commandant of the Coast Guard. Plaintiffs believe substitution under Federal Rule of Civil Procedure 25(d) would be appropriate.

The Coast Guard is within the Department of Homeland Security (DHS). ECF No. 1 at ¶ 30; ECF No. 53 at 2; ECF No. 98 at 1-2. The other service branches—including the Navy, Air Force, Army, and Marines—are within the Department of Defense (DOD), but the Coast Guard is not. ECF No. 53 at 2; ECF No. 98 at 1-2.

In August 2023, this Court dismissed the case as moot. ECF No. 98. Plaintiffs appealed to the Fifth Circuit Court of Appeals. ECF No. 103.

> **B.    Pending appeal, additional key evidence emerges, and other court rulings in related cases and a settlement in one of those cases favor religious service members.**

While the appeal was pending, Plaintiffs filed, and the Fifth Circuit granted, three motions to supplement the record. ECF Nos. 108 - 112. The supplemental-record materials are uncontroverted evidence that (a) the Coast Guard still maintains paper copies of harmful vaccine-mandate-related remarks (CG-3307s) in some service members' records even while it claimed it removed all copies in all formats; (b) the Coast Guard unnecessarily inserted into service members' records a memorandum (the "Navarro memo") that references the CG-3307s and past alleged noncompliance; and (c) the Coast Guard improperly reinserted copies of CG-3307s back into some service members' records after initially removing them.[2] *Id.*

In 2024, courts in two similar cases, involving complaints that are substantially similar to Plaintiffs' Complaint here, held that plaintiffs sufficiently alleged a challenge to the overall sham religious accommodation process in their respective service branches, even where the COVID-19 vaccine mandate was the vehicle for bringing suit and the mandate had since been rescinded. *Navy*

---

[2] This Court (and Plaintiffs) did not have the benefit of this supplemental evidence when the Court issued its dismissal order in 2023. Nevertheless, the Court of Appeals can consider evidence "not before the courts below which bears upon the issue of mootness." *Matter of Manges*, 29 F.3d 1034, 1041 (5th Cir. 1994). Upon the Fifth Circuit's acceptance of the supplemental evidence, it became part of this Court's record too. ECF Nos. 108 - 112.

*SEALs 1-26 v. Austin*, No. 4:21-cv-01236-O, slip op. (N.D. Tex. Feb. 14, 2024) ECF 262 (Navy);

*Crocker v. Austin*, 115 F.4th Cir. 660 (5th Cir. 2024) (Air Force).

In May 2024, following entry of the order in the Navy case, the parties settled. *Navy SEALs 1-26* (N.D. Tex. May 31, 2024) (ECF 279, Settlement Agreement). Under the court-approved settlement, Navy service members obtained substantial relief, including the Navy's agreement to (a) fix its religious accommodation process including training Navy personnel to follow the Religious Freedom Restoration Act (RFRA) and make the requisite to-the-person assessment of religious accommodation requests, (b) protect career advancement including comprehensive re-review of records to ensure removal of adverse actions and any records even "indicating" past non-compliance with the mandate; and (c) pay plaintiffs' reasonable attorneys' fees. *Id.*

### C.     Fifth Circuit reverses this Court.

In March 2025, the Fifth Circuit reversed this Court's dismissal order. ECF No. 117; *Jackson v. Noem*, 132 F.4th 790 (5th Cir. 2025). The Fifth Circuit found Plaintiffs alleged viable, non-moot claims for equitable relief. *Jackson*, 132 F.4th at 794. The Court held Plaintiffs properly assert the Coast Guard had done nothing to affirmatively prevent the *ad hoc* use of COVID-19 vaccination status in making personnel decisions, such as deployment eligibility, training opportunities, and assignments. *Id.* The Coast Guard merely repealed its prior policy *requiring* denial of opportunities based on refusal to obtain the COVID-19 vaccine. The Court expressly distinguished between the Navy, which went further by issuing guidance *prohibiting* the use of COVID-19 vaccination status even on an *ad hoc* basis, and the Coast Guard, which has issued no such guidance. *Id.* at 793-94.

The Court also followed *Crocker*, in finding Plaintiffs plausibly allege a challenge to the overall sham religious accommodation process. *Id.* at 794. The Court further found that because the Coast Guard continues to consider the vaccine mandate to be a "lawful order," Plaintiffs

properly assert that a declaratory judgment is needed to remedy damage to the service reputation of those who did not take the vaccine, particularly in the uniquely tight-knit community of the Coast Guard. *Id.* The Court credited the unrebutted declaration of Vice Admiral Lee (Ret.), who attested that a declaratory judgment that the mandate was unlawful would help remediate critical reputational harms that are likely to inhibit Plaintiffs' and the putative class members' careers, especially in seeking higher-ranking, more competitive positions. *Id.*

> **D.    DOD (but not the DHS or Coast Guard) acknowledges the DOD mandate was unlawful, apologizes, and directs boards to remediate wrongful conduct.**

On April 23, 2025, DOD Secretary Hegseth acknowledged that the DOD vaccine mandate was "unlawful" and "apologize[d]" to service members who were subject to it. *See* April 23, 2025 statements.[3] The DOD has since stated in supplemental guidance that the DOD vaccine mandate was "unlawful as implemented." *See* May 7, 2025 supplemental guidance.[4] The DOD further granted relief to service members who were harmed by the DOD vaccine mandate, including directing the DOD Board of Correction of Military Records (BCMR) to "exercise its broad discretion to assess the potential impact on the Service member's career and correct impacted personnel records appropriately." *Id.*

These acknowledgements and this supplemental guidance are positive (albeit incomplete) developments for DOD service members (and confirm there was more relief to be granted notwithstanding the mandate's repeal), but they do not apply to Plaintiffs and members of the

---

[3] https://x.com/SecDef/status/1915164433157968186 (April 23, 2025 video statement of Secretary Hegseth); https://www.foxnews.com/video/6372163252112 (same); https://media.defense.gov/2025/Apr/23/2003696408/-1/-1/1/PROVIDING-SUPPLEMENTAL-REMEDIES-FOR-SERVICE-MEMBERS-AND-VETERANS-NEGATIVELY-IMPACTED-BY-THE-DEPARTMENT-OF-DEFENSE-DEFUNCT-CORONAVIRUS-DISEASE-2019-VACCINATION.PDF (April 23, 2025 memorandum of Secretary Hegseth).
[4] https://www.defense.gov/Portals/1/Spotlight/2025/Guidance_For_Federal_Policies/Supplemental-Guidance-to-the-Military-Department-Discharge-Review-Boards-and-Boards-for-Correction-of-Military-Naval-Records.pdf (May 7, 2025 DOD supplemental guidance).

putative class. The DHS and the Coast Guard have made no such acknowledgements and have

issued no such guidance for Coast Guard service members.

## II.    DISCUSSION

This Court can—and should—afford Plaintiffs various relief.

### A.    Grant relief comparable to that afforded under the Navy settlement.

The Court can grant Plaintiffs relief comparable to what Navy service members are

afforded under the 2024 Navy settlement, including terms that would require the Coast Guard to:

a.  Fix the Coast Guard's sham religious accommodation process; and

b.  Protect career advancement, including comprehensive re-review of records to
    ensure removal of CG-3307s (including paper copies never removed from records,
    and electronic or paper copies removed from and then later reinserted into records)
    and anything else "indicating" adverse actions for alleged non-compliance with the
    COVID-19 vaccine mandate (including the Navarro memo); and issuance of
    affirmative protections *forbidding* the Coast Guard from denying opportunities
    *even ad hoc* to Plaintiffs and putative class members based on their past non-
    compliance with the COVID-19 vaccine mandate.[5]

First, following *Crocker*, the Fifth Circuit recognized in this case that Plaintiffs properly

challenge the sham religious accommodation process itself. *Jackson*, 132 F.4th at 794. Even where

the COVID-19 vaccine mandate was the vehicle for bringing suit and the mandate had since been

rescinded, Plaintiffs sufficiently allege a challenge to the process itself, *id.*, which the Coast Guard

has thus far refused to rectify. This is the law of the case. *See Fuhrman v. Dretke*, 442 F.3d 893,

896 (5th Cir. 2006) ("The law of the case doctrine provides that an issue of law or fact decided on

---

[5] The Navy also paid attorneys' fees under the settlement. Plaintiffs here likewise seek attorneys'
fees and will move for an award of fees when and as appropriate.

appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.") (cleaned up).

Second, the Plaintiffs are entitled to equal protection under the law, under the Fifth Amendment of the Constitution. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("[A]ll persons similarly situated should be treated alike"). As religious-objector service members who are similarly situated to the religious-objector service members in the Navy case in all relevant respects, Plaintiffs are entitled to relief that is comparable to the relief plaintiffs obtained in the Navy case. *See*, *e.g.*, *Schreiber v. Wick*, 362 F. Supp. 193, 194 (N.D. Ill. 1973) ("The conflicting policy between branches of military service concerning the [hair] grooming of reservists might well involve constitutional problems of equal protection and due process."). If Navy service members have a formalized, reliable system to obtain religious accommodations and have reasonable confidence that adverse comments about their vaccine status are permanently removed from their records (and the Navy is forbidden from considering such information), but Coast Guard members do not (and the Coast Guard remains free to discriminate based on their past non-compliance), then Coast Guard members are placed at an unconstitutional disadvantage in practicing their faith. *See id.* The government does not and cannot justify treating religious service members in one branch differently from those in another branch. There is no rational basis in law or military purpose in honoring the religious-liberty rights of Navy service members and not those of Coast Guard service members.

Federal constitutional and statutory rights are at stake here, including religious-liberty rights under the First Amendment and RFRA. This is not a matter of seeking uniformity among the branches in matters of physical fitness, discipline, service needs, or the like. *See*, *e.g.*, *Vance v. U.S.*, F. Supp. 826, 839 n.16 (N.D. Tex. 1977) (a service member is not entitled as a matter of equal protection to a higher bodyweight limit allowed by another branch). There is no right to

6

uniformity *per se* among the branches. *Id.* But where federal constitutional or statutory rights are implicated, the government cannot honor those rights for some service members and not others who are similarly situated. *Schreiber*, 362 F. Supp. at 194. Because federal constitutional and statutory rights are implicated here, the government must honor the rights of Coast Guard service members as much as those of Navy service members.

The Navy settlement demonstrates that the military itself acknowledges there is some relief that *can* be granted to service members. The Navy is in the DOD, but the Coast Guard itself stated that it "has been and intends to remain aligned with the Department of Defense regarding COVID-19 vaccination policy." ECF No. 53 at 2. Indeed, in 2022 and 2023, the Coast Guard was quick to claim it had aligned itself with the DOD in enacting COVID-19 vaccination policy. *Id.*; ECF No. 68. Yet as the Fifth Circuit's binding decision held, the Coast Guard hasn't ensured protections similar to those afforded to Navy service members under the 2024 settlement (or afforded under other DOD/Navy guidance as discussed below). The Coast Guard has not and cannot offer any legitimate reason why Coast Guard service members aren't entitled to the same protections here as Navy service members.

Indeed, as Coast Guard service members, Plaintiffs are in particular need of such relief from the harms resulting from the COVID-19 vaccination policy. They have presented uncontroverted evidence that (a) the Coast Guard still maintains paper copies of CG-3307s in some service members' records even while it claimed it removed all copies; (b) the Coast Guard unnecessarily inserted into some service members' records the Navarro memo, which references the CG-3307s and past alleged noncompliance; and (c) the Coast Guard improperly reinserted copies of CG-3307s back into some service members' records after initially removing them.

This is compelling evidence of ongoing harm, particularly given the Coast Guard's failure to promulgate affirmative protections (as the DOD and Navy did) forbidding *ad hoc* discrimination

7

against Plaintiffs. The evidence demonstrates that Plaintiffs need relief that is at least comparable to that afforded to Navy service members under the Navy settlement.

**B.    Enjoin consideration of vaccine status.**

As the Fifth Circuit recognized in this case, the Navy's more-robust remedial guidance and the Coast Guard's guidance are critically different, and Plaintiffs properly seek relief based on this difference. *Jackson*, 132 F.4th at 793-94. This too is the law of the case. *Fuhrman*, 442 F.3d at 896.

Specifically, the Navy guidance *prohibits* Navy commanders from considering vaccine status in making any personnel decisions, including deployment eligibility, training opportunities, and assignments, while there is no such Coast Guard guidance.

To be clear, the Navy's guidance does not (and could not) require commanders to *forget* their personal knowledge of a service member's vaccine status. Rather, it obligates commanders to *not base any decisions* on vaccine status. If they happen to know the service member's vaccine status, they must not consider it in making a personnel decision. And if they don't know the service member's vaccine status, they must not inquire into it. As things stand under current guidance in the respective branches, Navy commanders are prohibited from considering vaccine status while Coast Guard commanders are not. *Jackson*, 132 F.4th at 793-94.

Accordingly, in accordance with the Fifth Circuit's decision, Plaintiffs properly seek relief enjoining commanders from considering vaccine status in making any personnel decisions and, relatedly, enjoining selection boards from considering vaccine status in making any selection decisions.

**C.    Require fair treatment in board decisions.**

In its May 7, 2025 guidance, the DOD granted important relief to DOD service members through the DOD board process. *See* May 7, 2025 supplemental guidance. For example, the

8

guidance directed the DOD BCMR to "exercise its broad discretion to assess the potential impact on the Service member's career and correct impacted personnel records appropriately." *Id.*

Once again, Coast Guard service members have received no such relief. The Coast Guard BCMR should exercise its broad discretion in assessing the potential impact on Coast Guard service members' careers and providing  appropriate corrections, promotions, and other relief for service members who suffered harms resulting from the vaccine mandate, consistent with the DOD supplemental guidance.

### D.      Declare that the mandate was unlawful as implemented.

The Court can issue a declaratory judgment that the Coast Guard's COVID-19 vaccine mandate was unlawful as implemented. As the Fifth Circuit recognized in this case, Plaintiffs properly allege that such declaratory relief is needed to remediate reputational harm:

> Because the Coast Guard continues to consider the vaccination mandate a "lawful order," the service reputation of those who refused to follow it is tarnished. The Vice Admiral explained, however, based on his experience, this harm could be remedied by a court order declaring the mandate unlawful.

*Jackson*, 132 F.4th at 794. Plaintiffs thus sufficiently allege a need for declaratory relief. *Id.* This also is the law of the case. *Fuhrman*, 442 F.3d at 896.

This declaratory relief is especially important and appropriate given that the DOD has expressly acknowledged that the DOD mandate was "unlawful as implemented" and has apologized to service members who were subject to it (see April 23, 2025 video statement of Secretary Hegseth and May 7, 2025 supplemental guidance), while the DHS and the Coast Guard have not acknowledged any such thing about the Coast Guard mandate and have not apologized.

9

### III.    CONCLUSION

This Court can afford Plaintiffs various relief.[6] The Fifth Circuit held in this case that it is still possible for a court to grant certain effectual relief. This is the law of the case. Similarly situated DOD service members have obtained substantial relief, through the Navy settlement and DOD guidance, but Coast Guard service members have obtained no such relief. They are entitled to pursue the same religious-liberty protections.

---

[6] Even if the government were to voluntarily cease the challenged conduct, the government bears a "formidable burden" to prove that voluntary cessation moots Plaintiffs' claims. *FBI v. Fikre*, 601 U. S. 234, 241 (2024). *See also A. A. R. P. v. Trump*, 605 U.S. —, 2025 WL 1417281, at *4 (2025) (citing *Fikre*).

Dated: May 20, 2025


Respectfully submitted,

/s/ Adam S. Hochschild

Stephen Crampton, *pro hac vice*
THOMAS MORE SOCIETY – Senior Counsel
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

Michael G. McHale, *pro hac vice*
THOMAS MORE SOCIETY – Counsel
10506 Burt Circle, Ste. 110
Omaha, NE 68114
(402)501-8586
mmchale@thomasmoresociety.org

Adam S. Hochschild, *pro hac vice*
Hochschild Law Firm
THOMAS MORE SOCIETY – Special Counsel
PO Box 401
Plainfield, VT 05667
(314)503-0326
adam@hochschildlaw.com

Mary Catherine Martin, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
112 S. Hanley Rd., Second Floor
Clayton, MO 63105
(314)825-5725
mcmartin@thomasmoresociety.org

Paul M. Jonna, *pro hac vice*
LiMandri & Jonna LLP
THOMAS MORE SOCIETY – Special Counsel
P.O. Box 9120
Rancho Santa Fe, CA 92067
(858)759-994
pjonna@limandri.com

Charles W. Fillmore
State Bar # 00785861
H. Dustin Fillmore III
State Bar # 06996010
THE FILLMORE LAW FIRM, L.L.P.
201 Main Street, Suite 700
Fort Worth, TX 76102
(817)332-2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Nathan Loyd, *pro hac vice*
THOMAS MORE SOCIETY – Special Counsel
5101 Old Highway 5, Box 442
Lebanon, GA 30146
(559)744-3664
nathaniel.loyd@thomasmoresociety.org

*Counsel for Plaintiffs*

11