UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

E**RIC** J**ACKSON**, **ET AL**.,

  Plaintiffs,

v.                                                                 No. 4:22-cv-0825-P

A**LEJANDRO** N. M**AYORKAS**, **ET AL**.,

  Defendants.

# ORDER

    On May 12, 2025, the Court received a judgment and mandate from the United States Court of Appeals for the Fifth Circuit reversing the Court's determination that this case had become moot. ECF Nos. 116, 117. The Court, having reviewed its prior opinion, the briefing, and the Fifth Circuit's opinion, was confounded about what additional relief it could grant to Plaintiffs. As a result, the Court ordered Plaintiffs to submit a short brief laying out what relief the Court could potentially afford them on remand. ECF No. 119. Plaintiffs filed that brief on May 20, 2025. ECF No. 122. *Inter alia*, that brief sets out that on appeal Plaintiffs supplemented the record **three** times. *Id.* at 2. The evidence submitted to the Fifth Circuit was **newly** discovered, had not been presented to this Court, and established that may of the assertions made by Defendants—assertions that were relied upon by the Court in making its mootness finding—were incorrect. *Id.* Rather than submit this evidence to the undersigned and give the Court an opportunity to reconsider its ruling through an indicative ruling—which likely would have resulted in a more expeditious remand—Plaintiffs chose to present this evidence only to the Fifth Circuit. As a consequence, the Court was frustratingly reversed, at least in part, based on evidence that was never presented to it. The practice of litigants presenting newly discovered evidence only to the appellate Court ultimately wastes both courts' time and precious judicial resources.

Nevertheless, this case must now proceed in its current posture. The Parties have scheduled mediation with Judge Ray. But should that mediation be unsuccessful, the Court wishes to have a schedule established so that this case may proceed to a prompt resolution given its age. Consequently, the Court **ORDERS** that the Parties meet in person and prepare a joint status report which lays out: (1) what the Parties view as the next steps in this case; (2) whether there is need for additional discovery; (3) whether the Court should enter a regular scheduling order or simply put the Parties on a briefing schedule; and (4) anything else the Parties feel is appropriate for the Court to know or consider. Such joint report shall be filed with the Court **on or before June 11, 2025**.

**SO ORDERED** on this **22nd day of May 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE