UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC JACKSON**, **ALARIC STONE**, and **MICHAEL MARCENELLE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**KRISTI NOEM**, in her official capacity as Secretary of Homeland Security, et al.,[1]<br><br>Defendants. | Case No. 4:22-cv-00825-P |

### UNOPPOSED MOTION TO EXTEND DEADLINE TO CONDUCT MEDIATION

Defendants respectfully request that the Court extend the parties' June 13, 2025 deadline to conduct mediation by thirty days while the parties continue to discuss settlement. Undersigned counsel has conferred with counsel for Plaintiffs, who has indicated that Plaintiffs do not oppose the relief requested herein. As good cause in support of this motion, Defendants represent the following:

1. On May 13, 2025, this Court ordered the parties to conduct mediation by June 13, 2025. *See* Order at 2, ECF No. 119.

2. On May 21, 2025, following a status conference with the parties, Magistrate Judge Ray scheduled mediation for June 10, 2025. *See* Order, ECF No. 120.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kristi Noem, Secretary of the Department of Homeland Security, is substituted as a defendant in her official capacity for her predecessor, Alejandro N. Mayorkas. Pete Hegseth, Secretary of the Department of Defense, is likewise substituted for his predecessor, Lloyd J. Austin, III. Admiral Kevin E. Lunday, Acting Commandant of the United States Coast Guard, is likewise substituted for his predecessor, Linda L. Fagan. Rear Admiral Michael H. Day, Acting Deputy for Personnel Readiness, is likewise substituted for his predecessor, Brian K. Penoyer.

3. On May 22, 2025, this Court ordered the parties to meet in person to prepare a joint status report, to be filed by June 11, 2025, regarding proposed next steps. *See* Order at 2, ECF No. 124.

4. In the meantime, the parties have engaged in ongoing and productive settlement discussions. Defendants are hopeful that the parties can reach settlement without the need for mediation. Independent settlement discussions are preferable to mediation for this case given the complexity of any potential settlement, *see, e.g.*, Pls.' Br. Describing Relief the Court Can Afford Them, ECF No. 122,[2] and the Government's need for internal discussion and high-ranking approval of any ultimate settlement, *see, e.g.*, *In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993) (recognizing that the United States is in a special category when it comes to mediation in part because of the Government's need for centralized decision-making); Fed. R. Civ. P. 16(c), advisory committee's note to 1993 amendment ("Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one [in attendance at the mediation] with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility.").

---

[2] Defendants anticipate filing a response to Plaintiffs' Brief Describing Relief the Court can Afford Them, ECF No. 122, on or before June 10, 2025, *see* Local Rule 7.1(e). Although Defendants are hopeful that the parties can reach settlement, Defendants seek to provide explanation and context for Plaintiffs' supplemental evidence. Indeed, Defendants submit that such explanation may further the parties' settlement discussions.

5. In addition, on June 2, 2025, the Coast Guard issued an ALCOAST[3] implementing Executive Order 14184, *Reinstating Service Members Discharged Under the Military's COVID-19 Vaccination Mandate*, 90 Fed. Reg. 8761 (Feb. 3, 2025). *See* ALCOAST 248/25 (Jun. 2, 2025), https://perma.cc/V9C8-GTCA. This ALCOAST may resolve or narrow some of Plaintiffs' remaining alleged harms, or may at least inform further settlement discussions.

6. Accordingly, to provide additional time for settlement discussions and in the hopes of obviating the need for mediation or at least narrowing the issues in dispute, Defendants request a thirty-day extension of the parties' deadline to conduct mediation. The requested extension would move the parties' deadline from June 13, 2025, to July 14, 2025.

7. Defendants request a concomitant extension of the parties' deadline to prepare a joint status report proposing next steps should mediation be unsuccessful. *See* Order at 2, ECF No. 124. The deadline is currently June 11, 2025. *See id*. Defendants request that the deadline be extended until the day after the parties' forthcoming mediation.

8. Upon undersigned counsel's conferral with Plaintiffs, Plaintiffs indicated that they do not oppose the relief requested herein. Plaintiffs have requested that Defendants include the following statement: "Plaintiffs do not oppose, but are and have been willing to fully comply with the Court's order to mediate by June 13, as previously agreed with Defendants, and to discuss any concerns over settlement terms at the mediation. Plaintiffs are concerned that Defendants are not actually prepared to have a DHS representative at

---

[3] An ALCOAST is a general administrative announcement issued by Coast Guard leadership.

3

the mediation, and that Defendants' attempts to delay will prejudice Plaintiffs. Plaintiffs also went to good-faith lengths to be available for mediation in person on June 10."

Accordingly, Defendants respectfully request that the Court extend the parties' deadline to conduct mediation by thirty days, until July 14, 2025.

|  |  |
|---|---|
| Dated:  June 5, 2025 | Respectfully submitted,<br><br>YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division<br><br>ALEXANDER K. HAAS<br>Director<br>Federal Programs Branch<br><br>JEAN LIN<br>Special Litigation Counsel<br>Federal Programs Branch<br><br>/s/ *Cassandra Snyder*<br>CASSANDRA M. SNYDER<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 451-7729<br>Email: cassandra.m.snyder@usdoj.gov<br><br>*Counsel for Defendants* |